## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2592** |
| | **SECTION L** |
| | **JUDGE ELDON E. FALLON** |
| | **MAGISTRATE JUDGE NORTH** |

**THIS DOCUMENT RELATES TO:**

*Brown, et al. v. Janssen Research & Development, LLC, et al.*
CA# 2:19-cv-14669

## ORDER & REASONS

Before the Court is *pro se* Plaintiff Alice Brown's Motion for Disqualification of District Court Judge, R. Doc. 17827. Defendants filed a response in opposition, R. Doc. 17833. Plaintiff then filed a reply, R. Doc. 17846. After considering the facts of this case and the applicable law, the Court rules accordingly:

### I.      BACKGROUND AND PENDING MOTION

On September 3, 2020, the Court issued an Order denying plaintiffs Lora Orozco, Barbara Brown, and Alice Brown's (collectively, "Plaintiffs") second request for appointment of pro bono counsel since this is a civil case customarily handled by counsel on a contingent fee basis. R. Doc. 17825. The Court explained that the issue was no longer before the Court because it had previously denied Plaintiffs' request for pro bono representation along with reconsideration of this denial. *Id.* at 1. The Court encouraged Plaintiffs to reach out to local law schools and legal clinics for assistance. *Id.* at 1-2. Instead, Alice Brown filed the instant motion on September 4, 2020, requesting that the Court disqualify itself from hearing the above-captioned case. R. Doc. 17827.

Ms. Brown seeks relief under 28 U.S.C. § 455(a), stating that a reasonable person would be able to question this Court's impartiality in the case. *Id.* at 7. Ms. Brown argues that "Judge Eldon Fallon has intentionally made false statements of fact against the Plaintiffs in order to justify his latest actions and orders" and "Judge Eldon Fallon has twice abused his discretion when DENYING appointment of Pro Bono Counsel for Plaintiff Lora Orozco." *Id.* at 6. Ms. Brown specifically takes issue with the Court's alleged "directing" of Defendants to file a motion to dismiss the above-captioned case with prejudice. *Id.* Further, Ms. Brown alleges that one of the Court's latest orders contains a false claim about the evidence "in an attempt to prevent Plaintiffs from complying with the Court's pretrial orders." *Id.* In conclusion, Plaintiffs allege that the Court's "actions and orders shows[sic] bias and partiality toward the Defendants" and "DISQUALIFICATION IS REQUIRED BECAUSE DISTRICT COURT JUDGE ELDON E. FALLON'S IMPARTIALITY MIGHT REASONABLY BE QUESTIONED." *Id.*

Defendants opposed this motion on September 21, 2020, arguing that "Plaintiffs' allegations of partiality and request for recusal here are not based on fact or law, and do not remotely support disqualification." R. Doc. 17833. Defendants contend that the Court's recent Order which alerted Plaintiffs to the possibility of dismissal was firmly supported by the law and "plainly not evidence of bias." *Id.* at 4-5; 17800. Defendants point out that Case Management Order 11's ("CMO 11") expert testimony requirement is fair, especially in view of the fact that Plaintiffs have filed separate lawsuits against other parties alleging various causes of death for decedent Dexter Brown. R. Doc. 17833 at 4. Defendants argue that the Court has given Plaintiffs "every reasonable opportunity" to comply with CMO 11 by providing three time extensions and explaining the consequences of noncompliance. *Id.* at 5.

Defendants also contend that Plaintiffs' "motion is based solely on the Court's rulings and

orders, and therefore lacks a proper legal basis." *Id.* at 6. Defendants argue that Plaintiffs have failed to allege "any 'extrajudicial' fact or opinion" which would constitute grounds for recusal under 28 U.S.C. § 455. *Id.* Defendants also claim that Plaintiffs have not shown that the Court has "deep-seated favoritism or antagonism making fair judgment impossible" pursuant to § 455. *Id.* at 7. Defendants claim that Plaintiffs have not "produced any evidence even suggesting that a reasonable person would harbor doubts concerning the Court's impartiality." *Id.* at 8-9.

