UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : | MDL No. 2592 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |
| THIS DOCUMENT RELATES TO: | | |
| *Lois Carr*, No. 2:19-cv-12994 | | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER 11**

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development LLC, Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants") respectfully request that the Court dismiss this action with prejudice for failure to comply with Case Management Order ("CMO") 11. This case is over a year old. While Plaintiff alleges that she was prescribed Xarelto to prevent blood clots following hip replacement surgery, she has yet to produce the medical records of the prescriber, her orthopedic surgeon, and the hospital admission for the hip surgery. The limited medical records she has produced show that she stopped taking Xarelto at least three days before her "presumed" gastrointestinal ("GI") bleed because she was scared after seeing lawyer advertising. She, however, continue taking her NSAID medication which carries a high risk of GI bleeding.

Plaintiff has received at least seven extensions over the course of the prior ten months in order to cure her violations of CMO 11. She was advised at the August 17, 2020 Show Cause Hearing in this matter that failure to produce the documents required by CMO 11 by September 17, 2020 could subject her case to dismissal with prejudice. *See* Rec. Doc. 17087. Even still,

Plaintiff has failed to provide all the records and information required by CMO 11. The case is therefore ripe for dismissal with prejudice.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

This products liability case was filed on September 12, 2019.

This Court entered CMO 11 on March 25, 2019. *See* Rec. Doc. 12902. CMO 11 includes, *inter alia*, obligations for plaintiffs who chose not to participate in the Xarelto settlement program or are not eligible to participate in the Xarelto settlement program. Plaintiff is not eligible to participate in the Xarelto settlement program because her case was filed on September 12, 2019. She therefore must comply with all of the requirements of the CMO 11. Pursuant to CMO 11, Plaintiff is required to, *inter alia*:

1. Serve a fully complete and verified Short Form Plaintiff Fact Sheet ("Short Form PFS") and the documents and records required by the Short Form PFS. *See* CMO 11 Section I(B)(i).

2. Serve a fully complete and verified Plaintiff Profile and Consent Form ("PPCF") and the documents and records required by the PPCF. *See id.*

3. Serve a Preservation Notice Statement that includes (a) a statement representing that all required healthcare providers set forth in CMO 11 Section II(A) received a document preservation notice; (b) a list of all healthcare providers, including names and addresses, who received the document preservation notice; and (3) a copy of all preservation notices sent. *See* CMO 11 Section II.

4. Serve a case-specific Rule 26(a)(2) report from a licensed physician qualified to render a specific causation opinion and who offers a specific causation opinion to a reasonable degree of medical probability that the plaintiff's alleged event was caused by taking Xarelto as directed, and produce all medical records contemporaneous to the prescription and use of Xarelto and treatment of any claimed Xarelto-related injury relied on by the expert. *See id.* Section I.

5. Produce all medical records required by CMO 11. *See* CMO 11.

6. Serve an Affidavit of Compliance signed by the plaintiff attesting to compliance with all of the discovery requirements in CMO 11. *See* CMO 11 Section III.

CMO 11 also advises Plaintiff that failure to comply with its terms could subject her case to dismissal with prejudice.  *See id.* Section II, C.

Plaintiff has not complied with CMO 11 because she has failed to do the following:

1. Did not produce medical records from the physician who prescribed Xarelto to Plaintiff and that encompass the dates of Xarelto use, as required by the PPCF.

2. Did not produce the medical records for the hospital admission for the hip replacement surgery which led to the need for Xarelto, as required by the PPCF.

3. Did not produce medical records from Dr. Billy Salser, a physician Plaintiff identified as treating her in the previous 12 years, as required by the Short Form PFS.

4. Did not produce all medical records from Dr. Stephen Gould, a surgeon Plaintiff identified as treating her in the previous 12 years, as required by the Short Form PFS.  This is presumably the doctor who performed the hip replacement surgery which led to the need for Xarelto.

5. Did not produce records to support her claim for medical expenses or her claim for other expenses, as required by the Short Form PFS.

6. Did not answer all of the questions in the Short Form PFS, including the information regarding prior medications she has taken as required in Section III, H.

