UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : | MDL No. 2592 |
| THIS DOCUMENT RELATES TO: | : : : | SECTION L |
| *Lois Carr*, No. 2:19-cv-12994 | : : : | JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

**SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT
OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY
WITH CASE MANAGEMENT ORDER 11**

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development LLC, Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants") respectfully submit this Supplemental Memorandum in Further Support of their Motion to Dismiss for Failure to Comply with Case Management Order ("CMO") 11. Defendants provide this Supplemental Memorandum to update the Court regarding the status of Plaintiff's failure to fully comply with CMO 11 and explain why Plaintiff's untimely and sporadic attempts to comply with this Court's Orders are not sufficient for the case to survive Defendants' Motion to Dismiss.

**SUPPLEMENTAL STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On October 15, 2020, Defendants filed their Motion to Dismiss Plaintiff's case with prejudice for failure to comply with CMO 11. *See* Rec. Doc. 17883, 17883-1 ("Defendants' Motion"). As of that date, Plaintiff had received at least seven extensions over the course of more than ten months to comply with CMO 11, but still had not produced twelve categories of required records and information. *See* Rec. Doc. 17883-1 at 3–6. Approximately two weeks after

Defendants filed their Motion to Dismiss, Plaintiff produced three categories of documents and information required by CMO 11:

1. Medical records from the physician who prescribed Xarelto to Plaintiff and that encompass the dates of Xarelto use;

2. Medical records for the hospital admission for the hip replacement surgery which led to the need for Xarelto; and

3. The curriculum vitae of Plaintiff's apparent expert witness, which included a list of the expert's publications.

Plaintiff still has not, however, provided documents and information from the remaining nine categories outlined in Defendants' Motion. *See* Rec. Doc. 17883-1 at 3–4. The documents and information required by CMO 11 that Plaintiff still has not produced include:

1. Medical records from Dr. Billy Salser, Plaintiff's primary care physician.

2. Medical records from the office of Dr. Stephen Gould, the orthopedic surgeon who performed Plaintiff's hip replacement surgery and who, according to Plaintiff, also performed other surgery on her in the previous 12 years.

3. Records to support Plaintiff's claim for medical expenses and her claim for "other expenses."

4. Verified answers to all of the questions in the Short Form PFS, including the information regarding prior medications Plaintiff has taken, as required by Section III, H.

5. A Preservation Notice Statement confirming that a Preservation Notice was sent to Highland University of Alabama at Birmingham Hospital, where Plaintiff says she was prescribed Xarelto, had her underlying hip replacement surgery, and was treated for her alleged bleeding event.

6. An Affidavit of Compliance signed by the Plaintiff stating that (a) all records have been collected from all pharmacies that dispensed medications to Plaintiff within the past 12 years and all of these records have been produced to the Defendants; and (b) the expert report and all medical records required by CMO 11 have been produced to Defendants.

7. Plaintiff has also failed to produce the following in connection with the untimely report she provided from her apparent expert witness:

a. Identification of the medical records contemporaneous to the prescription and use of Xarelto and Plaintiff's claimed bleeding event that Plaintiff's expert reviewed and relied on in forming his opinions;

b. The list of all other cases in which the expert has testified as an expert at trial or by deposition; and

c. The expert's compensation schedule.

The records from primary care physician Dr. Salser, the records from surgeon Dr. Gould, records to support Plaintiff's claims for medical and other expenses, and verified answers to all questions in the Short Form PFS were originally due on December 2, 2019. The outstanding Preservation Notice Statement and Affidavit of Compliance were due on December 11, 2019 and December 17, 2019, respectively. The outstanding records and information regarding Plaintiff's apparent expert witness were originally due on February 17, 2020. Defendants' Motion outlined the seven extensions Plaintiff received between December 2, 2019 and October 15, 2020 to produce all of these outstanding records and information. *See* Rec. Doc. 17883-1 at 4–6. And once again, Plaintiff has failed to produce these documents and information as required by CMO 11.

## SUPPLEMENTAL ARGUMENT

The two-factor test elucidated in *In re Deepwater Horizon (Berrera)*, 907 F.3d 232, 235 (5th Cir. 2018) (per curiam), and applied in *In re Taxotere (Docetaxel) Products Liability Litigation*, 966 F.3d 351 (5th Cir. 2020), still compels dismissal of Plaintiff's case with prejudice. The two factors are: (1) whether there is "a clear record of delay or contumacious conduct by the plaintiff" and (2) whether "lesser sanctions" would serve "the best interests of justice." *Taxotere*, 966 F.3d at 358.

The well-developed record of Plaintiff's delay still stands. As detailed in Defendants' Motion and above, Plaintiff has received multiple extensions since December 2019 to fully comply

3

with CMO 11 and has repeatedly failed to do so. *See* Rec. Doc. 17883-1 at 4–6. The recent production of records from Plaintiff's prescribing physician and hospital admission for the hip replacement surgery do not change that outcome. Plaintiff still has not provided some of the basic records necessary to prosecute her claims, including records from the surgeon who performed the total hip replacement surgery that lead to her Xarelto prescription and records to support her claims for medical and other expenses. The Fifth Circuit and other circuits have upheld the dismissal of cases after even shorter delays than the now eleven-month delay present here. *See, e.g.*, *In re Deepwater Horizon (Park Nat'l Corp.)*, 805 F. App'x 262, 265 (5th Cir. 2020) (per curiam) (finding clear record of delay where plaintiffs were non-compliant for two months); *Taxotere*, 966 F.3d at 360 (affirming dismissal after five-month delay in complying with court's orders); *Barrera*, 907 F.3d at 234 (finding delay after where Plaintiffs failed to submit wet-ink signatures for several months after deadline).

The *Deepwater Horizon* second factor also remains satisfied. Indeed, if anything, the passage of time here only confirms that no lesser sanction would achieve the ends of justice. *See Berrera*, 907 F.3d at 236. As the *In re Taxotere* court explained, "a second or third chance" is itself "a lenient sanction," and if those are "met with further default, may justify the ultimate sanction of dismissal with prejudice." 966 F.3d at 260 (citing *Callip v. Harris Cty. Child Welfare Dept.*, 757 F.2d 1513, 1521 (5th Cir. 1989) (per curiam)). The ultimate sanction of dismissal with prejudice is warranted here because Plaintiff's repeated chances to comply with CMO 11 have been met with further default.

As Defendants explained in their Motion to Dismiss, the case cannot move forward and be tried without the basic and key discovery that Plaintiff has repeatedly failed to produce. When, as

4

here, due process is afforded and Plaintiff repeatedly fails to comply with the Court's Orders, the case should be dismissed with prejudice.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: */s/Andrew Solow*
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@faegredrinker.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile: (504) 310-2120
    kmoore@irwinllc.com

*Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

*Defendants' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 11, 2020, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17. A copy of this filing will also be sent by electronic mail to Plaintiff's counsel.

    */s/ Kim E. Moore*
    **Kim E. Moore**