UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUSIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) )MDL No.: 2592 ) ) SECTION L |
| THIS DOCUMENT RELATES TO: LOIS CARR,NO. 2;19-CV-12994 | ) )JUDGE ELDON E. FALLON )MAGISTRATE JUDGE NORTH ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO RESPOND TO THE DEFENDANT'S MOTION TO DISISS**

The Plaintiff, Lois Carr, respectfully submits this Memorandun in Support of her Motion for Leave to Respond to the Defendant's Motion to Dismiss.

The Defendants filed a Motion to Dismiss on Plaintiff's Case with prejudice on October 15, 2020. See Rec. Doc. 17883, 17883-1. The Defendants also filed a Notice of Submission for hearing on the 4th day of November at 9:00 AM.

The Plaintiff's attorneys inadvertently believed that the matter would be set for oral hearing on November 4, 2020 at 9:00 AM and upon contacting this Honorable Court, Plaintiff's Counsel was advised that there was not a hearing set and that the ruling would be based on submissions only.

Further, both attorneys for the Plaintiff had medical issues during that period. Lead Counsel, LaShunta White-Boler's son was

hospitalized and she was also in the process of prepping for major surgery. Co-Counsel, Monica Austin-Hatcher, was unknowingly experiencing a bladder infection and digestive issues while suffering from a severe stomach pain which she initially believed to be a strain. However, after a period of self-diagnosis and the pain increasing, she sought medical attention and was advised of the infection as well as other digestive issues.

Due to both attorneys having complications, research regarding submissions was inadvertently neglected.

The Attorneys for the Plaintiff are new to the Multi District Litigation process. Due to the pressure of both dealing with illnesses and pain, still trying to maintain their individual caseloads, and trying to do everything possible to comply with Case Management Order 11, the attorney's inadvertently failed to research the time period prescribed to file a responsive pleading and inadvertently believed this matter was set for hearing on November 4, 2020 and were preparing to make oral arguments on that date.

Pursuant to Federal Rules of Civil Procedure 6(b), the Plaintiff moves this Court for leave to file her Response to the Defendant's Motion to Dismiss beyond the due date on the basis of excusable neglect.

"The Determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant

2

circumstances surrounding the party's omission." **Chorosevic v. Metlife Choices**, 600 F. 3d 934 (8th Cir. 2010) (quoting **Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership**, 207 U.S.380, 395 (1993)). "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate…late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. **Id.** (quoting **Pioneer**)

The Plaintiff's failure to file a responsive pleading was not a result of bad faith but an inadvertent oversight and the belief that the November 4, 2020 date provided for the hearing was an actual hearing date. Counsel for the Plaintiff have been diligently attempting to comply with CMO 11 and have been doing so since this case was transferred to the MDL. Plaintiff's Counsel planned to attend the hearing on November 4, 2020 and contacted this Honorable Court for information regarding the hearing. It was then that the Attorney's learned a responsive pleading was due and that this Honorable Court had not set the matter for hearing.

In making a determination to grant the Plaintiff's Motion for leave, the Court considers a number of factors. In **Chorosevic**, the Court noted the following four factors:

(1). The possibility of prejudice to the non-moving party; (2) the length of the delay and its potential impact on the proceedings;

3

(3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the party acted in good faith.

There is no demonstrable prejudice to the Defendants on account of the request for leave. This Honorable Court has not ruled on the Defendants' Motion to Dismiss and the Attorney's for the Plaintiff merely seek the Court's consideration as to why she has not been able to comply with the CMO 11.

The Plaintiff's attorneys were mistaken in that they believed they could offer oral arguments on November 4, 2020 as to why the Plaintiff's case should not be dismissed. Once they realized the mistake, they began preparing the pleading and filed said pleading in the MDL portal with courtesy copies to all entitled to notice of the filing.

There is no demonstration that the Counsel for the Plaintiff acted in anything other than good faith.

Balancing the equities, the Plaintiff respectfully prays this Honorable Court grant her leave to file her Response as set forth as Exhibit "A". The Plaintiff moves this Honorable Court for such other terms and conditions as this Honorable Court deems reasonable and equitable under the circumstances.

Respectfully Submitted,

/s/ LaShunta White-Boler
LaShunta White-Boler
/s/Monica Austin-Hatcher
Monica Austin-Hatcher
Attorneys for Plaintiff

**OF COUNSEL**
Boler, LLC
2202 2nd Avenue North
Birmingham, AL 35203
205-516-9075 Office

**OF COUNSEL**
Hatcher Law Office, LLC
1301 Center Point Parkway
Suite 109
Birmingham, AL 25215
205-458-9989 Office

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of November, 2020 a true copy of the foregoing Plaintiff's Motion for Leave to Respond to the Defendant's Motion to Dismiss and Memorandum in Support of said Motion was served electronically through the Court's Filing System at the email address below:

Chanda Miller, Esquire
Attorney for the Defendant
Chanda.miller@faegredrinker.com

Joan Goddard, Esquire
Attorney for the Defendant
Joan.Goddard@arnoldporter.com

Maegan McCollum, Esquire
Attorney for the Defendant
mmccollum@bradley.com

5

Andrew K. Solow, Esq.
Attorney for the Defendant
Andrew.solow@arnoldporter.com
Susan M. Sharko, Esq.
Attorney for the Defendant
Susan.sharko.@faegredrinker.com

Kim E. Moore, Esq.
Defendant's Co-Liaison Counsel
kmoore@irwinllc.com

John F. Olinde, Esq.
Defendant's Co-Liaison Counsel
olinde@chaffe.com

**/s/LaShunta White-Boler**
     **OF COUNSEL**