**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUSIANA**

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) | ) |
| PRODUCTS LIABILITY LITIGATION | ) MDL No.: 2592 |
| | ) |
| | ) SECTION L |
| THIS DOCUMENT RELATES TO: | ) |
| LOIS CARR, NO. 2;19-CV-12994 | ) JUDGE ELDON E. FALLON |
| | ) MAGISTRATE JUDGE NORTH |
| | ) |

**PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION TO DISISS AND SUPPLEMENTAL MEMORANDUM TO MOTION TO DISMISS**

**COMES NOW** the Plaintiff, by and through the undersigned attorneys, and for Response to the Defendant's Motion to Dismiss, states as follows:

The Plaintiff avers the Defendants have mischaracterized many of the facts contained in their pleading. The Plaintiff has been diligently trying to obtain all of the outstanding documents required in order to be compliant with Case Management Order 11 ("CMO 11"). However, due to circumstances beyond the Plaintiff's control, obtaining some of the documents has taken longer than anticipated.

The Plaintiff admits that the medical records from Doctors Billy Salser and Stephen Gould have not been produced. The Plaintiff requested those medical records in June of 2020 and has diligently been trying to retrieve the records from the custodian

of records.  Plaintiff has been unsuccessful, but Plaintiff is putting forth her best effort to retrieve the records.  COVID – 19 has affected the way offices operate. Medical offices have been closed and staff has worked from home were they lacked access to records and other items.  This in turn has led to a backlog of request and even lost request. Counsel for the Plaintiff has made multiple attempts. The Defendant has only been privy to the results of the successful attempts.

The Defendant also states that the Plaintiff has failed to produce evidence that the University of Alabama Highlands has not received the required Preservation Notice.  The Plaintiff has recognized its oversight and has produced the required document to the Defendant.  The records for the past 12 years from UAB Highlands have been produced to the Defendants.  The records clearly included the prescription for Xarelto, the harm caused to the Plaintiff following use, and the change in symptoms and effect once she stopped using their product.  The records are such that the Defendants can procure information they deem necessary for their defense.

There are also outstanding documents needed to be produced directly from the Plaintiff.  Counsel for the Plaintiff advised Counsel for the Defendant that the Plaintiff was experiencing some personal challenges and that Counsel would have those deficiencies addressed. However, both Counsel for the Plaintiff were unable to

2

meet with the Plaintiff due to one Counselor being in the hospital and the other having to go to the urgent care center, both events outside the control of the Plaintiff. Both counselors are solo practitioners.

The final deficiency regards the expert witness report. At the Show Cause hearing in this matter, the Plaintiff advised this Honorable Court that she had difficulty reaching her original expert witness and that only recently, she had obtained different expert opinion. This Honorable Court gave the Plaintiff additional time to obtain the expert's opinion and submit the report. Due to the Expert Witness's schedule and the Plaintiff's urgency in obtaining the report, the Expert prepared a simplified version of his report. The Plaintiff also advised Counsel for the Defendant that the Plaintiff has requested the Expert correct these deficiencies to comply with the Federal Rule.

The Plaintiff respects this Honorable Court's Orders and has been trying to get all of the information necessary to be in compliance with CMO 11. Plaintiff acknowledges the Defendant has attempted to work with the Plaintiff in her attempts at obtaining the information. Plaintiff requests one final extension to obtain the documents required by this Honorable Court's CMO 11.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays this Honorable Court set this matter for a hearing and Deny the Defendant's Motion to Dismiss the Plaintiff's Complaint.

3

Respectfully Submitted,

/s/ LaShunta White-Boler
LaShunta White-Boler
/s/Monica Austin-Hatcher
Monica Austin-Hatcher
Attorneys for Plaintiff

| | |
|---|---|
| **OF COUNSEL** | **OF COUNSEL** |
| Boler, LLC | Hatcher Law Office, LLC |
| 2202 2nd Avenue North | 1301 Center Point Parkway |
| Birmingham, AL 35203 | Suite 109 |
| 205-516-9075 Office | Birmingham, AL 25215 |
| | 205-458-9989 Office |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of November 2020 a true copy of the foregoing Plaintiff's Response to the Defendants' Motion to Dismiss was served electronically through the Court's Filing System at the email address below:

Chanda Miller, Esquire
Attorney for the Defendant
Chanda.miller@faegredrinker.com

Joan Goddard, Esquire
Attorney for the Defendant
Joan.Goddard@arnoldporter.com

Maegan McCollum, Esquire
Attorney for the Defendant
mmccollum@bradley.com

Andrew K. Solow, Esq.

4

Attorney for the Defendant
Andrew.solow@arnoldporter.com
Susan M. Sharko, Esq.
Attorney for the Defendant
Susan.sharko.@faegredrinker.com

Kim E. Moore, Esq.
Defendant's Co-Liaison Counsel
kmoore@irwinllc.com

John F. Olinde, Esq.
Defendant's Co-Liaison Counsel
olinde@chaffe.com


                                    **/s/LaShunta White-Boler**
                                              **OF COUNSEL**