UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF
LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| THIS DOCUMENT RELATES TO: | SECTION L (5) |
| *Lois Carr*, No. 2:19-cv-12994 | |

## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss for Failure to Comply with Case Management Order 11 ("CMO 11"), R. Doc. 17883. Plaintiff has not filed a response.

### I.   BACKGROUND

On March 25, 2019, this Court entered CMO 11, which dictates obligations for plaintiffs who are not participants in the Xarelto settlement program. R. Doc. 12902. Plaintiff Lois Carr filed a complaint on September 12, 2019 alleging that she suffered internal bleeding as the result of Xarelto, which she was prescribed to prevent blood clots after hip replacement surgery. R. Doc. 1. Plaintiff is not eligible to participate in the settlement program due to the date of filing. Accordingly, Plaintiff must comply with the requirements of CMO 11.

CMO 11 mandates that Plaintiff serve a verified, complete Short Plaintiff Fact Sheet ("Short Form PFS") and Plaintiff Profile and Consent Form ("PPCF") with all required documents and records by certain deadlines. *Id*. at 2. Particularly relevant to this motion, Plaintiff had to produce verified records from her primary care physician, prescribing physician, surgeon, and the hospital where her hip replacement surgery occurred by December 2, 2019. *Id.* Plaintiff also had to submit a Preservation Notice and Affidavit of Compliance by December 11, 2019 and December

17, 2019, respectively. *Id*. at 3, 5. Lastly, Plaintiff was required to produce a case-specific Rule 26(a)(2) expert report and accompanying documents by February 17, 2020. *Id*. at 2.

Plaintiff did not provide any documents by the first deadline. Defendants' counsel then provided Plaintiff with a 30-day extension on December 11, 2019. Subsequently, Plaintiff repeatedly failed to produce all the relevant records or to cure deficiencies in the untimely Short Form PFS and PPCF. After months of correspondence requesting production of the identified records and information, Defendants filed a Motion for Order to Show Cause. R. Doc. 17729.[1] On August 17, 2020 a Show Cause Hearing was held, after which Plaintiff was given an additional 30-day extension to provide the outstanding records. *See* R. Doc. 17807. Notably, the Court advised Plaintiff that "[i]f the CMO 11 requirements are not completed in this timeframe, the case will be subject to dismissal with prejudice." *Id.* In total, Plaintiff was allowed seven extensions to provide the missing information. R. Doc. 17883-1 at 4.

On October 15, 2020, Defendants filed a Motion to Dismiss Plaintiff's case with prejudice for failure to comply with CMO 11. R. Doc. 17883. Defendants later filed a supplemental memorandum updating the Court on the status of Plaintiff's compliance. R. Doc. 17900. Approximately two weeks after Defendants filed the instant motion, Plaintiff produced the following documents: 1) medical records from the prescribing physician; 2) medical records for hospital admission that led to her need for Xarelto; and 3) the curriculum vitae of Plaintiff's expert witness. *Id*. at 2. However, Defendants maintain that seven categories of documents and information have still not been produced. *Id.*

II.   **LAW & ANALYSIS**

---

[1] This Show Cause hearing was originally set for July 16, 2020. R. Doc. 17740. However, based on representations by the Plaintiff, the Court continued the hearing to August 17, 2020 to allow Plaintiff extended time to obtain the outstanding records.

A district court is well within its discretion to issue *Lone Pine* scheduling orders "designed to handle the complex issues and potential burdens on defendants and courts in mass tort litigation."[2] *In re Vioxx Prod. Liab. Litig.*, 557 F. Supp. 2d 741, 744 (E.D. La. 2008), *aff'd*, 388 F. App'x 391 (5th Cir. 2010) (citing *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000)). The Fifth Circuit has found the dismissal of a non-complying Plaintiff in an MDL to be proper where (1) "there is 'a clear record of delay or contumacious conduct by the plaintiff'" and (2) "lesser sanctions would not have 'serve[d] the best interests of justice.'" *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d 351, 359, 360 (5th Cir. 2020) (quoting *In re Deepwater Horizon (Barrera)*, 907 F.3d 232, 235, 236 (5th Cir. 2018)).

Here, the Court has granted Plaintiff at least seven extensions to provide the necessary documents and information. Plaintiff has not still produced medical records from her primary care physician, Dr. Salser, or the office of her orthopedic surgeon, Dr. Gould, who performed Plaintiff's hip replacement surgery that led to her need for Xarelto. In addition, Plaintiff failed to produce a Preservation Notice Statement to the Highland University of Alabama at Birmingham or an Affidavit of Compliance. Plaintiff also has not provided verified answers to all the questions in the Short Form PFS, including the information regarding prior medications she has taken as required in Section III, H. Moreover, Plaintiff has failed to include some of the required information with her untimely expert report, mainly the identification of the medical records contemporaneous to the prescription and use of Xarelto and Plaintiff's claimed bleeding event that Plaintiff's expert reviewed and relied on in forming his opinions; the list of all other cases in which the expert has testified as an expert at trial or by deposition; and the expert's compensation schedule.

---

[2] The name refers to *Lore v. Lone Pine Corp.* in which the Superior Court of New Jersey affirmed the use of a pretrial order requiring plaintiffs to provide some basic facts in the form of expert reports or else face the risk of dismissal. *See* 1986 WL 637507, *1-*3 (N.J. Super. Nov. 18, 1986).

Plaintiffs' repeated noncompliance with this Court's case management order over the last eleven months indicate a clear record of delay. By offering numerous extensions, the Court has ensured that Plaintiff had a fair opportunity to comply with the provisions of CMO 11. *See Taxotere*, 966 F.3d at 260 (citing *Callip v. Harris Cty. Child Welfare Dept.*, 757 F.2d 1513, 1521 (5th Cir. 1989) (per curiam) ("Providing plaintiff with a second or third chance is *itself* a lenient sanction, which, when met with further default, may justify imposition of the ultimate sanction of dismissal with prejudice.") Most recently at the August 17, 2020 show cause hearing, Plaintiff was granted another 30-day extension. Still Plaintiff has not satisfied the requirements of CMO 11. As such, no lesser sanction is warranted in light of Plaintiff's inability to produce documents central to both her case and Defendants' ability to prepare a defense in a timely manner.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED THAT** Plaintiff's case is **DISMISSED WITH PREJUDICE** for failure to comply with CMO 11.

New Orleans, Louisiana, this 25th day of November, 2020.

_____
UNITED STATES DISTRICT JUDGE