UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L (5) |
| THIS DOCUMENT RELATES TO: | |
| *Yolundus Murriel* No. 2:19-cv-13139 | |

### ORDER AND REASONS

Before the Court is Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, and Bayer HealthCare Pharmaceuticals Inc.'s Joint Motion for Summary Judgment, R. Doc. 17820. The motion is not opposed.

### I.   BACKGROUND

This products liability action arises out of the gastrointestinal ("GI") bleeding and death of Bertha Barnes on December 21, 2012. Ms. Barnes suffered from various health issues at the time of her death at age 70, including bile duct or pancreatic cancer, cardiomyopathy, congestive heart failure, hypertension, diabetes, and asthma. R. Doc. 17820-1 at 2. Plaintiff Yolundus Murriel is one of the surviving children of Ms. Barnes. *Id.* On September 3, 2019, Plaintiff filed this action in Colorado state court for negligent failure to warn and wrongful death, and the case was then removed and transferred to this MDL in October 2019. R. Doc. 17820-3 at 3.

### II.   PRESENT MOTION

Defendants have filed a joint motion for summary judgment. R. Doc. 17820. Defendants seek summary judgment on the grounds that Plaintiff's case is time barred by Colorado's two-year statute of limitations for negligence and wrongful death claims. *Id.* at 8; *see* Colo. Rev. Stat. § 13-80-102(1)(d); Colo. Rev. Stat. § 13-80-106(1). Additionally, even if the case were timely

1

filed, Defendants argue that Plaintiff has failed to present evidence that the decedent was prescribed or used Xarelto prior to her fatal bleeding incident. *Id.* at 9. Defendants assert that the contemporaneous medical records demonstrate that the decedent was taking warfarin [Coumadin] at the time of her alleged adverse events. *Id.*

### III. LAW & ANALYSIS

Under the Federal Rules of Civil Procedure Rule 56, summary judgment is appropriate when the movant demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Issues of time-barred actions may be resolved with summary judgment if there are no genuine issues of material fact in dispute. *In re Vioxx Products Liability Litigation*, 478 F. Supp. 2d 897, 902 (E.D. La. 2007). Summary judgment is appropriate if a party fails to sufficiently "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). To prevail on this motion, the moving party "must merely demonstrate an absence of evidentiary support in the record for the non-movant's case." *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). In reply, the burden shifts to the nonmoving party to "present specific facts indicating a genuine issue for trial." *Id.*

Plaintiff's failure to warn claim and wrongful death claim are subject to a two-year limitations period in Colorado. Colo. Rev. Stat. § 13-80-102(1)(d); Colo. Rev. Stat. § 13-80-106(1). Negligence claims begin to accrue once the injury and its cause are known or should have been known "by the exercise of reasonable diligence." Colo. Rev. Stat. § 13-80-108(1); *see also Norris v. Baxter Healthcare Corp.*, 397 F3d. 878, 887 (10th Cir. 2005). Once a plaintiff has a suspicion of wrongdoing, she has the duty to uncover the facts, and the statute of limitations begins

to accrue. *Id.* "[U]ncertainty as to the full extent of the damage does not prevent the filing of a timely complaint." *Taylor v. Goldsmith*, 870 P.2d 1264, 1266 (Colo. App. 1994).

Here, Plaintiff's claims for negligence for failure to warn and wrongful death must be dismissed because they were not brought within the two-year limitations period in Colorado. Colo. Rev. Stat. § 13-80-102(1)(d); Colo. Rev. Stat. § 13-80-106(1). Plaintiff's claims began to accrue on the day of her mother's bleeding event and passing away on December 21, 2012. The cause of decedent's death, a GI bleeding event, and the warning labels on Xarelto medication bottles[1] should have put Plaintiff on notice that decedent's anticoagulant medication was potentially linked to her mother's death. Plaintiff waited almost seven years after Ms. Barnes' death to file this instant action in Colorado state court. Accordingly, Plaintiff's claims are time barred.

