# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN)** | ) | **MDL No.2592** |
| **PRODUCTS LIABILITY LITIGATION** | ) | |
| | ) | |
| | ) | **SECTION L** |
| | ) | **JUDGE ELDON E. FALLON** |
| | ) | **MAGISTRATE NORTH** |
| _____) | ) | |
| | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | |
| *Louisiana Health Service and Indemnity Co.* | ) | |
| *d/b/a Blue Cross and Blue Shield of* | ) | |
| *Louisiana, et al. v. Janssen Research &* | ) | |
| *Development, LLC, et al.* | ) | |
| Case No. 2:15-cv-03913 | ) | |
| _____) | ) | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO AMEND PRESERVATION ORDERS TO PERMIT RESUMPTION OF NORMAL DOCUMENT RETENTION POLICIES AND TO RELIEVE DEFENDANTS OF THEIR PRESERVATION OBLIGATIONS

### INTRODUCTION

Defendants make a key, yet incorrect, assumption which requires the denial of their motion to relieve themselves of their preservation obligations. They contend that all any of the non-settling plaintiffs will require going forward is the "Trial Package" prepared by the PSC, which allegedly "contains all of the key documents and materials that [the PSC] determined are needed by the remaining plaintiffs to prosecute their cases." *See* Defs' Mem. [ECF No. 17903-1], at 2. They fail to recognize that the class action lawsuit filed by these third party payor plaintiffs ("Class Plaintiffs") on behalf of a class of persons and entities who bring Racketeer Influenced and Corrupt Organizations Act ("RICO"), fraud, consumer protection, and unjust

enrichment claims, based upon allegations that they overpaid for Xarelto, will require additional and distinct discovery from that which was conducted in the context of the personal injury cases.

To say, as they do, that "the Xarelto litigation is largely resolved with hardly any cases remaining," *id*. at 3, ignores the thousands of putative members of the class and the hundreds of millions of dollars that they spent on Xarelto, which would have been spent on the less expensive and safer alternative drug, but for Defendants' alleged misrepresentations and omissions. Contrary to Defendants' contention, the Class Plaintiffs would suffer great prejudice if Defendants were permitted to destroy the "[m]illions of documents [that] have been preserved that are not part of the Trial Package," *id*. at 2, to resume their normal document retention policies and to be relieved of the obligations imposed under PTOs 1, 15, 15A and 15B.  Further, Defendants repeatedly complain about the expense associated with data storage and suggest that Plaintiffs should be compelled to pay for same, but fail to even attempt to quantify these costs. As such, their argument that the burden outweighs the benefit is unsupported and Defendants' preservation obligations should remain and their motion should be denied.

## ARGUMENT

A.    **The Purpose of the Preservation Orders Has Not Been Fulfilled with Respect to Class Plaintiffs – Therefore, Defendants Should Not Be Relieved of Their Preservation Obligations**

Defendants' motion is predicated on the contention that "a Trial Package containing the most important and relevant documents has been prepared by the PSC[1] – after comprehensive fact and expert discovery and six bellwether trials—the purposes of the preservation orders have

---

[1]  The undersigned counsel for Class Plaintiffs were not members of the Plaintiffs' Steering Committee ("PSC") charged by the Court with the task of directing discovery to Defendants.  *See* Pretrial Order #7 [ECF No. 169], entered on February 9, 2015.

been fulfilled." *See* Defs' Mem. at 5.[2]  But, the purposes of the preservation orders have not been fulfilled vis-à-vis the claims of Class Plaintiffs.

Assuming Class Plaintiffs survive Defendants' motion to dismiss [ECF No. 17888], which is being briefed contemporaneously with the instant motion, Class Plaintiffs will be entitled to discovery on their unique claims, which discovery will be broader than that sought in connection with the personal injury claims.  *See In re Avandia Mktg., Sales & Prods. Liab. Litig.*, 945 F.3d 749, 761 (3d Cir. 2019) (holding that third party payors were entitled to discovery on RICO claims, even though full discovery had been conducted on personal injury claims in same MDL).

Defendants admit that they already have collected and are maintaining 100 million pages of hard copy, email and other electronic documents and media and databases, not all of which are contained in the Trial Package.  Yet, the Trial Package is all Defendants are offering.  While PSC counsel may not have deemed all of these materials relevant in terms of litigating personal injury cases, some portion of these materials, as well as potentially other materials, are likely germane to the Class Plaintiffs' claims.  Following the Court's ruling on the motion to dismiss, Class Plaintiffs will move forthwith to serve discovery requests upon Defendants to prompt the production of materials that are outside of those included in Trial Package but which are relevant to this case.

