UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**

*Brown, et al. v. Janssen Research & Development, LLC, et al.*
CA# 2:19-cv-14669

## ORDER AND REASONS

Before the Court is Defendants' motion to dismiss the claims of Plaintiffs Barbara Brown, Alice Brown, and Lora Orozco (collectively, "Plaintiffs") with prejudice for failure to comply with Case Management Order ("CMO 11"). R. Doc. 17828. Plaintiffs oppose the motion. R. Doc. 17837. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

I. BACKGROUND

The current matter arises out of the multi-district litigation ("MDL") case involving the prescription anticoagulant medication known as Xarelto. To put this matter in perspective, a brief review of the litigation is helpful. Beginning in 2014, lawsuits were filed in federal courts throughout the nation against Defendants Bayer Corporation, Bayer HealthCare LLC, Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare AG, Bayer Pharma AG, Bayer AG, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson (collectively, "Defendants"). In their suits, plaintiffs assert that they or their family

1

members suffered severe bleeding and other injuries due to Xarelto's allegedly inadequate warning label, as well as other theories.

The Judicial Panel on Multidistrict Litigation ("JPML") determined that the plaintiffs' claims involved common questions of fact, and that centralization under 28 U.S.C. § 1407 would serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Accordingly, on December 12, 2014, the JPML consolidated the plaintiffs' Xarelto claims into a single multidistrict proceeding ("MDL 2592"). MDL 2592 was assigned to Judge Eldon E. Fallon of the United States District Court for the Eastern District of Louisiana to coordinate discovery and other pretrial matters in the pending cases. Subsequent Xarelto cases filed in federal court have been transferred to this district court to become part of MDL 2592 as "tag along" cases. At its peak, the Court had over 30,000 cases in this MDL.

After years of discovery and bellwether trials, the Plaintiffs' Steering Committee ("PSC") and the Defendants entered into settlement discussions and reached a settlement in early 2019. On March 25, 2019, the PSC and Defendants announced the Master Settlement Agreement, which resolves the claims of eligible Xarelto patients who suffered bleeding events, strokes, or cerebrovascular accident, venous thromboembolism, blood clots, and other various injuries that they associated with their use of Xarelto. R. Doc. 17623-1 at 6–7. This is an opt-in settlement program and thus far, over ninety-nine percent of the plaintiffs in this litigation have chosen to opt into the settlement.

For the plaintiffs who chose not to enroll in or do not qualify for the Xarelto settlement program, the Court entered Case Management Order ("CMO") 11, which includes obligations with which the plaintiffs must comply. R. Doc. 12902. Pursuant to CMO 11, a plaintiff is required to, in relevant part: (1) serve a complete and verified Short Form Plaintiff Fact Sheet ("Short Form

PFS") with the required documents and records; (2) serve a complete and verified Plaintiff Profile and Consent Form ("PPCF") with the required documents and records; (3) serve a Preservation Notice Statement with the required associated documents; (4) serve a case-specific Rule 26(a)(2) report from a licensed physician; (5) produce all medical records required by CMO 11; and (6) serve an Affidavit of Compliance signed by plaintiff. *Id*. These CMO 11 requirements all have different deadlines that are dependent on when a plaintiff's case was filed in federal court and docketed in the MDL. Plaintiffs who filed suit after March 11, 2019, are ineligible for the Xarelto settlement program, so CMO 11 governs their claims. R. Doc. 12902 at 1-2.

On November 19, 2019, the *pro se* Plaintiffs Barbara Brown, Alice Brown, and Lora Orozco (collectively, "Plaintiffs") filed a complaint in the Northern District of California seeking monetary damages against Defendants. Dkt. No. 2:19-cv-14669 ("Dkt. No. 14669"), R. Doc. 1. Plaintiffs believe that their family member Dexter Brown was prescribed Xarelto, suffered a brain hemorrhage, and then died on November 16, 2019, as a result of using the drug. *Id*. at 5; R. Doc. 17697-1 at 8. Plaintiffs were authorized by the Northern District of California to proceed in *forma pauperis* in this litigation. Dkt. No. 14669, R. Doc. 6. On December 13, 2019, the JPML conditionally transferred this case to MDL 2592 because it "involve[s] questions of fact that are common to the actions previously transferred to the Eastern District of Louisiana and assigned to Judge Fallon." R. Doc. 1546. On December 30, 2019, the case was officially transferred to this Court. Dkt. No. 14669, R. Doc. 12.

Since Plaintiffs filed suit well after the March 11, 2019 settlement program cutoff date, CMO 11 governs their claims. Dkt. No. 14669, R. Doc. 1; R. Doc. 12902 at 1-2. Although they received CMO 11 on January 3, 2020, Plaintiffs have not yet provided the evidence needed to support their claims. R. Doc. 1769-1 at 2. On February 24, 2020, Plaintiffs petitioned this Court to

3

appoint *pro bono* counsel so an attorney could assist them in litigating the case. R. Doc. 17626. The Court denied this motion because "a litigant has no general right to a court-appointed attorney in a civil case" and because the Plaintiffs here "have not demonstrated that their case presents 'exceptional circumstances' that would warrant the appointment of counsel." R. Doc. 17629 at 1-2. Plaintiffs were required to submit a Rule 26(a)(2) causation report by April 28, 2020. R. Doc. 17714 at 3. This deadline was extended by Defendants to June 1, 2020 and then August 3, 2020. *Id.* at 3; R. Doc. 17697 at 1. In an Order denying Plaintiffs' remand motion, the Court granted a third and final extension until September 4, 2020, stating "[i]t is time for Plaintiffs to come forward and show the basis of their beliefs and demonstrate basic evidence of causation." R. Doc. 17800 at 9. The Court further instructed, "[a]fter that time, Defendants may file a motion to dismiss this case with prejudice." *Id.* To date, Plaintiffs have still not provided the Rule 26(a)(2) expert report required by CMO 11.

