UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : | MDL No. 2592 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |
| THIS DOCUMENT RELATES TO: | | |
| *Nicole Nails Stone, Individually, and as the Executrix of the Estate of Raymond Fulton Nails* Civil Action No. 2:17-cv-05372 | | |

**THE JANSSEN AND BAYER DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THEIR JOINT MOTION FOR SUMMARY JUDGMENT**

Defendants Janssen Research & Development LLC f/k/a Johnson & Johnson Pharmaceutical Research & Development, LLC, Janssen Ortho LLC, Janssen Pharmaceuticals, Inc. f/k/a/ Janssen Pharmaceutica Inc. f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc., Johnson & Johnson, Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharma AG ("Defendants") respectfully submit this Statement of Undisputed Material Facts in Support of their Joint Motion for Summary Judgment:

**I.     General Undisputed Facts**

1. This action was brought by Plaintiff Nicole Nails Stone, the daughter of decedent Raymond Nails, individually and as executrix of Mr. Nails' estate. *See* Pl's. Compl., Doc. 1, No. 2:17-cv-05372.

2. Xarelto is an anti-coagulation medication approved by the FDA to reduce the risk of clotting and strokes. One of the FDA-approved indications for Xarelto is the reduction of the

risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation. *See* Ex. B, May 2016 Package Insert for Xarelto § 1.1.[1]

3. Dr. Samuel Stagg prescribed Xarelto to Mr. Nails because of Mr. Nails' significantly increased risk of a stroke due to Mr. Nails' underlying health conditions, including atrial fibrillation. Ex. A, Dr. Samuel Stagg, III Dep. 34:20-36:16, Jan. 7, 2021.

## II. Undisputed Facts Relating to All of Plaintiff's Failure to Warn Claims

4. Dr. Stagg testified without contradiction that he was aware of the bleeding risks from Xarelto use and that all anticoagulants carried bleeding risks. Ex. A, Stagg Dep. 38:10-39:4.

5. At the time that Dr. Stagg prescribed Xarelto to Mr. Nails in May 2016, Xarelto's label explicitly and repeatedly warned of the risk of bleeding with Xarelto use. *See, e.g.*, Ex. B, § 5.2 (Warnings and Precautions). Dr. Stagg testified without contradiction that he had all the relevant information regarding the safe use of Xarelto to make informed decisions to prescribe Xarelto to Mr. Nails. Ex. A, Stagg Dep. 45:19-46:9; *see also id.* at 46:21-47:4.

6. A different warning would not have changed Dr. Stagg's prescribing decision. *See* Ex. A, Stagg Dep. 37:2-38:6, 38:10-39:4, 39:19-22, 45:19-46:9, 70:1-20.

7. When Mr. Nails presented to his healthcare providers with unresolved gastrointestinal discomfort and related issues, Dr. Stagg was aware of the risk of bleeding from Xarelto use during surgery and therefore he approved that Mr. Nails could hold Xarelto for up to a week before a planned colonoscopy and any related surgery that might be necessary following the findings of the colonoscopy. Ex. D, Cardiovascular Institute of the South Records; Ex. E, Cardiovascular Institute of the South Records; *see also* Ex. A, Stagg Dep. 53:7-13, 61:5-10.

---

[1] The cited and quoted portions of the exhibits to Defendants' Statement of Undisputed Facts and Memorandum of Law have been highlighted for the Court's convenience.

8.	Mr. Nails had a colonoscopy without incident on June 13, 2016, which revealed a 5 cm cancerous tumor in his colon, polyps, and diverticulitis. Ex. F, Terrebonne General Medical Center Records.

9.	Mr. Nails went from the endoscopy suite that morning to being admitted as an in-patient for surgery the following day, June 14, 2016 to remove the diseased part of his colon. Ex. G, Terrebonne General Medical Center Discharge Summary.

10.	Following Mr. Nails' colonoscopy on June 13, 2016, Nurse Practitioner Annette Windham pre-screened Mr. Nails for his surgery scheduled for the next day on June 14, 2016 and confirmed that Mr. Nails' last Xarelto use was at least one week before the June 13, 2016 pre-screening interview, which was "eight days" prior to the planned June 14, 2016 surgery. Ex. H, Annette Windham Dep. 39:4-8, Jan. 27, 2021.

11.	Nurse Practitioner Windham cleared Mr. Nails for surgery based on the representation that Mr. Nails Xarelto had been "on hold for a week thus far." Ex. I, Terrebonne General Medical Center Consult Report.

