ALICE BROWN (Full Name)

_____ (Email Address)

PO BOX 60 (Address Line 1)

CRESCENT CITY, CA 95531 (Address Line 2)

(707) 218-6181 (Phone Number)

PLAINTIFF in Pro Per
(indicate Plaintiff or Defendant)

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED MAR 11 2021

CAROL L. MICHEL
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

BARBARA BROWN, et al.,

Plaintiff,

vs.

JANSSEN RESEARCH & DEVELOPMENT, LLC, et al.

_____,

Defendant(s).

Case No.: 19-cv-14669 EEF-MBN
MDL NO: 2592
SECTION L  MAG. JUDGE NORTH

PLAINTIFF's
(indicate Plaintiff or Defendant)

**EX PARTE APPLICATION FOR**

RECONSIDERATION

**TO THE HONORABLE COURT:**

I, (name) ALICE BROWN, the ☒ Plaintiff ☐ Defendant

in this case, hereby apply to the Court ex parte for (*describe your urgent request*):

RECONSIDERATION PURSUANT TO FEDERAL RULES OF CIVIL

PROCEDURE RULE 59(e) TO PREVENT MANIFEST

INJUSTICE.

TENDERED FOR FILING

MAR 11 2021

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Fee _____
Process _____
X Dktd _____
CtRmDep _____
Doc. No. _____

1
Ex Parte Application

I contacted the opposing counsel/unrepresented party and informed him or her of this ex parte request. (*See* Decl. ¶ 3.) Opposing counsel/unrepresented party: CHANDA MILLER AND JOAN GODDARD

☑ indicated that he or she would oppose the ex parte application. Opposing counsel/unrepresented party said that his or her reasons for opposing the ex parte application are:

NO REASON FOR OPPOSING THE EX PARTE APPLICATION WAS GIVEN. CHANDA MILLER SIMPLY STATED IN AN EMAIL, "IN RESPONSE TO YOUR INQUIRY, PLEASE BE ADVISED THAT ALL DEFENDANTS WILL OPPOSE THE MOTION."

☐ indicated that he or she would not oppose the ex parte application.

☐ was unreachable. I made the following unsuccessful attempts to reach opposing counsel/unrepresented party: _____

☐ other. *(Explain.)* _____

_____

_____

_____

_____

_____

_____

_____

This ex parte application is based upon a Memorandum of Points and Authorities, Declaration in Support, the complete files and records in this action, and upon such oral and documentary evidence as may be allowed at the hearing of this motion.

DATED: MARCH 8, 2021

By: _Alice Brown_
(sign)

_ALICE BROWN_
(print name)

_PLAINTIFF_ in Pro Per
(indicate Plaintiff or Defendant)

ALICE BROWN (Full Name)
_____ (Email Address)
PO BOX 60 (Address Line 1)
CRESCENT CITY, CA 95531 (Address Line 2)
(707) 218-6181 (Phone Number)
PLAINTIFF in Pro Per
(indicate Plaintiff or Defendant)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

BARBARA BROWN, et al.,

Plaintiff,

vs.

JANSSEN RESEARCH & DEVELOPMENT, LLC, et al.

_____,

Defendant(s).

Case No.: 19-CV-14669 EEF-MBN
MDL NO: 2592
SECTION L  MAG. JUDGE NORTH

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR RECONSIDERATION**

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. Introduction**

(Include a brief summary of what you are asking the Court to do in this ex parte application and why. Be sure to tell the Court why this request is urgent and cannot be dealt with in a regularly noticed motion.)

PLAINTIFF ALICE BROWN REQUEST THE COURT FOR RECONSIDERATION OF ITS ORDER OF FEBRUARY 10, 2021 GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. 17828) TO PREVENT MANIFEST INJUSTICE.

TENDERED FOR FILING
8
MAR 11 2021
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

**II.   Factual and Procedural History**

*(Include a brief statement of the factual and procedural history of this case as relevant to this ex parte application.)*

On September 4, 2020, the Court advised the Defendants to file a request for dismissal of Plaintiffs' Barbara Brown, Alice Brown, and Lora Orozco's product liability lawsuit against them. The Defendants did. On February 10, 2021, the Court granted Defendants' motion to dismiss with prejudice for failure to comply with CMO 11. On February 12, 2021, the Court issued the Final Judgment in this matter signed by United States District Judge Eldon E. Fallon. The Final Judgment was then mailed to the Plaintiffs on February 17, 2021 (postmarked February 17, 2021).

