UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : | MDL No. 2592 |
| | : : | SECTION L |
| THIS DOCUMENT RELATES TO: | : : : | JUDGE ELDON E. FALLON |
| *Barbara Brown, et al.,* No. 2:19-cv-14669 | : : : | MAGISTRATE JUDGE NORTH |

### JANSSEN AND BAYER DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR RECONSIDERATION OF DISMISSAL

Plaintiffs' motion to reconsider (R. Doc. 17946) is without merit and should be denied.

Plaintiffs bring no new facts or law to the Court's attention, and do not point to anything the Court overlooked in its opinion dismissing the case. The Court has already addressed on multiple occasions the Plaintiffs' requests for appointment of *pro bono* counsel and/or that they be excused from compliance with CMO 11 due to their *pro se* status.[1] Reconsideration can be denied for this reason alone. *See Campbell v. St. Tammany Parish School Board, No. 98-2605*, 1999 WL 777720, at *1 (E.D. La. Sept. 29, 1999) ("[Motions for reconsideration] may not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to entry of the judgment.").

As this Court has noted, CMO 11 applies equally in all Xarelto cases. *See* R. Doc. 17800 at 8. Many other plaintiffs have had their cases dismissed because they failed to comply with

---

[1] *See Order Den. Pls.' Mot. for Appointment of Pro Bono Counsel*, R. Doc. 17629; *Order Den. Pl.'s Mot. for Recons. of Mot. for Appointment of Pro Bono Counsel*, R. Doc. 17665; *Order Den. Pls.' Mot. to Remand*, R. Doc. 17800; *Order Den. Pls.' 2d Mot. for Appointment of Pro Bono Counsel*, R. Doc. 17825; *Order Dismissing Pls.' Case with Prejudice for Failure to Comply with CMO 11*, R. Doc. 17935.

CMO 11. *See, e.g.*, R. Doc. 17588; R. Doc. 17589; R. Doc. 17590; R. Doc. 17691; R. Doc. 17910. Plaintiffs have in no way been singled out for unfavorable treatment. To the contrary, equal justice under law requires that these Plaintiffs be treated the same as others who have failed to support their claim.

The Court has been very lenient with these Plaintiffs and provided them every opportunity to comply with the *Lone Pine* order. Defendants agreed to multiple extensions of the deadline from April 28, 2020 to June 1, 2020 and to August 3, 2020. *See Defs.' Opp. to Pls.' Mot. to Remand*, R. Doc. 17714 at 3. The Court then further extended the deadline a final time to September 4, 2020. *See* R. Doc. 17800. Even today, six months after the final deadline that had already been extended three times, there is no expert evidence that Xarelto caused Mr. Brown's death. The fact is that CMO 11 requirements aside, as a matter of law the case could not go to the jury without the opinion of an expert.[2] *See* cases cited in *Defs. Mem. in Supp. of Mot. to Dismiss or Alternatively for Sum. J.*, R. Doc. 17828 at 7-8. The motion to reconsider should be denied.

Finally, Plaintiffs' request for reconsideration includes serious accusations against both the Court and Defendants. *See* R. Doc. 17946. These baseless accusations are patently scurrilous. The

---

[2] That these Plaintiffs filed two state court cases alleging that Mr. Brown's death was caused not by Xarelto, but by medical providers overdosing him with Lithium (*See* R. Doc. 17833 at 4-5 and Exs. A & B), illustrates why expert evidence on causation is needed.

We note as well that in a pattern the Court will find familiar, the Plaintiff in the one of those state court cases (who is also a Plaintiff here) was sanctioned for failure to comply with discovery, after which the Plaintiff moved unsuccessfully to recuse the state court judge (*See* Exs. 1-2 attached)— thus adding yet another judge to a long list whom Plaintiffs have accused of bias or misconduct. *See Defs.' Opp. to Pls.' Mot. for Disqualification*, R. Doc. 17833 at 9-12 and exhibits cited therein for other examples of Plaintiffs accusing judges and magistrate judges of bias or misconduct.

pleading as a result should be stricken by the Court pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.³  Plaintiffs have been warned before about such behavior (*See* R. Doc. 17665).

Defendants also have received a document in the mail—which has not yet been filed by the Clerk—the first four words of which are entitled "Notice to Declare Treason."  Plaintiffs say they "inadvertently" omitted this "notice" from their Motion for Reconsideration although it is dated several days later.  The document contains more of the same *ad hominem* attacks on the Court and, if the Clerk elects to file it, also should be stricken pursuant to Rule 12(f).

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**
By: */s/Andrew Solow*
Andrew K. Solow
250 West 55th Street
New York, NY   10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com
*Attorneys for Defendant Bayer Corporation*

---

³ *See Florence v. Buckmeyer*, 500 F.Supp.2d 618, 645 (N.D. Tex. 2007) ("Scandalous" in Rule 12(f) "generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court."); *Stacey Williams v. Magnolia Café*, No. 18-1020-EWD, 2021 WL 871986, at *1 (M.D. La. Mar. 9, 2021) ("Accordingly, Plaintiff is ordered to cease filing documents, or including information in her filings, that is unrelated to, and/or has no bearing on Plaintiff's claims, legal arguments, or evidence in this case,…"); *NCO Financial Systems v. Harper-Horsley*, No. 07-4247, 2008 WL 2277843 *3 (E.D. La. May 29, 2008)("[various] sentences and statements are ordered **STRICKEN** and shall not be referred to in this litigation from this point forward.").

**FAEGRE DRINKER BIDDLE & REATH LLP**
By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@faegredrinker.com
*Counsel for Defendants Janssen Research & Development, LLC and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**
By: /s/ *Kim E. Moore*
Kim E. Moore
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2120
kmoore@irwinllc.com
*Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**
By: /s/ *John F. Olinde*
John F. Olinde
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com
*Defendants' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 22, 2021 the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ John F. Olinde*

The undersigned hereby certifies that on March 22, 2021 the foregoing pleading was sent by U.S. mail, postage prepaid to each Plaintiff at her address of record.

*/s/ Chanda A. Miller*