UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICOLE NAILS STONE, INDIVIDUALLY, AND AS THE EXECUTRIX OF THE ESTATE OF RAYMOND FULTON NAILS<br>Civil Action No. 2:17-cv-05372<br>Plaintiffs,<br><br>v.<br><br>JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICALS, INC. f/k/a/ JANSSEN PHARMACEUTICA INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON COMPANY, BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG, AND BAYER AG,<br>Defendants. | MDL NO. 2592<br><br>SECTION: L<br><br>JUDGE: ELDON E. FALLON<br><br>MAG. JUDGE MICHAEL NORTH<br><br>**JURY TRIAL DEMANDED** |

## MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

The Court, and opposing counsel, are all aware of the standard for Summary Judgment . . . "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

D.P. Schwab, M.D. was the surgeon performing the operation on the decedent, Raymond Nails, when Mr. Nails began the uncontrollable bleeding that caused his death. Dr. Schwab's affidavit, (Exh. "A"), unequivocally states that the use of Xarelto was the cause of Mr. Nails' uncontrollable bleeding, and the cause of his death.

The opinion of this eyewitness, medical expert, alone, is sufficient to present a genuine dispute as to the material fact at issue in this case. . .the cause of death. In 2010, Rule 56 was amended to clarify and streamline the procedures regarding summary judgment motions and to make clear the process for supporting assertions of fact and objecting thereto. New Rule 56(c), added in

2010, permits a party to support or dispute summary judgment through unsworn declarations, provided their contents can be presented in admissible form at trial. "Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible. . ., the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical and Transport, L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017). ("At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form.")

Dr. Schwabb's affidavit is sworn. . .not unsworn. The content of the affidavit would be admissible at trial. . .i.e., cause of death, and inadequate warnings.

The warnings given on the Xarelto medication were no different than the warnings given on all anticoagulant medications. . .there is a risk of bleeding. The difference is that the Research and Development of Xarelto indicated an increased risk of bleeding, and uncontrolled bleeding, as alleged in great detail in the petition. . .a risk not disclosed in the warnings dispersed by the manufacturers, and suppliers of the medicine. . .that there remained an increased risk of bleeding even after 48 hours from the time its use was discontinued.

A different warning, and a more honest warning, of the increased risk of bleeding, and the risk of uncontrolled bleeding from the use of Xarelto, as opposed to other anticoagulants, may have prevented the prescription for Xarelto by Dr. Stagg, and its use by Mr. Nails. To say that Dr. Stagg admitted in his deposition that he knew of the risk of bleeding when he prescribed Xarelto, is misleading. . .Dr. Stagg, and other healthcare providers all know of the risk of bleeding when the use of any anticoagulant is used. . .**but they have not been warned, or made aware of the increased risk of bleeding, and the uncontrollable bleeding, even after its use is discontinued for over 48 hours, associated with the use of Xarelto.**

The surgeon who operated on Mr. Nails at the time of his death, Donald P. Schwab, M.D., states in his affidavit that multiple attempts were made to control Mr. Nails' bleeding during his surgery but ultimately he died from hemorrhagic shock. Dr. Schwab read the warning label provided

by the manufacturer for Xarelto, but that label was misleading in that it did not warn of the risk of bleeding if the use of Xarelto was stopped at least 24 hours before a surgical procedure. Dr. Schwab thought that stopping Xarelto's use 48 hours before surgery meant that it was surely safe to perform surgery, and that there was no longer an increased risk of bleeding from its use. That warning label was inadequate, and that lack of warning was a proximate cause of the death of Raymond Nails.

There remain genuine disputes as to material facts in this case which prevent the movant from obtaining a Summary Judgment.

Respectfully submitted,

Damon J. Baldone & Associates

_____
Damon J. Baldone, TA (LBN 21997)
Thomas E. Dunn, (LBN 5185)
162 New Orleans Boulevard
Houma, Louisiana 70364
Telephone: (985) 868-3427
Facsimile: (985) 872-2319
Email: dbaldone@hotmail.com
ATTORNEY FOR THE PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24th, 2031, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive services in this MDL.

_____
Damon J. Baldone