UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 <br><br> SECTION L <br><br> JUDGE ELDON E. FALLON <br><br> MAGISTRATE JUDGE NORTH |

THIS DOCUMENT RELATES TO:

*Brown, et al. v. Janssen Research & Development, LLC, et al.*
CA# 2:19-cv-14669

### ORDER & REASONS

Before the Court is *pro se* Plaintiff Alice Brown's Motion for Reconsideration of this Court's Order dismissing the claims of Plaintiffs Barbara Brown, Alice Brown, and Lora Orozco with prejudice for failure to comply with Case Management Order ("CMO 11"). R. Doc. 17946. Defendants oppose the motion. R. Doc. 17947. The Plaintiffs' Executive Committee also filed a response. R. Doc. 14949. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

I.     BACKGROUND

The Court assumes familiarity with the facts and procedural background of this particular case, which is part of the multi-district litigation ("MDL") involving the prescription anticoagulant medication known as Xarelto. *See* R. Doc. 18. Plaintiffs have filed a motion for reconsideration of this Court's February 10, 2021 Order dismissing their case for failure to comply with the relevant

case management order governing this litigation.[1] In response, Defendants argue that the motion is without merit and should be denied. R. Doc. 17947. Defendants point out that, "CMO 11 requirements aside," even today "there is no expert evidence that Xarelto caused Mr. Brown's death, and as a matter of law the case could not go to the jury without the opinion of an expert." *Id*. at 2. Specifically, Defendants request that the filing should be stricken from the record in light of its patently scurrilous accusations against both the Court and the Defendants. *Id*. at 2-3.

II.  **LAW AND ANALYSIS**

A motion for reconsideration serves the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co*., 875 F.2d 468, 473 (5th Cir. 1989)). Motions for reconsideration should not be avenues for relitigating old matters, raising new arguments, or submitting evidence that could have been presented before. *See Campbell v. St. Tammany Parish School Board,* No. 98–2605, 1999 WL 777720, at *1 (E.D. La. Sept. 29, 1999). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co*., 101 F.Supp.2d 463, 465 (E.D. La. 2000)). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley,* 45 F.3d 914, 921 (5th Cir. 1995).

Here, Plaintiff provides no new facts or law in support of her motion for reconsideration. Instead, Plaintiff seeks to relitigate the issues of appointment of *pro bono* counsel and her

---

[1] The Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp*., 123 F.3d 336, 339 (5th Cir. 1997). However, when a movant seeks review of a judgment, courts typical construe a motion for reconsideration as either a Rule 59(e) motion to alter or amend judgment, or as a Rule 60(b) motion for relief from a judgment or order. *Harcon Barge Co. v. D & G Boat Rentals, Inc*., 784 F.2d 665, 666 (5th Cir. 1986). The motion is considered a Rule 59(e) motion if filed no later than 28 days from the entry of a judgment, and a Rule 60(b) motion if filed after this time period. *See* Fed. R. Civ. P. 59(e). In the present case, Plaintiff filed her Motion within 28 days of entry of the Court's Order; thus, the Motion is treated as a Rule 59(e) motion to alter or amend judgment.

compliance with CMO 11. R. Doc. 17946 at 7. The Court has addressed these issues on multiple occasions. *See* Order Den. Pls.' Mot. for Appointment of Pro Bono Counsel, R. Doc. 17629; Order Den. Pl.'s Mot. for Recons. of Mot. for Appointment of Pro Bono Counsel, R. Doc. 17665; Order Den. Pls.' Mot. to Remand, R. Doc. 17800; Order Den. Pls.' 2d Mot. for Appointment of Pro Bono Counsel, R. Doc. 17825; Order Dismissing Pls.' Case with Prejudice for Failure to Comply with CMO 11, R. Doc. 17935. Plaintiffs also unsuccessfully appealed this Court's Order denying Plaintiffs' motion to disqualify to the Fifth Circuit. R. Doc. 17923. Motions for reconsideration "should not be used to ... re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 Fed.Appx. 359, 364 (5th Cir. 2009). "Such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). For this reason, the Court must deny reconsideration.

      The Court has warned Plaintiffs to refrain from making baseless allegations in their motions in the past. *See* R. Doc. 17665. Yet, Plaintiffs again levy serious accusations of bias and fraud against both Defendants and this Court without any evidence. The assertions made in the instant motion, as described by the Plaintiff's Executive Committee, are "not only utterly baseless, and nothing more than outrageous fantasy…they are also a disservice to the thousands of citizens and their attorneys who have invested substantial time, effort and resources to process claims which are both legally and scientifically complex." R. Doc. 17949 at 2. Accordingly, the unsubstantiated allegations of bias and misconduct are to be struck from the motion.

Although Plaintiffs are entitled to disagree with the Court, they are not entitled to waste this Court's time and resources and subject Defendants to unnecessary litigation costs by filing frivolous motions in bad faith. *See O'Hara v. Travelers, Also Named, the Auto. Ins. Co. of Hartford, Connecticut (Insurer),* No. 11-208, 2012 WL 12884579, at *1 (S.D. Miss. July 20, 2012). This Court has been lenient with Plaintiffs in light of their *pro se* status. Both Defendants and the Court have granted Plaintiffs multiple extensions of the deadline to comply with CMO 11. *See* R. Doc. 17947. Most notably, the Court has afforded Plaintiffs ample opportunity to exhaust all possible arguments.

Now Plaintiffs must cease filing motions that simply restate these arguments.[2] Given the Plaintiffs' significant litigation experience,[3] the Court is satisfied that Plaintiffs understand the Court's procedural rules. Should Plaintiffs file any further motions presenting arguments already addressed by the Court, the Court will not hesitate to impose whatever sanctions are appropriate.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration, R. Doc. 17946, is **DENIED**.

---

[2] Any such filings will be returned to Plaintiffs upon receipt.
[3] Including this case, Plaintiffs Alice Brown and Barbara Brown have filed at least 17 different lawsuits, in five federal districts. *See* R. Docs. 17833 at 9-12 (detailing Plaintiffs' accusations of bias or misconduct against six other federal judges). Furthermore, Plaintiffs also filed two state court cases alleging that Mr. Brown's death was caused not by Xarelto, but by medical providers overdosing him with Lithium. *See id.* at 4-5. In one of those cases, Plaintiffs moved, unsuccessfully, to recuse the state court judge. R. Docs. 17941-1; 17941-2.

New Orleans, Louisiana, this 30th day of March, 2021.

_____
UNITED STATES DISTRICT COURT JUDGE

CC:

Barbara Brown
PO Box 5408
Sugarloaf, CA 92386

Alice Brown
PO Box 60
Crescent City, CA 95531

Lora Orozco
P.O. Box 1262
Fort Jones, CA 96032

5