Lastly, Defendants allege that Plaintiffs "have a habit of accusing federal judges of misconduct and moving for their disqualification." *Id.* at 9. Defendants present evidence of seventeen additional lawsuits filed by Plaintiffs in five judicial districts and show that Plaintiffs have made accusations of judicial misconduct or bias against six of the presiding judges. *Id.* at 9-12. On September 29, 2020, Plaintiffs filed a reply, arguing that Defendants' opposition memorandum should not be considered because it was untimely filed. R. Doc. 17846. Plaintiffs also accused this Court of "show[ing] bias toward the Defendants." *Id.* at 1. The applicable law and arguments are considered below.

## II.   LAW AND ANALYSIS

28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States of the United States shall disqualify himself in any proceeding in which impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) demands recusal when the judge has a "personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). "Subsection (b)(1) pertains to specific instances of conflicts of interest, while subsection (a) deals with the *appearance* of partiality generally." *Andrade v. Chokjnacki*, 338 F.3d 448, 454 (5th Cir. 2003) (emphasis added). The Supreme Court has held that "it is wrong in theory, though it may not be too far off the mark as a practical matter, to suggest…that 'extrajudicial source' is the *only* basis

for establishing disqualifying bias or prejudice" under § 455. *Liteky v. United States*, 510 U.S. 540, 551 (1994). "As articulated by the Supreme Court, th[e extrajudicial source] rule more or less divides events occurring or opinions expressed in the course of judicial proceedings from those that take place outside of the litigation context and holds that the former rarely require recusal…." *Andrade*, 338 F.3d at 455. When a movant does not allege an extrajudicial bias, the judge's actions must indicate a "deep-seated" or "high degree" of "favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555-56.

The Fifth Circuit requires the movant of a recusal petition under §455(a) and (b)(1) to "(1) demonstrate that the alleged comment, action, or circumstance was of 'extrajudicial' origin, (2) place the offending event into the context of the entire trial, and (3) do so by an 'objective' observer's standard." *Id*. The objective standard requires that "[a] movant proceeding under § 455 'must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality.'" *Maringo v. Dep't of Homeland Sec.*, 351 F. App'x 867, 869 (5th Cir. 2009) (citing *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.,* 690 F.2d 1157, 1165 (5th Cir.1982)). Accusing a judge of judicial misconduct alone does not warrant recusal as it would enable parties "to create the basis for recusal by their own deliberate actions." *United States v. Owens*, 902 F.2d 1154, 1156 (4th Cir. 1990). *See Danmtzler v. Tangipahoa Parish School Dist.*, Civ. A. 05-147, 2005 WL 1501420 at *4 (E.D. La. June 20, 2005) (holding that plaintiff's own complaints of judicial misconduct against a judge would not lead a reasonable person to question a judge's impartiality).

Here, Ms. Brown fails to allege any facts that would lead a reasonable person to question this Court's impartiality. Ms. Brown does not point to any bias or prejudice that stems from an extrajudicial source. Moreover, Plaintiff's filings do not demonstrate "favoritism or antagonism

that would make fair judgment impossible." *Liteky*, 510 U.S. at 555-56. Finally, the Court's recent Order, which gave Plaintiffs until September 4, 2020 to comply with CMO 11 and stated that Defendants may file a motion to dismiss the case only after this deadline passes, does not meet the objective person standard. R. Doc. 17800 at 9; 17629. In fact, the Court has urged Plaintiffs to seek representation on multiple occasions so they could *avoid* dismissal of their case. *Id.*; 17825. A reasonable person would not question this Court's impartiality based on those facts. Because Ms. Brown does not allege sufficient facts to meet the § 455 standard, this Court will not recuse itself pursuant to § 455.

## III.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Disqualify District Court Judge, R. Doc. 17827, is **DENIED**.

New Orleans, Louisiana, this 2nd day of October 2020.

_____
UNITED STATES DISTRICT COURT JUDGE

CC:   Lora Orozco
      P.O. Box 1262
      Fort Jones, CA 96032

      Barbara Brown
      PO Box 5408
      Sugarloaf, CA 92386

      Alice Brown
      PO Box 60
      Crescent City, CA 95531