7. Did not provide a Preservation Notice Statement confirming that a Preservation Notice was sent to the hospital at the Highland University of Alabama at Birmingham Hospital, where Plaintiff says she was prescribed Xarelto, had her underlying hip replacement surgery, and was treated for her alleged bleeding event.

8. Did not provide an Affidavit of Compliance signed by the Plaintiff stating that (a) all records have been collected from all pharmacies that dispensed medications to the Plaintiff within the past 12 years and all of these records have been produced to the Defendants; and (b) the expert report and all medical records required by CMO 11 have been produced to Defendants.

9. Although Plaintiff produced an untimely report from an apparent expert witness, the report did not comply with CMO 11 and Rule 26(a)(2) of the Federal Rules of Civil Procedure because it did not include:

    a. Identification of the medical records contemporaneous to the prescription and use of Xarelto and Plaintiff's claimed bleeding event that Plaintiff's expert reviewed and relied on in forming his opinions.

    b. The expert's curriculum vitae and/or other documentation prepared by expert that lists the expert's qualifications, including a list of all

      publications authored in the previous 10 years and a list of all of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition.

  c. The expert's compensation schedule.

  Plaintiff has received at least seven extensions to provide these documents and information over the course of the prior ten months.  CMO 11 required her to produce the records from her prescribing physician, the records from primary care physician Dr. Salser, the records from surgeon Dr. Gould, the hospital records from her hip replacement surgery, all records to support her claims for medical and other expenses, and verified answers to all questions in the Short Form PFS no later than December 2, 2019.  However, Plaintiff failed to provide any documents or records by that first deadline.  Defendant's counsel therefore sent Plaintiff's counsel an overdue notice on December 11, 2019 and asked that the Short Form PFS, PPCF, and all documents and records required by those forms be produced within 30 days—i.e., by January 11, 2020.  Plaintiff failed to produce the records from the prescribing physician and the other records and information identified above by this extended deadline.  Defendants' counsel sent Plaintiff's counsel correspondence again on January 27, 2020 to reiterate the outstanding items and to advise that if Plaintiff failed to produce the records, Defendants would seek dismissal of the case with prejudice. But Plaintiff still failed to produce the records.  Defendants' counsel sent correspondence on February 26, 2020 and March 27, 2020 again identifying the outstanding records and information and asking for their prompt production.  Months passed but Plaintiff still failed to produce them. Defendants therefore filed a Motion for Order to Show Cause on June 24, 2020 and sought dismissal of Plaintiff's case with prejudice for failure to comply with CMO 11.  *See* Rec. Doc. 17729.

  The Court set the first Show Cause Hearing in this case for July 16, 2020.  *See* Rec. Doc. 17740.  In another effort to meet and confer, Defendants' counsel sent correspondence to Plaintiff's

4

counsel on July 10, 2020 requesting prompt production of the outstanding documents and information, including records from the prescribing physician. During a meet and confer call on July 14, 2020, Plaintiff's counsel asked for another 30-day extension to produce the outstanding records and information. Plaintiff's counsel also agreed to investigate the status of the outstanding prescriber records and provide Defendants' counsel with an update.

Based on the representation that the status of the prescriber records were being investigated and that Plaintiff was working to produce the other information, Defendants' counsel agreed to seek a 30-day continuance of the Show Cause Hearing. The Court also agreed to continue the July 16, 2020 hearing to August 17, 2020 to give Plaintiff additional time to comply with CMO 11. *See* R. Doc. 17776. But Plaintiff again failed to produce the outstanding records and information in advance of the August 17th hearing and failed to provide any updates on the status of the prescriber records in the interim. Plaintiff's counsel also failed to respond to correspondence from Defendants' counsel sent on August 11, 2020 and August 13, 2020 which asked specifically about the status of records from the prescribing physician.