Further, even if Plaintiff had timely filed an action, Plaintiff has not satisfied her burdens of proof required under Colorado Product Liability Act of 1977. *See* Colo. Rev. Stat. § 13-21-401 to 13-21-406. To prevail on a negligent failure to warn claim, Plaintiff must prove, among other things, that Ms. Barnes used Xarelto and Xarelto was the medical cause of Ms. Barnes' GI bleeding and death. *See* Colo. Rev. Stat. § 13-21-401(2); Colo. Standard Jury Instruction 14:17; *see also Dittman v. DJO, LLC*, No. 08-CV-02791-WDM-KLM, 2009 WL 3246128, at *1 (D. Colo. Oct. 5, 2009); *Oja v. Howmedica, Inc.*, 111 F.3d 782, 791 (10th Cir. 1997). Here, Plaintiff is unable to demonstrate specific causation, as she did not offer any evidence that it was defendant's product, rather than warfarin, that specifically caused Ms. Barnes' injury.[2] Thus, summary judgment is

---

[1] The Xarelto label warned that "XARELTO can cause serious and fatal bleeding." R. Doc. 17820-6 at 2. Although Plaintiff may dispute the adequacy of the warnings, she cannot not dispute this explicit warning of risk of bleeding.
[2] Additionally, Plaintiff has not offered an expert report on specific causation, which is required by CMO 11. *See also Brown v. Johnson & Johnson*, No. 14-CV-3279-WJM-NYW, 2016 WL 897021, at *1 (D. Colo. Mar. 9, 2016) (Although not all medical causation questions require expert testimony, courts allow lay testimony on this question only "in cases where causation is fairly obvious.")

3

appropriate because the Plaintiff lacks sufficient evidence on the essential element of specific causation. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Due to the passage of time, Plaintiff has struggled to obtain relevant records from treating hospitals, facilities, and treating physicians. However, the limited quantity of records produced demonstrate that Ms. Barnes was using warfarin [Coumadin] in February 2012, March 2012, July 2012, and during the two weeks preceding her death on December 12, 2012. R. Doc. 17820-4 at 7–10, 13–15, 24–26. In addition, the healthcare providers who treated Ms. Barnes on the date of her death documented that Ms. Barnes had been taking "Coumadin" and that she was "chronically anticoagulated with warfarin [Coumadin]." *Id.* at 38, 40, 42, 44, 45. Lastly, the "Cause of Death" section of the Hospital Discharge Summary from Ms. Barnes's medical records states: "history of Coumadin use." *Id.* at 45.

Two vague references to Xarelto exist in the records; however, the dosages make clear that the product could not have been Xarelto. First, Xarelto is mentioned as a discharge medication in January 2012. Nevertheless, this dosage is consistent with warfarin use and not Xarelto use, as it is undisputed that Xarelto was not available in a 5 mg dose in the United States at the time.[3] R. Docs. 17820-1 at 5; 17820-6 at 2. Similarly, the mention of Xarelto in the undated "Patient Reported Medication List" was in the form of a 5 mg dose to be taken five times per week. Not only is this dosing regimen inconsistent with approved use of Xarelto, but it also comports with the use of warfarin[4] and Ms. Barnes' documented medical history of Coumadin use. R. Docs. 17820-4 at 7–10; 17820-5; 17820-6.

---

[3] The Xarelto label shows that as of January 2012, Xarelto was only available in 10 mg, 15 mg, and 20 mg pills in the United States. Doc. 17820-6 at 2.
[4] The COUMADIN label indicates that it was available in 2, 2-1/2, 3, 4, 5, 6, 7-1/2, or 10 mg doses. R. Doc. 17820-5 at 2, 10.

4

Therefore, even if Plaintiff's action was not barred by the statute of limitations, summary judgment is appropriate in the instant matter because the Plaintiff cannot sufficiently establish that Ms. Barnes' death was linked to Xarelto use. Because Plaintiff's wrongful death claim is derivative of her negligence claim, Plaintiff's case must be dismissed. *See Steedle v. Sereff*, 167 P.3d 135, 140 (Colo. 2007); *see also Pizza Hut of America, Inc. v. Keefe*, 900 P.2d 97, 102 (Colo.1995) (holding that "[t]he cause of action created by [the Wrongful Death Act] arises out of tortious acts which injured the decedent and resulted in the decedent's death; the survivors' right of action is derivative of and dependent upon the right of action which the decedent would have had, had she survived the injuries.")

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Joint Motion for Summary Judgment is **GRANTED**. Plaintiff's case is hereby **DISMISSED** with prejudice.

New Orleans, Louisiana, on this __7th_ day of January, 2021.

_____
UNITED STATES DISTRICT JUDGE