---

[2] *See also* Defs.' Mem. at 7 ("The PSC culled these documents … resulting in a Trial Package that can be used by any remaining Plaintiff.  Because the Trial Package is available to the few remaining Plaintiffs, continued compliance with the preservation orders is unnecessary.").

B.   **Defendants Have Not Overcome the Presumption that They, as the Responding Parties, Must Bear the Costs Associated with Their Continuing Obligations To Comply with the Preservation Orders**

The case from this Circuit upon which Defendants primarily rely in support of their contention that Plaintiffs should shoulder the costs for Defendants' continuing obligations under the preservation orders, *Southern Capitol Enterprises, Inc. v. Conseco Services, L.L.C.*, Case No. 04-0040-JJB-SCR, 2005 WL 8155415 (M.D. La. Oct. 6, 2005), recognized that "the presumption is that the responding party must bear the expense of complying with the discovery requests" and held that the defendant in that case had not overcome that presumption. *Id.* at *2-*3. Even though the defendant in *Southern Capitol* made some effort to quantify the costs that would be associated with complying with the discovery requests, which the Defendants in this case have not bothered to do, the court nevertheless determined that defendant failed to explain how it determined the costs, its "reference to time and manpower [was] vague and ambiguous and [did] not establish the unduly burdensome nature of the cost, particularly in light of the fact that the information is retrievable." *Id.* at *3. In the instant case, Defendants do not argue that the alleged burden relates to retrievability. Certain materials already have been retrieved and are being maintained, and others are being preserved as they are being created or received.

Defendants refer to the sets of factors detailed in two cases out of the Southern District of New York for evaluating whether shifting of discovery costs from the producing party to the requesting party is appropriate. *See* Defs.' Mem. at 6-7, 7 n.2 (citing *Rowe Entm't, Inc. v. William Morris Agency, Inc.*, 205 F.R.D. 421, 429 (S.D.N.Y. 2002)[3] and *Zubulake v. UBS*

---

[3] Notably, in *Rowe*, in support of their motion for protective order, each of four sets of defendants obtained estimates of their costs for retrieving the data. For example, one defendant obtained an estimate from a computer consultant, which projected the costs of a sampling of the documents at "$7,864 for cataloguing, $8,960 for restoration, and $379,120 for processing, for a total of $395,944 …. If the e-mails on all of the back-up tapes were produced instead of a sample of eight sessions, the total cost would mushroom to almost $ 9,750,000." 205 F.R.D. at 425. Defendants made no effort to estimate costs here.

*Warburg, L.L.C.*, 217 F.R.D. 309, 316 (S.D.N.Y. 2003)).  As Defendants note, these factors have

been adopted by federal district courts in Louisiana.  *See Southern Capitol*, 2005 WL 8155415,

at *4 n.5 (adopting *Zubulake* factors) and *Murphy Oil USA, Inc. v. Fluor Daniel, Inc.*, Civ.

Action No. 99-3564, 2002 WL 246439, at *7 (E.D. La. Feb. 19, 2002) (adopting *Rowe* factors).

Citing *Southern Capitol*, Defendants allege that because *Zubulake* was decided later, the

correct factors to use are those set forth in that case.  *See* Defs.' Mem. at 7 n.2.  Class Plaintiffs

do not disagree.  Where there is disagreement is with the Defendants' assertion that the *Zubulake*

factors warrant cost-shifting here.  Class Plaintiffs submit that application of the factors

demonstrates that Defendants have not overcome the presumption that they are responsible for

these costs.

The *Zubulake* factors are as follows:

(1) the extent to which the request is specifically tailored to discover relevant
information; (2) the availability of such information from other sources; (3) the
total cost of production, compared to the amount in controversy; (4) the total cost
of production, compared to the resources available to each party; (5) the relative
ability of each party to control costs and its incentive to do so; (6) the importance
of the issues at stake in the litigation; and (7) the relative benefits to the parties of
obtaining the information.

217 F.R.D. at 316.  With regard to (1), as discussed above, discovery tailored specifically to

Class Plaintiffs' claims has not yet been served.  As to (2) and (7), information concerning Class

Plaintiffs' claims, most notably documents concerning the RICO conspiracy allegations lodged

against the Defendants, are not available from other sources and Plaintiffs need this information.

Because Defendants have made no efforts to quantify the costs, they cannot even attempt to

satisfy their burden as to factors (3), (4) and (5).  The issues at stake in this litigation are clearly

important – Class Plaintiffs overpaid hundreds of millions of dollars for Xarelto rather than the

safer and less expensive alternative due to Defendants' conduct – so, Defendants cannot

overcome the presumption that they remain responsible for the costs of preservation of their documents.