Defendants now move to dismiss Plaintiffs' claims with prejudice because they have repeatedly failed to comply with CMO 11 and lack the expert evidence required by Rule 26(a)(2) of the Federal Rule of Civil Procedure to prove proximate causation. R. Doc. 17828-1 at 1. Plaintiffs oppose the motion, arguing that they did not delay the proceedings in bad faith. R. Doc. 17837 at 3. Instead, Plaintiffs maintain that they have "repeatedly informed both the Defendants and the Court that they were unable to locate a licensed physician that was willing to be for hire to prepare the Rule 26 report." *Id.* at 4.

## II. LAW & ANALYSIS

The Defendants here seek dismissal based on Plaintiffs' failure to comply with CMO 11, which is a type of pretrial order commonly known as a *Lone Pine* order. This name comes from *Lore v. Lone Pine Corp.*, in which the Superior Court of New Jersey approved of a pre-trial order requiring plaintiffs to provide some basic facts in the form of expert reports or run the risk

4

of having their case dismissed. *See* 1986 WL 637507, *1–3 (N.J. Super. Nov. 18, 1986). *Lone Pine* orders "are designed to handle the complex issues and potential burdens on defendants and courts in mass tort litigation." *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Since the New Jersey court's decision, *Lone Pine* orders have been routinely used by courts to manage mass tort cases. *See, e.g., Acuna,* 200 F.3d at 340; *Nolan v. Exxon Mobil Corp.*, No. CV 13-439-JJB-EWD, 2016 WL 1213231 (M.D. La. Mar. 23, 2016); *In re* Vioxx Products Liability Litigation, 557 F. Supp. 2d 741, 743-44 (E.D. La. 2008), *aff'd*, 388 F. App'x 391 (5th Cir. 2010); *Burns v. Universal Crop Protection Alliance,* 2007 WL 2811533 (E.D. Ark. Sep. 25, 2007); *In re Rezulin Products Liability Litigation,* 441 F. Supp. 2d 567, 570 (S.D.N.Y. 2006); *In re Silica Products Liability Litigation,* 398 F. Supp. 2d 563, 576 (S.D. Tex. 2005).

"The basic purpose of a *Lone Pine* order is to identify and cull potentially meritless claims and streamline litigation in complex cases." *Baker v. Chevron USA, Inc.,* 2007 WL 315346, *1 (S.D. Ohio Jan. 30, 2007). The Fifth Circuit has found the dismissal of a non-complying plaintiff in an MDL to be proper where (1) "there is 'a clear record of delay or contumacious conduct by the plaintiff'" and (2) "lesser sanctions would not have 'serve[d] the best interests of justice.'" *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d 351, 359, 360 (5th Cir. 2020) (quoting *In re Deepwater Horizon (Barrera)*, 907 F.3d 232, 235, 236 (5th Cir. 2018)).

Here, both factors support dismissal of Plaintiffs' claims with prejudice. In relevant part, CMO 11 requires Plaintiffs to produce "a case-specific Rule 26(a)(2) report from a licensed physician qualified to render a specific causation opinion to a reasonable degree of medical probability that the plaintiff's alleged injury or event was caused by taking Xarelto® as directed . . . ." R. Doc. 17800 at 3. Plaintiffs' repeated noncompliance with this requirement over the last nine months indicate a clear record of delay. Upon Plaintiffs' case being transferred to this MDL

5

from the Northern District of California on December 20, 2019, "Plaintiffs were required to submit a Rule 26(a)(2) causation report by April 28, 2020." R. Doc. 17714 at 3. The Court has offered numerous extensions of this deadline and has ensured that Plaintiffs had a fair opportunity to comply with the provisions of CMO 11. *See Taxotere*, 966 F.3d at 260 (citing *Callip v. Harris Cty. Child Welfare Dept.*, 757 F.2d 1513, 1521 (5th Cir. 1989) (per curiam) ("Providing plaintiff with a second or third chance is *itself* a lenient sanction, which, when met with further default, may justify imposition of the ultimate sanction of dismissal with prejudice.") Still, Plaintiffs have not produce a Rule 26(a) expert report and have admitted their inability to do so. *See* R. Docs. 17791; 17837. In fact, Plaintiffs stated:

> The only way Plaintiffs could have complied with CMO 11 Rule 26 requirement was to commit the crimes of kidnapping a licensed physician at gunpoint, hold him/her hostage, torture him/her until he/she agreed to read the 850 pages of Dexter Brown's medical records, and then murder him/her so that he/she doesn't identify the Plaintiffs to the police…BECAUSE NO LICENSED PHYSICIAN WAS WILLING TO PREPARE THE 26(A) REPORT VOLUNTARILY WITH OR WITHOUT PAY…

R. Doc. 17837 at 4. As such, no lesser sanction is warranted in light of Plaintiffs' inability to produce expert evidence central to both their case and Defendants' ability to prepare a defense in a timely manner.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' motion, R. Doc. 17828, is **GRANTED.**

**IT IS FURTHER ORDERED that** Plaintiffs' claims are **DISMISSED WITH PREJUDICE** for failure to comply with CMO 11.

2/10/21                               *Eldon E. Fallon*