12.	Nurse Practitioner Windham knew that Xarelto's label warned of bleeding risks. Ex. H, Windham Dep. 44:13-25.

13.	Nurse Practitioner Windham determined that Mr. Nails could be cleared for surgery because sufficient time had passed since his last dose of Xarelto and his surgery the next day so that Xarelto was not in Mr. Nails' system. *Id.* at 24:22-25:4, 42:24-43:11, 47:13-18.

14.	A different warning regarding the risk of bleeding from surgery would not have avoided Mr. Nails' surgical bleed or death because Mr. Nails' healthcare providers knew of the risk, advised that Mr. Nails discontinue using Xarelto in advance of the surgery, and confirmed that Mr. Nails had discontinued using Xarelto in sufficient time to prevent any risk prior to the

June 14, 2016 surgery.  Ex. A, Stagg Dep. 45:19-46:9, 53:7-13, 54:15-55:16, 61:5-10; Ex. H, Windham Dep. 24:22-25:4, 42:24-43:11, 44:13-25, 47:13-18; Ex. I.

### III. Undisputed Facts Relating to Lack of Medical Causation Regarding Mr. Nails' Surgical Hemorrhage and Death

15. Dr. Stagg approved and recommended that Mr. Nails discontinue Xarelto use a week before his June 13, 2016 procedure.  Ex. A, Stagg Dep. 57:13-23, 61:5-10; Ex. M, Cardiovascular Institute of the South Records.

16. Pursuant to the instructions from healthcare providers, Mr. Nails last used Xarelto more than a week before his June 14, 2016 surgery.  Ex. H, Windham Dep. 21:17-22, 38:14-39:8; Ex. I; *see also* Ex. A, Stagg Dep. 60:15-61:10, 64:7-14.

17. Nurse Practitioner Windham confirmed on June 13, 2016 that Mr. Nails' Xarelto had been "on hold for a week thus far."  Ex. H, Windham Dep. 21:23-22:25, 38:14-39:8.

18. Plaintiff Nicole Nails Stone testified that she had no personal knowledge as to when her father took his last dose of Xarelto, but that he was a compliant patient who always followed instructions "to the letter".  Ex. K, Nicole Nails Stone Dep 31:8-19, 80:23-81:1, Sept. 27, 2020.

19. Based on the undisputed fact that Mr. Nails discontinued Xarelto more than a week before his June 14, 2016 surgery, Xarelto could not have been the medical cause of Mr. Nails' surgical hemorrhage and death.  Ex. A, Stagg Dep. 60:15-61:10, 64:7-14; Ex. H, Windham Dep. 21:17-22; Ex. I.

### IV. Plaintiff's Other Claims

20. Summary judgment is warranted on the remainder of plaintiff's claims because (1) there is a lack of affirmative evidence on an essential element of the claim (manufacturing defect, design defect), (2) she asserts legally impermissible causes of action under the Louisiana Product Liability Act (negligence, breach of implied warranty, misrepresentation, fraud, violation of

consumer protection statutes), and (3) they are derivative of other claims and thus barred by summary judgment on the other causes of action (wrongful death, survival action, loss of consortium).

Respectfully submitted:

<table>
<tr><td>

FAEGRE DRINKER BIDDLE & REATH LLP

By: */s/Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@faegredrinker.com

Rodney M. Hudson
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111-4180
Telephone: (415) 591-7500
rodney.hudson@faegredrinker.com

Chanda A. Miller
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
chanda.miller@faegredrinker.com

</td><td>

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8485
andrew.solow@arnoldporter.com
steven.glickstein@arnoldporter.com

William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@arnoldporter.com

BRADLEY ARANT BOULT CUMMINGS LLP
Lindsey C. Boney IV
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8914
lboney@bradley.com

CHAFFE MCCALL L.L.P.

By: */s/John F. Olinde*
John F. Olinde
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG*

</td></tr>
</table>

IRWIN FRITCHIE URQUHART & MOORE LLC

By: */s/Kim E. Moore*
Kim E. Moore
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
kmoore@irwinllc.com

*Attorneys for Janssen Research*
*& Development, LLC f/k/a Johnson*
*& Johnson Pharmaceutical Research*
*& Development, LLC, Janssen Ortho LLC,*
*Janssen Pharmaceuticals, Inc. f/k/a/ Janssen*
*Pharmaceutica Inc. f/k/a Ortho-McNeil-*
*Janssen Pharmaceuticals, Inc., and Johnson*
*& Johnson*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 12, 2020, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other Plaintiff's counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17. A copy of this filing will also be sent by electronic mail to Plaintiff's counsel at the following address:

Damon J. Baldone
Thomas E. Dunn
Damon J. Baldone & Associates
162 New Orleans Blvd.
Houma, LA 70364
Email: damon@baldonelaw.com
Email: thomas@baldonelaw.com

*/s/ Kim E. Moore*
**Kim E. Moore**

6