The Plaintiffs apply to the Court ex parte for reconsideration of its order of February 10, 2021 pursuant to FRCP Rule 59(e).

Memorandum of Points and Authorities

## III. <u>Argument</u>

*(Explain the legal basis for the ruling you are asking the Court to make, with citations to relevant law, such as the Federal Rules of Civil Procedure, statutes, case law, and local rules, where applicable. The argument should show the Court how these legal authorities, when applied to the facts of your case, indicate that the Court should rule in your favor.)*

FOOLS, SAY I, YOU DO NOT KNOW. SILENCE LIKE A CANCER GROWS. BY GRANTING THE DEFENDANTS' MOTION TO DISMISS THIS MATTER, THE COURT BECOMES A CO-CONSPIRATOR WITH THE DEFENDANTS, THE MAKERS OF XARELTO, IN THE COVER-UP OF THE LETHAL CONSEQUENCES WITH THE USE OF XARELTO.

THE COURT SILENCED THE PLAINTIFFS WITH ITS ORDER AND BLOCKED THEM FROM REVEALING TO A JURY AND TO THE WORLD THAT THE BLOOD THINNER DRUG XARELTO CONTAINS RAT POISON AND CAUSED A CEREBRAL HEMORRHAGE IN DEXTER BROWN THAT LED TO HIS DEATH ON NOVEMBER 16, 2018.

THE PLAINTIFFS PRESENTED EVIDENCE TO THE COURT THAT DEXTER BROWN WAS INDEED USING XARELTO, THAT HE EXPERIENCED A CEREBRAL HEMORRHAGE, AND NINE WEEKS LATER HE DIED. THE COURT, ITSELF, ACKNOWLEDGED IN ITS FEBRUARY 10, 2021 ORDER THAT, "AT ITS PEAK, THE COURT HAD OVER 30,000 CASES IN THIS MDL." THAT ONLY STRENGTHENS THE PLAINTIFFS' CLAIMS THAT XARELTO WAS THE CAUSATION OF DEXTER BROWN'S CEREBRAL HEMORRHAGE BECAUSE OVER 30,000 OTHER PEOPLE ALLEGED THE SAME OR SIMILIAR INJURIES AND DEATHS CAUSED BY THE USE OF XARELTO.

Memorandum of Points and Authorities

Due to this Court's unfair and unjust pretrial orders, particularly CMO 11, the Plaintiffs could not abide by the order without committing numerous felonies due to their extreme poverty. The Court was informed that neither Plaintiff had the funds to pay a physician the hundreds or thousands of dollars to prepare a causation report to satisfy the CMO 11. The Court was informed that the Plaintiffs lacked the funds to hire an attorney to litigate this matter. The Court refused to appoint pro bono counsel for Plaintiff Lora Orozco even when pro bono counsel was available at the Courthouse in the Pro Bono Department.

Title 28 § 453. Oaths of Justices and Judges states: "Each justice or judge of the United States shall take the following oath or affirmation before performing the duties of this office: "I _____, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as _____ under the Constitution and laws of the United States. So help me God."

THE FIRST AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES STATES: "CONGRESS SHALL MAKE NO LAW RESPECTING AN ESTABLISHMENT OF RELIGION, OR PROHIBITING THE FREE EXERCISE THEREOF; OR ABRIDGING THE FREEDOM OF SPEECH, OR OF THE PRESS; OR THE RIGHT OF THE PEOPLE PEACEABLY TO ASSEMBLE, AND TO PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCES."