During the August 17, 2020 Show Cause Hearing, Plaintiff's counsel advised that the outstanding records had been ordered and would be produced in short order. The Court therefore granted Plaintiffs an additional 30 day extension, until September 17, 2020, to provide all of the outstanding records, including the records from the prescribing physician. *See* Rec. Doc. 17087. The Court also advised Plaintiff that "[i]f the CMO 11 requirements are not completed in this timeframe, the case will be subject to dismissal with prejudice." *Id.*

Plaintiff once again failed to produce all of the required information by September 17, 2020, and in particular, failed to produce records from the prescribing physician. In fact, on September 22, 2020, Plaintiff's counsel advised that they had not investigated the status of the

5

prescriber records and asked for additional time to produce them. During a follow-up call held on September 25, 2020, Plaintiff's counsel advised that they had only recently (over a year after suit was filed) requested the records from the prescribing physician and asked for one more week—until October 2, 2020—to produce them. But Plaintiff missed this deadline as well, her seventh extended deadline.

Plaintiff has similarly received multiple extensions to produce the Preservation Notice Statement and Affidavit of Compliance required by CMO 11. The Preservation Notice Statement was first due on December 11, 2019. More than ten months later, and after the same types of extensions described above, Plaintiff still has not provided a Statement demonstrating that she sent a Preservation Notice to the Highland University of Alabama at Birmingham Hospital, where Plaintiff was prescribed Xarelto, had her underlying hip replacement surgery, and was treated for her alleged bleeding event. The Affidavit of Compliance was initially due on December 17, 2019. Ten months later, and after the same types of extensions already addressed, Plaintiff still has not produced an Affidavit of Compliance signed by her.

Plaintiff has likewise failed to comply with all of CMO 11's requirements regarding the production of a Rule 26(a)(2) specific causation expert report. Under CMO 11, this report and the accompanying documents and information were originally due on February 17, 2020. More than eight months later, and after multiple extensions, Plaintiff still has not provided all the information required by CMO 11 and Rule 26(a)(2), as outlined above.

In sum, more than ten months after her original deadline and after at least seven extensions, Plaintiff still has not provided critical records necessary to prove her claims and for Defendants to defend against her claims, including records from the physician who allegedly prescribed Xarelto to her.

**ARGUMENT**

Dismissal with prejudice for failure to comply with MDL case management orders like CMO 11 has long been held to be appropriate. *See, e.g.*, *In re Vioxx Prods. Liab. Litig.*, 557 F. Supp. 2d 741, 743-44 (E.D. La. 2008), *aff'd*, 388 F. App'x 391, 397 (5th Cir. 2010). Recently, in upholding the dismissal of plaintiffs who failed to comply with the MDL court's orders in *In re Taxotere (Docetaxel) Products Liability Litigation*, 966 F.3d 351 (5th Cir. 2020), the Fifth Circuit observed, "[w]e have explained that the complexity of managing an MDL necessitates a standard that gives district courts greater flexibility to dismiss a Plaintiff for a discovery violation." *Id.* at 358 (*citing In re Deepwater Horizon (Berrera)*, 907 F.3d 232, 235 (5th Cir. 2018) (per curiam) ("There is a special deference required in the context of an MDL")); *see also* 966 F.3d at 359 (*citing In re Asbestos Prods. Liab. Litig. (No. IV)*, 718 F.3d 236, 248 (3d Cir. 2013); *In re Fannie Mae Sec. Litig.*, 552 F.3d 814, 822 (D.C. Cir. 2009)).

In affirming the dismissals in *In re Taxotere*, the Fifth Circuit applied "the *Deepwater Horizon* two-factor test [that] helps animate the goals of strict enforcement and efficient management by making it easier for district courts to dismiss non-complying Plaintiffs in MDLs." *Id.* at 359; *see Berrera*, 907 F.3d at 34; *In re Deepwater Horizon (Park Nat'l Corp.)*, 805 F. App'x 262, 265 (5th Cir. 2020) (per curiam).[1] The two factors identified in *Deepwater Horizon* are (1) whether there is "a clear record of delay or contumacious conduct by the plaintiff" and (2) whether "lesser sanctions" would serve "the best interests of justice." *Id.* at 358. Here, both factors warrant dismissal of Plaintiffs' claims with prejudice.