      **C.**      **The Proportionality Requirements of Fed. R. Civ. P. 26(b)(1) Do Not Support the Relief Defendants Request**

Defendants fare no better in arguing that proportionality under Fed. R. Civ. P. 26(b)(1) requires that they be permitted to resume their normal document retention policies. Indeed, the proportionality considerations set forth in Rule 26(b)(1) are basically encompassed in the factors set forth in the above-discussed *Zubulake* decision.

In an attempt to rehash their argument, Defendants look to the federal rules and again try to lump Class Plaintiffs in with the few remaining personal injury Plaintiffs. They again point out that the Trial Package is available. As discussed above, Defendants' alleged "substantial burden," which they have not quantified, associated with their "continuing obligation to preserve documents that have not been used at trial or deposition or in connection with any Daubert or dispositive motion" does not outweigh the prejudice to Class Plaintiffs from the destruction or a cessation of preservation of these documents. *See* Defs' Mem. at 9. Necessarily, Class Plaintiffs will have to introduce different evidence at trial and depositions and in connection with motion practice in order to prove their claims of a RICO conspiracy, fraud, redhibition and unjust enrichment than that which the personal injury plaintiffs presented at their trials. As such, access to the Trial Package alone does not alleviate the prejudice to Class Plaintiffs should Defendants be permitted to cease compliance with the preservation orders.

## CONCLUSION

For all of the foregoing reasons, Defendants' motion should be denied in all respects.

Dated: January 12, 2021

Respectfully Submitted,

_____*/s/ James R. Dugan, II*_____
James R. Dugan, II. (LSBA No. 24785)
David S. Scalia (LSBA No. 21369)
TerriAnne Benedetto  (admitted pro hac vice)
One Canal Place
365 Canal Street, Suite 1000
New Orleans, Louisiana  70130
Telephone:  (504) 648-0180
Facsimile:  (504) 648-0181
E-mail: *jdugan@dugan-lawfirm.com*
       *dscalia@dugan-lawfirm.com*
       *tbenedetto@dugan-lawfirm.com*

Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone: (617) 475-1950
Facsimile: (617) 482-3003
tom@hbsslaw.com

*Attorneys for all plaintiffs and the proposed
class*

Richard A. Sherburne, Jr. (LA Bar No.
02106)
Jessica W. Chapman (LA Bar No. 31097)
5525 Reitz Avenue (70809)
Post Office Box 98029
Baton Rouge, Louisiana 70898-9029
Telephone:     (225) 298-1444
Facsimile:      (225) 297-2760
Richard.Sherburne@bcbsla.com
Jessica.Chapman@bcbsla.com

*Attorney for plaintiffs Louisiana Health
Service & Indemnity Company d/b/a Blue
Cross and Blue Shield of Louisiana and HMO
Louisiana, Inc.*

Art Sadin (TXSBA # 17508)
SADIN LAW FIRM, P.C.
121 E. Magnolia Street, Suite 102
Friendswood, TX  77546
Telephone: (281) 648-7711
Facsimile (281) 648-7799
asadin@sadinlawfirm.com

*Attorney for plaintiff Allied Services Division
Welfare Fund*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 12, 2021, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the court's electronic filing system and served on the following counsel for the defendants by electronic transmission:

Susan M. Sharko
Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ  07932-1047
Telephone: (973) 549-7000
susan.sharko@faegredrinker.com

Rodney M. Hudson
Faegre Drinker Biddle & Reath LLP
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111-4180
Telephone: (415) 591-7500
rodney.hudson@faegredrinker.com

Chanda A. Miller
Faegre Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
chanda.miller@faegrerdrinker.com

Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Sreet, Suite 2700
New Orleans, LA 70130
Telephone (504) 310-2100
kmoore@irwinllc.com

Irwin Fritchie Urquhart & Moore LLC
400 Poydras Sreet, Suite 2700
New Orleans, LA 70130
Telephone (504) 310-2100
kmoore@irwinllc.com

Andrew K. Solow
Steven Glickstein
Robert M. Glass
Arnold & Porter Kaye Shoeller LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8485
andrew.solow@arnoldporter.com
steven.glockstein@arnoldporter.com
robert.glass@arnoldporter.com

William Hoffman
Arnold & Porter Kaye Shoeller LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Telephone: (202) 942-5000
william.hoffman@azrnoldporter.com

Lindsey C. Boney IV
Bradley Arant Boult Cummings LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham AL 35203-2119
Telephone: (205) 521-8914
lboney@bradley.com

John. F. Olinde
Chaffe McCall LLP
1100 Pydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

Dated: January 12, 2021                    _____*/s/ James R. Dugan, II*_____