UNITED STATES DISTRICT COURT JUDGE ELDON E. FALLON HAS LOST SIGHT OF HIS DUTIES UNDER HIS OATH AND THE SUPREME LAW OF THE LAND. IT APPEARS THAT HE HAS A PECUNIARY INTEREST IN DISPOSING OF THIS CLAIM AGAINST THE DEFENDANTS. IT'S PROBABLE AND POSSIBLE THAT JUDGE FALLON WAS PAID A BRIBE BY THE MAKERS OF XARELTO TO DISPOSE OF THE "TAG ALONG" CASES THAT WERE NOT PART OF THE MDL SETTLEMENT AGREEMENT. BY ACCEPTING THE BRIBE, JUDGE FALLON COULD NO LONGER BE UNBIASED AND IMPARTIAL AND SHOULD HAVE DISQUALIFIED HIMSELF AT THE PLAINTIFF'S REQUEST.

IF JUDGE FALLON DID NOT HAVE A PECUNIARY INTEREST IN THIS MATTER, HE WOULD WANT JUSTICE FOR THE PLAINTIFFS AND THE 30,000 OTHER PLAINTIFFS WHO SUFFERED THE LOSS OF THEIR LOVED ONES. HE SHOULD HAVE BECOME ENRAGED AS HE READ THE MDL DOCKET WITH THE

INNUMERABLE "SUBSTITUTIONS OF DEATH" FILINGS BY PLAINTIFFS WHO DIED WHILE LITIGATING THEIR CASES AGAINST THE MAKERS OF XARELTO BECAUSE THE USE OF XARELTO OBVIOUSLY CAUSED THEIR DEATHS! THE PLAINTIFFS WANT THE COURT TO GET MAD! THE COURT HAS GOT TO SAY, "DEXTER BROWN WAS A HUMAN BEING, GODDAMNIT! HIS LIFE HAD VALUE!" THE PLAINTIFFS WANT THE COURT TO GET UP OFF THE BENCH AND GO TO THE WINDOW, OPEN IT, AND STICK YOUR HEAD OUT AND YELL, "I'M AS MAD AS HELL AND I'M NOT GOING TO TAKE THIS ANYMORE! THINGS HAVE GOT TO CHANGE! GODDAMNIT!!!

THE MAKERS OF XARELTO WILL CONTINUE TO CAUSE THE DEATHS OF COUNTLESS HUMAN BEINGS IF THE COURT WILL NOT PUNISH THEM. JOHNSON & JOHNSON RECENTLY DISPOSED OF LAWSUITS AGAINST THEM REGARDING JOHNSON & JOHNSON BABY POWDER, BY SETTLEMENT, SO THAT THEY CAN CONTINUE TO SELL THE PRODUCT CONTAINING ASBESTOS TO MOTHERS FOR THEIR BABIES. THE DEATHS OF BABIES WILL NOT STOP JOHNSON & JOHNSON FROM SELLING THEIR DEADLY BABY POWDER FOR BABIES. IT'S UP TO THE COURT TO STOP THESE MULTI-BILLION DOLLAR CORPORATIONS FROM KILLING US ALL. IF THE COURT WON'T STOP THEM, NOBODY WILL

IN KEEPING SILENT ABOUT EVIL, IN BURYING IT SO DEEP WITHIN US THAT NO SIGN OF IT APPEARS ON THE SURFACE, WE ARE IMPLANTING IT, AND IT WILL RISE UP A THOUSAND FOLD IN THE FUTURE. WHEN WE NEITHER PUNISH NOR REPROACH EVILDOERS, WE ARE NOT SIMPLY PROTECTING THEIR TRIVIAL OLD AGE, WE ARE THEREBY RIPPING THE FOUNDATIONS OF JUSTICE FROM BENEATH NEW GENERATIONS."

THE GREATER THE POWER, THE MORE DANGEROUS THE ABUSE.

THE PLAINTIFFS REQUEST THE COURT TO RECONSIDER THE ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND FURTHER TO DENY DEFENDANTS' MOTION IN THE INTERESTS OF JUSTICE AND FOR EQUAL JUSTICE UNDER LAW TO PREVENT MANIFEST INJUSTICE.

## IV. Conclusion

For the reasons stated above, this Court should grant the ex parte application.