---

[1] The *Deep Water Horizon* test was articulated in earlier cases from the Fifth Circuit. *Taxotere*, 966 F.3d at 358 (*citing Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (per curiam); *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) ("Several of our recent decisions stemming from the Deepwater Horizon MDL have clarified the two-factor test articulated in *Rogers* applies to a district court's dismissal with prejudice in the unique context of an MDL.").

The first factor weighs in favor of dismissal because there is a well-developed record of delay. As detailed above, Plaintiff has received at least seven extensions over the course of ten months and still has not come into compliance with CMO 11, and most notably, has not produced the records from her prescribing physician, her surgeon, and hospital records for the hip replacement surgery, basic medical records needed for the prosecution and the defense of a claim like this. In *In re Taxotere*, the Fifth Circuit upheld dismissal of a case after plaintiffs had a five-month delay in complying with the MDL court's orders. *Taxotere,* 966 F.3d at 360 (citing *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig*. 496 F.3d 863, 867 (8th Cir. 2007) (*quoting In re PPA Prods. Liab. Litig*., 460 F.3d at 1229)) ("Though a delay of five months might be 'insignificant' in some contexts, 'administering cases in multidistrict litigation is different from administering cases on a routine docket.'"). Dismissals by MDL courts on similar delays have been upheld, including by the Fifth Circuit. *Barrera*, 907 F.3d at 234 (finding delay where Plaintiffs failed to submit wet-ink signatures for several months after deadline); *Park Nat'l Corp*., 805 F. App'x at 265 (finding clear record of delay where plaintiffs were non-compliant for two months); *see also, e.g.*, *Dzik v. Bayer Corp.*, 846 F.3d 211, 216 (7th Cir. 2017) (affirming MDL court's dismissal for failure to comply with discovery order in YAZ/Yasmin MDL); *In re Avandia Marketing, Sales Practices & Prods. Liab. Litig.*, 687 F. App'x 210 (3d Cir. 2017) (affirming MDL court's dismissal for failure to comply with an order in Avandia MDL requiring future plaintiffs to provide an expert report); *Freeman v. Wyeth*, 764 F.3d 806, 809–10 (8th Cir. 2014) (affirming MDL court's dismissal of claims for failure to provide medical authorizations in hormone therapy MDL); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866–68 (8th Cir. 2007) (affirming MDL court's dismissal of claims for failure to comply with discovery orders in implantable defibrillators MDL). Plaintiff's ten-month delay here is more than twice as

long as the delay of the plaintiffs in *In re Taxotere*, and the first *Deep Water Horizon* factor clearly is satisfied.

The second factor also is satisfied because no lesser sanction would achieve the ends of justice. *See Berrera*, 907 F.3d at 236. Plaintiff has received at least seven extensions over the course of ten months but still has not complied with CMO 11 and still has not produced records from her prescribing physician. "Providing Plaintiff with a second or third chance" is itself "a lenient sanction, which when met with further default, may justify the ultimate sanction of dismissal with prejudice." *Taxotere*, 966 F.3d at 260 (citing *Callip v. Harris Cty. Child Welfare Dept.*, 757 F.2d 1513, 1521 (5th Cir. 1989) (per curiam). That ultimate sanction is warranted here because Plaintiff has already had ample opportunity to comply and has failed to do so.

In addition, records from the surgeon, the hip replacement surgery, and the prescribing physician that demonstrate how and why Xarelto was prescribed are of critical importance in this case. Plaintiff cannot prove her claims without these records. Plaintiff's failure to provide these records also has deprived Defendants of their ability to defend the case, and in particular, to prepare a learned intermediary defense.

The case cannot move forward and be prepared for trial without the basic and key discovery that Plaintiff has repeatedly failed to produce. When, as here, due process is afforded and Plaintiff continues to fail to comply with the Court's Orders, the case must be dismissed with prejudice.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: */s/Andrew Solow*
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@faegredrinker.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile: (504) 310-2120
    kmoore@irwinllc.com

    *Defendants' Co-Liaison Counsel*


**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*


## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on October 15, 2020, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17. A copy of this filing will also be sent by electronic mail to Plaintiff's counsel.

    */s/ Kim E. Moore*
    **Kim E. Moore**