DATED: __MARCH 8, 2021__

Respectfully submitted,

By: __Alice Brown__
(signature)

__ALICE BROWN__
(name)

__PLAINTIFF__ in Pro Per
(indicate Plaintiff or Defendant)

_11_
Page Number

Memorandum of Points and Authorities

1  ALICE BROWN _____ (Full Name)
2  _____ (Email Address)
3  PO BOX 60 _____ (Address Line 1)
4  CRESCENT CITY, CA 95531 (Address Line 2)
5  (707) 218-6181 _____ (Phone Number)
6  PLAINTIFF _____ in Pro Per
7  (indicate Plaintiff or Defendant)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

BARBARA BROWN, et al.,
Plaintiff,

vs.

JANSSEN RESEARCH & DEVELOPMENT, LLC, et al.,

Defendant(s).

Case No.: 19-CV-14669 EEF-MBN
MDL NO. 2592
SECTION L MAG. JUDGE NORTH

**DECLARATION IN SUPPORT OF EX PARTE APPLICATION FOR RECONSIDERATION**

I, (name) ALICE BROWN, declare as follows:

1. I am the ☑ Plaintiff ☐ Defendant in the above-entitled case.

2. I have personal knowledge of the following facts, and, if called as a witness, I could and would competently testify thereto.

3. I contacted the opposing counsel/unrepresented party on 2/22/21 (date) to give notice that I would be filing this ex parte application.

TENDERED FOR FILING

MAR 11 2021

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

12
Page Number

4. The contact information of the opposing counsel/unrepresented party is as follows:

**Opposing Counsel/Unrepresented Party 1**

Name: CHANDA MILLER

Phone number: (215) 988-1197

Address: FAEGRE DRINKER BIDDLE & REATH LLP
600 CAMPUS DRIVE FLORHAM PARK, NJ 07932

Email address: chanda.miller@faegredrinker.com

**Opposing Counsel/Unrepresented Party 2**

Name: JOAN GODDARD

Phone number: (212) 836-7429

Address: ARNOLD & PORTER LLP
250 WEST 55th STREET NEW YORK, NY 10019

Email address: joan.goddard@arnoldporter.com

5. Opposing counsel/unrepresented party informed me that he or she:

[X] will oppose the ex parte application. Opposing counsel/unrepresented party said that his or her reasons for opposing the ex parte application are:

BOTH OPPOSING COUNSELS, THROUGH CHANDA MILLER, STATED THAT ALL DEFENDANTS WILL OPPOSE THE MOTION BUT GAVE NO REASON FOR OPPOSING THE MOTION.

Declaration

☐ will not oppose the ex parte application.

☐ was unreachable. I made the following unsuccessful attempts to reach the opposing counsel/unrepresented party: _____

_____

_____

_____

_____

_____

_____

¶#6. I OBJECT AND DO NOT CONSENT TO THIS COURT LITIGATING THIS MATTER UNDER THE JIM CROW LAWS. I AM A BLACK AMERICAN.

¶#7. I OBJECT AND DO NOT CONSENT TO THIS COURT LITIGATING THIS MATTER UNDER THE BLACK CODES.

14
Page Number

Declaration

¶#8. I WAS BORN A FREE PERSON IN COMPTON CALIFORNIA ON DECEMBER 21, 1964. I CLAIM ALL THE RIGHTS AND PRIVILEGES AFFORDED TO ALL FREE AMERICANS.

¶#9. I DEMAND EQUAL JUSTICE UNDER LAW, IN THAT, I WAS BORN FREE.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __3/8/21__, in __CRESCENT CITY, CALIFORNIA__.
(date of signing)   (city, state of signing)

__Alice Brown__
(signature)

__ALICE BROWN__
(name)

__PLAINTIFF__ in Pro Per
(indicate Plaintiff or Defendant)

__15__
Page Number

Declaration

**PRIORITY MAIL**

US POSTAGE PAID
$7.95
Retail

Origin: 95531
03/08/21
0518780-57-05

PRIORITY MAIL 2-DAY®

0 Lb 10.40 Oz
1006

EXPECTED DELIVERY DAY: 03/12/21

C026

SHIP TO:
500 POYDRAS ST
New Orleans LA 70130-3319

USPS TRACKING® #

9505 5102 4353 1067 4117 56

FROM:
Alice Brown
PO Box 60
Crescent City, CA 95531

TO: CLERK'S OFFICE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
500 POYDRAS STREET
NEW ORLEANS, LA
70130


