IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * MDL NO. 2592 |
| | * |
| | * SECTION L |
| NICOLE NAILS STONE, INDIVIDUALLY, AND | * |
| AS THE EXECUTRIX OF THE ESTATE OF | * JUDGE ELDON E. FALLON |
| RAYMOND FULTON NAILS | * |
| | * MAG. JUDGE NORTH |
| Plaintiff, | * |
| | * NO. 2:17-cv-05372 |
| v. | * |
| | * JURY TRIAL DEMANDED |
| JANSSEN RESEARCH & DEVELOPMENT LLC | * |
| f/k/a JOHNSON AND JOHNSON | * |
| PHARMACEUTICAL RESEARCH AND | * |
| DEVELOPMENT LLC, JANSSEN ORTHO LLC, | * |
| JANSSEN PHARMACEUTICALS, INC. f/k/a | * |
| JANSSEN PHARMACEUTICA INC. f/k/a | * |
| ORTHO-MCNEIL-JANSSEN | * |
| PHARMACEUTICALS, INC., JOHNSON & | * |
| JOHNSON COMPANY, BAYER HEALTHCARE | * |
| PHARMACEUTICALS, INC., BAYER PHARMA | * |
| AG, BAYER CORPORATION, BAYER | * |
| HEALTHCARE LLC, BAYER HEALTHCARE | * |
| AG, AND BAYER AG, | * |
| | * |
| Defendants. | * |

## ANSWER AND ADDITIONAL DEFENSES OF DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC. TO PLAINTIFF'S COMPLAINT

Defendant Bayer HealthCare Pharmaceuticals Inc. ("BHCP") incorporates by reference and expressly preserves all defenses raised within its March 12, 2021 motion for summary judgment. Although the allegations in Plaintiff's Complaint are directed to Defendants

1

collectively, BHCP is not answering the allegations on behalf of any entity other than BHCP in this Answer. BHCP now serves its Answer and Additional Defenses to Plaintiff's Complaint and states as follows:

## ANSWER TO
## PLAINTIFF SPECIFIC ALLEGATIONS

1.      BHCP denies that any of Plaintiff's Decedent Raymond Fulton Nails' ("Plaintiff's Decedent") alleged injuries were a result of the ingestion of Xarelto®.  BHCP admits that Plaintiff's Decedent died on June 14, 2016 and that he was prescribed Xarelto® at some point prior to this death, but denies that he was using Xarelto® at or near the time of his death.  BHCP denies the remaining allegations contained in paragraph 1 to the extent not specifically admitted.

2.      BHCP denies that Plaintiff Nicole Nails Stone ("Plaintiff") is entitled to any relief, on behalf of the estate of Plaintiff's Decedent or otherwise.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2, and therefore those allegations are denied.

## ANSWER TO
## DEFENDANTS

3.      The allegations in paragraph 3 are not directed to BHCP, and therefore no response is required.

4.      The allegations in paragraph 4 are not directed to BHCP, and therefore no response is required.

5.      The allegations in paragraph 5 are not directed to BHCP, and therefore no response is required.

6.      The allegations in paragraph 6 are not directed to BHCP, and therefore no response is required.

7.      The allegations in paragraph 7 are not directed to BHCP, and therefore no response is required.

8.      The allegations in paragraph 8 are not directed to BHCP, and therefore no response is required.

9.      The allegations in paragraph 9 are not directed to BHCP, and therefore no response is required.

10.      The allegations in paragraph 10 are not directed to BHCP, and therefore no response is required.

11.      The allegations in paragraph 11 are not directed to BHCP, and therefore no response is required.

12.      The allegations in paragraph 12 are not directed to BHCP, and therefore no response is required.

13.      The allegations in paragraph 13 are not directed to BHCP, and therefore no response is required.

14.      The allegations in paragraph 14 are not directed to BHCP, and therefore no response is required.

15.    BHCP admits that BHCP is—and at the time the action was filed was—a Delaware corporation with its principal place of business in New Jersey. BHCP denies the allegations contained in paragraph 15 to the extent not specifically admitted.

16.    BHCP admits that BHCP had some involvement in certain aspects of the research and development of Xarelto®. BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals and denies that BHCP otherwise marketed or promoted Xarelto®. BHCP denies that BHCP sold Xarelto®. BHCP denies the allegations contained in paragraph 16 to the extent not specifically admitted.

17.    BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®. BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals and denies that BHCP otherwise marketed or promoted Xarelto®. BHCP denies that BHCP designed, manufactured, advertised, sold, or distributed Xarelto®. BHCP admits that Xarelto® is approved to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of deep vein thrombosis ("DVT"); for the treatment of pulmonary embolism ("PE"); for the reduction in the risk of recurrence of DVT and/or PE in patients at continued risk for recurrent DVT and/or PE after completion of initial treatment lasting at least 6 months; for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery; for the prophylaxis of venous thromboembolism ("VTE") and VTE related

death during hospitalization and post hospital discharge in adult patients admitted for an acute medical illness who are at risk for thromboembolic complications due to moderate or severe restricted mobility and other risk factors for VTE and not at high risk of bleeding; and in combination with aspirin to reduce the risk of major cardiovascular events (cardiovascular ("CV") death, myocardial infarction ('MI') and stroke) in patients with chronic coronary artery disease ("CAD") or peripheral artery disease ("PAD")—as fully set forth in the FDA-approved package insert for Xarelto®. BHCP denies the allegations contained in paragraph 17 to the extent not specifically admitted.

18.     BHCP admits that Bayer Pharma AG is a German stock company with its principal place of business in Germany. BHCP admits that Bayer Pharma AG is a pharmaceutical company. BHCP denies the allegations contained in paragraph 18 to the extent not specifically admitted.

19.     BHCP admits that Bayer Pharma AG was formerly known as Bayer Schering Pharma AG, which was formerly known as Schering AG, and that Bayer Pharma AG is the same corporate entity as Bayer Schering Pharma AG and Schering AG. BHCP denies the allegations contained in paragraph 19 to the extent not specifically admitted.

20.     BHCP admits that Schering AG was renamed Bayer Schering Pharma AG effective December 29, 2006. BHCP denies the allegations contained in paragraph 20 to the extent not specifically admitted.

21.     BHCP admits that Bayer Schering Pharma AG was renamed Bayer Pharma AG effective July 1, 2011. BHCP denies the allegations contained in paragraph 21 to the extent not specifically admitted.

22.     BHCP admits that Bayer Pharma AG participated in the research and development of Xarelto®. BHCP denies that Bayer Pharma AG sold or marketed Xarelto® in the United States. BHCP denies the allegations contained in paragraph 22 to the extent not specifically admitted.

23.     BHCP admits that Bayer Pharma AG participated in the design, research, and testing of Xarelto®. BHCP admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto® but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States. BHCP denies that Bayer Pharma AG advertised, promoted, marketed, sold, or distributed Xarelto® in the United States. BHCP admits that Xarelto® is approved to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of deep vein thrombosis ("DVT"); for the treatment of pulmonary embolism ("PE"); for the reduction in the risk of recurrence of DVT and/or PE in patients at continued risk for recurrent DVT and/or PE after completion of initial treatment lasting at least 6 months; for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery; for the prophylaxis of venous thromboembolism ("VTE") and VTE related death during hospitalization and post hospital discharge in adult patients admitted for an acute medical illness who are at risk for

6

thromboembolic complications due to moderate or severe restricted mobility and other risk factors for VTE and not at high risk of bleeding; and in combination with aspirin to reduce the risk of major cardiovascular events (cardiovascular ("CV") death, myocardial infarction ('MI') and stroke) in patients with chronic coronary artery disease ("CAD") or peripheral artery disease ("PAD")—as fully set forth in the FDA-approved package insert for Xarelto®. BHCP denies the allegations contained in paragraph 23 to the extent not specifically admitted.

24.     BHCP admits that Bayer Corporation is—and at the time the action was filed was—an Indiana corporation.  BHCP denies the allegations contained in paragraph 24 to the extent not specifically admitted.

25.     BHCP admits that BHCP is indirectly wholly owned by Bayer Corporation. BHCP denies the allegations in paragraph 25 to the extent not specifically admitted.

26.     BHCP states that since January 1, 2003, Bayer Corporation has been a holding company that does not conduct operations. BHCP further states that before January 1, 2003, Bayer Corporation conducted operations through divisions. BHCP denies that Bayer Corporation researched, developed, designed, licensed, manufactured, distributed, sold, or marketed Xarelto®, except that BHCP admits that a former division of Bayer Corporation, as it was configured before January 1, 2003, participated in the early development of Xarelto®. Relevant documentation regarding work relating to Xarelto® of such former division is now held by BHCP. BHCP denies the allegations in paragraph 26 to the extent not specifically admitted.

27.     BHCP admits that Bayer HealthCare LLC is a limited liability company formed in Delaware and that Bayer HealthCare LLC's principal place of business is in the State of New Jersey.  BHCP admits that from October 16, 2002 through December 31, 2014, the sole member of Bayer HealthCare LLC was Bayer Corporation and Bayer HealthCare LLC was wholly-owned by Bayer Corporation. BHCP admits that Bayer Corporation is—and at the time the action was filed was—an Indiana corporation. BHCP denies the allegations contained in paragraph 27 to the extent not specifically admitted.

28.     BHCP denies the allegations contained in paragraph 28.

29.     BHCP denies the allegations contained in paragraph 29. As a further response, BHCP states that Bayer HealthCare AG was merged into Bayer AG as universal successor effective as of July 1, 2016.

30.     BHCP denies the allegations contained in paragraph 30.

31.     BHCP admits that Bayer AG is a German stock company with its headquarters in Leverkusen, North Rhine Westphalia, Germany, which focuses on the Life Sciences in the areas of agriculture and health care, including pharmaceuticals. BHCP denies the allegations contained in paragraph 31 to the extent not specifically admitted.

32.     BHCP denies the allegations contained in paragraph 32.

33.     BHCP denies that Bayer AG designed, researched, manufactured, tested, advertised, promoted, marketed, sold, or distributed Xarelto®, except that BHCP states that before January 1, 2003, Bayer AG conducted its pharmaceutical operations through a division,

and BHCP admits that a former division of Bayer AG, as it was configured before January 1, 2003, participated in the early development of Xarelto® (relevant documentation regarding work relating to Xarelto® of such former division is now held by Bayer Pharma AG). BHCP further states that Bayer HealthCare AG, which merged into Bayer AG as universal successor effective as of July 1, 2016, had some involvement in certain aspects of the research and testing of Xarelto®, but denies that Bayer HealthCare AG designed or manufactured Xarelto®, or advertised, promoted, marketed, sold, or distributed Xarelto® in the United States. BHCP denies the allegations contained in paragraph 33 to the extent not specifically admitted.

34. BHCP admits that the Complaint contains allegations referring to BHCP and other entities collectively as "Defendants" or otherwise, but BHCP is not answering the Complaint on behalf of any entity other than BHCP and is not answering allegations that are directed to any entity other than BHCP. BHCP accordingly denies the allegations contained in paragraph 34.

35. Because of the vagueness and ambiguity of the allegations in paragraph 35, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

36. BHCP denies the allegations contained in paragraph 36.

37. BHCP admits that BHCP had some involvement in certain aspects of the development of Xarelto®. BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals and denies that

BHCP otherwise marketed or promoted Xarelto®. BHCP denies that BHCP designed, licensed, manufactured, distributed or sold Xarelto®. BHCP denies the allegations in paragraph 37 to the extent not specifically admitted.

## ANSWER TO
## JURISDICTION AND VENUE

38.     To the extent that paragraph 38 states a legal conclusion, no response is required. To the extent a response is deemed required, BHCP admits that this Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332, that there is complete diversity of citizenship, and that Plaintiff claims more than $75,000.00 in damages. BHCP denies any liability.

39.     To the extent that paragraph 39 states a legal conclusion, no response is required. To the extent a response is deemed required, without admitting the factual allegations in paragraph 39, BHCP will not assert the defense of lack of personal jurisdiction in this action, without waiving such defense in any other case.

40.     To the extent that paragraph 40 states a legal conclusion, no response is required. To the extent a response is deemed required, without admitting the factual allegations in paragraph 40, BHCP will not assert the defense of improper venue in this action, without waiving such defense in any other case.

41.     To the extent that paragraph 41 states a legal conclusion, no response is required. To the extent a response is deemed required, without admitting the factual allegations in

paragraph 41, BHCP will not assert the defense of improper venue in this action, without waiving such defense in any other case.

## ANSWER TO
## FACTUAL ALLEGATIONS

42.     BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals and denies that BHCP otherwise marketed or promoted Xarelto®. BHCP denies that BHCP designed, manufactured, sold or distributed Xarelto®. BHCP denies that any of Plaintiff's and/or Plaintiff's Decedent's alleged injuries or losses were a result of the use of Xarelto®. BHCP denies the allegations contained in paragraph 42 to the extent not specifically admitted.

43.     BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®. BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals and denies that BHCP otherwise marketed or promoted Xarelto®. BHCP denies that BHCP designed, manufactured, advertised, sold or distributed Xarelto®. BHCP admits that Xarelto® is approved to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of deep vein thrombosis ("DVT"); for the treatment of pulmonary embolism ("PE"); for the reduction in the risk of recurrence of DVT and/or PE in patients at continued risk for recurrent DVT and/or PE after completion of initial treatment lasting at least 6 months; for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip

replacement surgery; for the prophylaxis of venous thromboembolism ("VTE") and VTE related death during hospitalization and post hospital discharge in adult patients admitted for an acute medical illness who are at risk for thromboembolic complications due to moderate or severe restricted mobility and other risk factors for VTE and not at high risk of bleeding; and in combination with aspirin to reduce the risk of major cardiovascular events (cardiovascular ("CV") death, myocardial infarction ('MI') and stroke) in patients with chronic coronary artery disease ("CAD") or peripheral artery disease ("PAD")—as fully set forth in the FDA-approved package insert for Xarelto®. BHCP denies the allegations contained in paragraph 43 to the extent not specifically admitted.

44.     BHCP admits that on July 1, 2011, Xarelto® was approved by the United States Food and Drug Administration (the "FDA") for the prophylaxis of DVT which may lead to PE in patients undergoing knee or hip replacement surgery. BHCP admits that Xarelto® belongs to a class of medications sometimes referred to as new oral anticoagulants (NOACs). BHCP denies the allegations contained in paragraph 44 to the extent not specifically admitted.

45.     BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals. BHCP admits that BHCP promoted Xarelto® consistent with the FDA-approved labeling. BHCP denies that BHCP otherwise marketed or promoted Xarelto®. Because Plaintiff's allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and

therefore those allegations are denied. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 regarding products other than Xarelto®, and therefore those allegations are denied. BHCP denies the allegations contained in paragraph 45 to the extent not specifically admitted.

46.     BHCP admits that Xarelto® is an oral anticoagulant and a factor Xa inhibitor available by prescription. BHCP further admits that Xarelto® is available in the following dosage: 20 mg tablets, 15 mg tablets, 10 mg tablets, and 2.5 mg tablets. BHCP denies the allegations contained in paragraph 46 to the extent not specifically admitted.

47.     BHCP admits that on July 1, 2011, Xarelto® was approved by the FDA for the prophylaxis of DVT which may lead to PE in patients undergoing knee or hip replacement surgery. BHCP denies the allegations contained in paragraph 47 to the extent not specifically admitted.

48.     BHCP admits that the Regulation of Coagulation in Orthopedic Surgery to Prevent Deep Venous Thrombosis and Pulmonary Embolism clinical trials (the "RECORD" clinical trials) were conducted and involved evaluating the use of Xarelto® for the prevention of venous thromboembolism in patients undergoing total knee replacement or total hip replacement. The results of the RECORD clinical trials, in their entirety, speak for themselves. The New England Journal of Medicine and Lancet articles referenced in paragraph 48, in their entirety, speak for themselves. BHCP denies the allegations contained in paragraph 48 to the extent not specifically admitted.

13

49.     BHCP denies the allegations contained in paragraph 49.

50.     BHCP admits that on November 4, 2011, Xarelto® was approved by the FDA to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation. BHCP admits that the Rivaroxaban Once Daily Oral Direct Factor Xa Inhibition Compared with Vitamin K Antagonism for Prevention of Stroke and Embolism Trial in Atrial Fibrillation clinical trial (the "ROCKET AF" clinical trial) was conducted and involved evaluating the use of Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation. The results of the ROCKET AF clinical trial, in their entirety, speak for themselves. BHCP denies the allegations contained in paragraph 50 to the extent not specifically admitted.

51.     BHCP admits that the ROCKET AF clinical trial involved evaluating the use of Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation. The results of the ROCKET AF clinical trial, in their entirety, speak for themselves. The New England Journal of Medicine article referenced in paragraph 51, in its entirety, speaks for itself. BHCP denies the allegations in paragraph 51 to the extent not specifically admitted.

52.     BHCP admits that the ROCKET AF clinical trial compared the safety and efficacy of once-daily oral Xarelto® with adjusted-dose oral warfarin for the prevention of stroke and systemic embolism in patients with nonvalvular atrial fibrillation. BHCP denies Plaintiff's characterization of the ROCKET AF clinical trial. BHCP denies the allegations contained in paragraph 52 to the extent not specifically admitted.

53.     BHCP denies the allegations contained in paragraph 53.

54.     BHCP denies the allegations contained in paragraph 54. BHCP affirmatively states that Plaintiff has excerpted and referenced a selected portion of an FDA Draft Briefing Document for the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee. The FDA Draft Briefing Document, in its entirety, speaks for itself.

55.     Plaintiff attempts to excerpt a letter from Public Citizen, which is in writing and in its entirety speaks for itself. BHCP denies Plaintiff's characterization of the document and otherwise denies the allegations in paragraph 55.

56.     BHCP denies the allegations in paragraph 56. BHCP affirmatively states that Plaintiff has excerpted and referenced a selected portion of an FDA Draft Briefing Document for the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee. The FDA Draft Briefing Document, in its entirety, speaks for itself.

57.     Plaintiff has excerpted and referenced a selected portion of the transcript of the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee. The transcript of the September 8, 2011 Meeting, in its entirety, speaks for itself. BHCP denies the remaining allegations contained in paragraph 57.

58.     BHCP denies the allegations contained in paragraph 58. BHCP denies Plaintiff's characterization of the FDA's Summary Review, which in its entirety speaks for itself.

59.     BHCP admits that on November 2, 2012, Xarelto® was approved by the FDA for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE, and that the Xarelto® labeling as of November 2012 reflected information regarding the indication

for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and PE. BHCP denies the allegations contained in paragraph 59 to the extent not specifically admitted.

60.     BHCP admits that the clinical trial EINSTEIN-DVT was a comparative study conducted and that involved evaluating the use of Xarelto® for the prevention of deep vein thrombosis in patients with confirmed acute symptomatic deep vein thrombosis without symptomatic pulmonary embolism. BHCP admits that the clinical trial EINSTEIN-PE was a comparative study conducted and that involved evaluating the use of Xarelto® for the prevention of pulmonary embolism in patients with confirmed acute symptomatic pulmonary embolism with or without symptomatic deep vein thrombosis. BHCP admits that the clinical trial EINSTEIN-Extension was a comparative study conducted and that involved evaluating the use of Xarelto® for the long term prevention of recurrent symptomatic venous thromboembolism in patients with confirmed symptomatic deep vein thrombosis or pulmonary embolism and who had received prior treatment with Xarelto® or a vitamin K antagonist before clinical trial enrollment. The results of the EINSTEIN-DVT, EINSTEIN-PE, and EINSTEIN-Extension clinical trials, in their entirety, speak for themselves. The New England Journal of Medicine articles referenced in paragraph 60, in their entirety, speak for themselves. Plaintiff has cited an article entitled *Oral rivaroxaban after symptomatic venous thromboembolism: the continued treatment study*, from the Expert Review of Cardiovascular Therapy. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the accuracy of Plaintiff's

characterization of that article, and therefore Plaintiff's characterization is denied. BHCP denies the allegations contained in paragraph 60 to the extent not specifically admitted.

61.     BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA. For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies Plaintiff's characterization of the promotional materials for Xarelto®. BHCP denies the allegations contained in paragraph 61 to the extent not specifically admitted.

62.     BHCP admits that BHCP promoted Xarelto® consistent with the FDA-approved labeling. BHCP denies Plaintiff's characterization of the marketing of Xarelto®. Because Plaintiff's allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied. BHCP denies the allegations contained in paragraph 62 to the extent not specifically admitted.

63.     At all times, BHCP's limited involvement in the promotion of Xarelto® to a certain limited number of United States healthcare professionals was in accordance with the FDA-approved labeling. BHCP denies that BHCP otherwise marketed or promoted Xarelto®. BHCP denies the allegations contained in paragraph 63 to the extent not specifically admitted.

64.     BHCP denies the allegations contained in paragraph 64.

17

65.     BHCP admits that Plaintiff has quoted selected excerpts from the October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, regarding statements purportedly made by FDA reviewers regarding Xarelto®. The October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, in its entirety, speaks for itself, and BHCP is not admitting the accuracy of any information or assertions in the QuarterWatch publication. For a further response, the statements made by FDA reviewers regarding Xarelto®, in their entirety, speak for themselves. BHCP denies the allegations in paragraph 65 to the extent not specifically admitted.

66.     BHCP denies the allegations contained in paragraph 66.

67.     BHCP admits that a specific reversal agent for Xarelto® is not available. BHCP admits that the original Xarelto® label provided in the Overdosage section states that a specific reversal agent for Xarelto® is not available. BHCP further states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®. BHCP denies the allegations contained in paragraph 67 to the extent not specifically admitted.

68.     BHCP denies the allegations contained in paragraph 68.

69.     BHCP admits that there were MedWatch adverse event reports that were submitted to FDA that reference Xarelto®, which reports speak for themselves. BHCP denies Plaintiff's attempted characterization of those reports and therefore denies the remaining allegations in paragraph 69. For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or

18

contributed to the event that is the subject of the MedWatch form. BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

70. BHCP denies the allegations contained in paragraph 70. For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form. BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

71. Plaintiff fails to identify the specific publication that he purportedly quotes from in paragraph 71. BHCP denies the allegations contained in paragraph 71.

72. BHCP admits that there were MedWatch adverse event reports that were submitted to FDA that reference Xarelto® and Pradaxa®, which reports speak for themselves. BHCP denies Plaintiff's attempted characterization of those reports and therefore deny the remaining allegations. For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form. BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse

events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

73.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and therefore those allegations are denied.

74.     BHCP denies the allegations contained in paragraph 74.

75.     BHCP denies the allegations in paragraph 75, including all subparts. For a further response, BHCP states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

76.     BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals and denies that BHCP otherwise marketed or promoted Xarelto®. BHCP denies that BHCP labeled Xarelto®. For a further response, BHCP states that the original Xarelto® label was issued in July 2011 and has been supplemented at various times since then. The Xarelto® labels, in their entirety, speak for themselves. BHCP denies the allegations in paragraph 76 to the extent not specifically admitted. BHCP further responds that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

77.     BHCP denies the allegations contained in paragraph 77.

78.     BHCP admits that because of its safety and efficacy, Xarelto® was prescribed by many physicians for the benefit of their patients. BHCP denies the remaining allegations contained in paragraph 78 to the extent not specifically admitted.

79.     BHCP denies the allegations in the first sentence in paragraph 79. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 79, and therefore the allegations in the second sentence in paragraph 79 are denied.

80.     BHCP denies the allegations contained in paragraph 80.

81.     BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals and denies that BHCP otherwise marketed or promoted Xarelto®. BHCP denies the allegations contained in paragraph 81 to the extent not specifically admitted.

82.     BHCP admits that because of its safety and efficacy, Xarelto® was prescribed by many physicians for the benefit of their patients. BHCP denies the remaining allegations contained in paragraph 82 to the extent not specifically admitted.

83.     BHCP admits that because of its safety and efficacy, Xarelto® was prescribed by many physicians for the benefit of their patients. BHCP denies the remaining allegations contained in paragraph 83 to the extent not specifically admitted.

84.     BHCP denies the allegations contained in paragraph 84.

85.     BHCP denies the allegations contained in paragraph 85.

86.     BHCP denies that the FDA Office of Prescription Drug Promotion ("OPDP") sent an untitled letter to BHCP regarding a print advertisement for Xarelto®. For a further response, BHCP states, on information and belief, that the OPDP sent an untitled letter to Johnson &

Johnson International, Inc. on or about June 6, 2013. BHCP denies the allegations in paragraph 86 regarding the contents of the letter from the OPDP regarding a print advertisement for Xarelto® to the extent that they are inconsistent with the language of the letter or omit portions of the letter. The referenced OPDP letter, in its entirety, speaks for itself. BHCP denies the remaining allegations contained in paragraph 86.

87.     BHCP denies the allegations contained in paragraph 87.

88.     BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals. BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA. BHCP denies that BHCP otherwise marketed or promoted Xarelto®. For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 regarding any materials or information received by Plaintiff's and/or Plaintiff's Decedent's prescribing physician, and therefore those allegations are denied. BHCP denies the allegations contained in paragraph 88 to the extent not specifically admitted.

89.     BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals. BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients

by physicians in accordance with the labeling and prescribing information approved by the FDA. BHCP denies that BHCP otherwise marketed or promoted Xarelto®. For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies the allegations contained in paragraph 89 to the extent not specifically admitted.

90.     BHCP denies the allegations in paragraph 90. For a further response, BHCP states that the Medication Guide for Xarelto®, in its entirety, speaks for itself. BHCP further states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

91.     BHCP denies the allegations contained in paragraph 91.

92.     BHCP denies the allegations contained in paragraph 92.

93.     BHCP denies the allegations contained in paragraph 93.

94.     BHCP denies the allegations contained in paragraph 94.

95.     BHCP denies the allegations contained in paragraph 95.

96.     BHCP denies the allegations contained in paragraph 96.

97.     BHCP denies the allegations contained in paragraph 97.

98.     BHCP denies the allegations contained in paragraph 98.

99.     BHCP denies the allegations contained in paragraph 99.

100.    BHCP denies the allegations contained in paragraph 100.

101.    BHCP denies the allegations contained in paragraph 101.

102.    BHCP denies the allegations contained in paragraph 102.

## ANSWER TO
## COUNT I

103.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. BHCP denies that Plaintiff's attempt in paragraph 103 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

104.    BHCP denies the allegations contained in paragraph 104.

105.    BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®. BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals and denies that BHCP otherwise marketed or promoted Xarelto®. BHCP denies that BHCP designed, manufactured, advertised, sold or distributed Xarelto®. BHCP denies that BHCP has recently acquired any Defendant that designed, researched, manufactured, tested, advertised, promoted, marketed, sold or distributed Xarelto®. BHCP denies the allegations contained in paragraph 105 to the extent not specifically admitted.

106.    BHCP admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was sold or distributed. BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals and denies that BHCP otherwise marketed or promoted Xarelto®. BHCP denies that BHCP produced, manufactured, sold or distributed Xarelto®. BHCP denies the allegations contained in paragraph 106 to the extent not specifically admitted.

107.    BHCP denies the allegations contained in paragraph 107.

108.    BHCP denies the allegations contained in paragraph 108.

109.    BHCP denies the allegations contained in paragraph 109.

110.    BHCP denies the allegations contained in paragraph 110.

111.    BHCP denies the allegations contained in paragraph 111.

112.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, and therefore those allegations are denied.

113.    BHCP denies the allegations contained in paragraph 113.

114.    The allegations in paragraph 114 state conclusions of law to which no response is required. To the extent that a response is required, BHCP denies the allegations contained in paragraph 114.

115.    BHCP denies the allegations contained in paragraph 115.

116.    BHCP denies the allegations contained in paragraph 116.

117.    BHCP denies the allegations contained in paragraph 117.

118.    BHCP denies the allegations contained in paragraph 118.

119.    BHCP denies that Xarelto® is defective or dangerous and denies the remaining allegations contained in paragraph 119.

120.    BHCP denies the allegations contained in paragraph 120.

121.    BHCP denies the allegations contained in paragraph 121.

122.    BHCP denies the allegations contained in paragraph 122.

123.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of any Xarelto® that was allegedly ingested by Plaintiff and/or Plaintiff's Decedent, and therefore those allegations are denied. BHCP denies that BHCP manufactured, distributed or sold Xarelto®. BHCP denies the remaining allegations contained in paragraph 123.

124.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124, and therefore those allegations are denied.

125.    BHCP denies the allegations contained in paragraph 125, including all subparts.

126.    BHCP denies the allegations contained in paragraph 126.

127.    BHCP denies the allegations contained in paragraph 127.

128.    BHCP denies the allegations contained in paragraph 128.

129.    BHCP denies the allegations contained in paragraph 129.

130.    BHCP denies the allegations contained in paragraph 130.

## ANSWER TO
## COUNT II

131.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. BHCP denies that Plaintiff's attempt in paragraph 131 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

132.    BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals and denies that BHCP otherwise marketed or promoted Xarelto®. BHCP denies that BHCP designed, manufactured or sold Xarelto®. BHCP denies the allegations contained in paragraph 132 to the extent not specifically admitted.

133.    BHCP admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was distributed or sold. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of any Xarelto® that allegedly reached Plaintiff and/or Plaintiff's Decedent, and therefore those

allegations are denied. BHCP denies that BHCP manufactured, distributed or sold Xarelto®. BHCP denies the allegations contained in paragraph 133 to the extent not specifically admitted.

134.    BHCP denies the allegations contained in paragraph 134.

135.    BHCP denies the allegations contained in paragraph 135.

136.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of any Xarelto® that was allegedly used by Plaintiff and/or Plaintiff's Decedent, and therefore those allegations are denied. BHCP denies that BHCP manufactured, distributed or sold Xarelto®. BHCP denies the remaining allegations contained in paragraph 136.

137.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137, and therefore those allegations are denied.

138.    BHCP denies the allegations contained in paragraph 138.

## ANSWER TO
## COUNT III

139.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. BHCP denies that Plaintiff's attempt in paragraph 139 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in

this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

140.    BHCP denies the allegations contained in paragraph 140.

141.    BHCP denies the allegations contained in paragraph 141.

142.    BHCP denies the allegations contained in paragraph 142.

143.    BHCP denies the allegations contained in paragraph 143.

144.    BHCP denies the allegations contained in paragraph 144.

145.    BHCP denies the allegations contained in paragraph 145.

146.    BHCP denies the allegations contained in paragraph 146.

147.    BHCP denies the allegations contained in paragraph 147.

148.    BHCP denies the allegations contained in paragraph 148.

149.    BHCP denies the allegations contained in paragraph 149.

150.    BHCP denies the allegations contained in paragraph 150.

151.    BHCP denies the allegations contained in paragraph 151.

152.    BHCP denies the allegations contained in paragraph 152.

153.    BHCP denies the allegations contained in paragraph 153.

154.    BHCP denies the allegations contained in paragraph 154.

155.    BHCP denies the allegations contained in paragraph 155.

156.    BHCP denies that Plaintiff's attempt in paragraph 156 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies

any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

## ANSWER TO
## COUNT IV

157.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. BHCP denies that Plaintiff's attempt in paragraph 157 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

158.    The allegations in paragraph 158 state conclusions of law to which no response is required. To the extent that a response is required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®. BHCP denies the remaining allegations contained in paragraph 158. For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.

159.     BHCP denies the allegations contained in paragraph 159. For a further response, BHCP states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

160.     BHCP denies the allegations contained in paragraph 160.

161.     BHCP denies the allegations contained in paragraph 161.

162.     BHCP denies that it manufactured or labeled Xarelto® and denies the remaining allegations in paragraph 162. For a further response, BHCP states that the original Xarelto® label was issued in July 2011 and has been supplemented at various times since then. The Xarelto® labels, in their entirety, speak for themselves. BHCP further states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

163.     BHCP denies the allegations contained in paragraph 163.

164.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164, and therefore those allegations are denied.

165.     BHCP denies that Xarelto® is defective or dangerous and denies the remaining allegations in paragraph 165. For a further response, BHCP states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

166.     The allegations in paragraph 166 state conclusions of law to which no response is required. To the extent that a response is required, BHCP denies that BHCP manufactured or distributed Xarelto®. Because of the vagueness and ambiguity of the remaining allegations in

paragraph 166, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

167.     BHCP denies the allegations contained in paragraph 167.

168.     BHCP denies the allegations in the first sentence in paragraph 168. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 168, and therefore the allegations in the second sentence in paragraph 168 are denied.

169.     BHCP denies the allegations contained in paragraph 169.

170.     BHCP denies the allegations contained in paragraph 170.

171.     BHCP denies the allegations contained in paragraph 171.

172.     BHCP denies the allegations contained in paragraph 172.

## ANSWER TO
## COUNT V

173.     BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. BHCP denies that Plaintiff's attempt in paragraph 173 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

174.    The allegations in paragraph 174 state conclusions of law to which no response is required. To the extent that a response is required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®, including any duty with respect to the design, manufacture, sale, labeling, marketing, promotion, sale or distribution of Xarelto®. BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals and denies that BHCP otherwise marketed or promoted Xarelto®. BHCP denies that BHCP designed, manufactured, sold, labeled or distributed Xarelto®. BHCP denies the allegations contained in paragraph 174 to the extent not specifically admitted.

175.    BHCP denies the allegations contained in paragraph 175.

176.    BHCP denies the allegations contained in paragraph 176, including all subparts.

177.    BHCP denies the allegations contained in paragraph 177.

178.    BHCP denies the allegations contained in paragraph 178.

179.    BHCP denies the allegations contained in paragraph 179, including all subparts.

180.    BHCP denies the allegations contained in paragraph 180.

181.    BHCP denies the allegations contained in paragraph 181.

182.    BHCP denies the allegations contained in paragraph 182.

183.    BHCP denies the allegations contained in paragraph 183.

184.    BHCP denies the allegations contained in paragraph 184.

## ANSWER TO
## COUNT VI

185.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. BHCP denies that Plaintiff's attempt in paragraph 185 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

186.    The allegations in paragraph 186 state conclusions of law to which no response is required. To the extent that a response is required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals. BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA. BHCP denies that BHCP otherwise marketed or promoted Xarelto®. For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies the allegations contained in paragraph 186 to the extent not specifically admitted.

187.    BHCP denies the allegations contained in paragraph 187.

34

188.    The allegations in paragraph 188 state conclusions of law to which no response is required. To the extent that a response is required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals. BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA. BHCP denies that BHCP otherwise marketed or promoted Xarelto®. For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies the allegations contained in paragraph 188 to the extent not specifically admitted.

189.    BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals. BHCP admits that BHCP promoted Xarelto® as safe and fit for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA. BHCP denies that BHCP otherwise marketed or promoted Xarelto®. For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies the allegations contained in paragraph 189 to the extent not specifically admitted.

190.    BHCP denies the allegations contained in paragraph 190.

191.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff and/or Plaintiff's Decedent and her healthcare

providers relied upon and whether that alleged reliance was reasonable, and therefore those allegations are denied. BHCP denies the remaining allegations contained in paragraph 191.

192.   BHCP denies the allegations contained in paragraph 192.

193.   BHCP denies the allegations contained in paragraph 193, including all subparts.

194.   BHCP denies the allegations contained in paragraph 194.

195.   BHCP denies the allegations contained in paragraph 195.

196.   BHCP denies the allegations contained in paragraph 196.

197.   BHCP denies the allegations contained in paragraph 197.

### ANSWER TO
### COUNT VII

198.   BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. BHCP denies that Plaintiff's attempt in paragraph 198 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

199.   The allegations in paragraph 199 state conclusions of law to which no response is required. To the extent that a response is required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare

36

professionals. BHCP admits that BHCP promoted Xarelto® as fit for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA. BHCP denies that BHCP otherwise marketed or promoted Xarelto®. BHCP denies that BHCP distributed or sold Xarelto®. BHCP denies the allegations contained in paragraph 199 to the extent not specifically admitted.

200.    The allegations in paragraph 200 state conclusions of law to which no response is required. To the extent that a response is required, because of the vagueness and ambiguity of the allegations in paragraph 200, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

201.    BHCP denies the allegations contained in paragraph 201.

202.    BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals. BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA. BHCP denies that BHCP otherwise marketed or promoted Xarelto®. For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies the allegations in paragraph 202 to the extent not specifically admitted.

203.    BHCP denies the allegations contained in paragraph 203.

204.    BHCP denies the allegations contained in paragraph 204.

**ANSWER TO**
**COUNT VIII**

205.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. BHCP denies that Plaintiff's attempt in paragraph 205 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

206.    BHCP denies the allegations contained in paragraph 206.

207.    BHCP denies the allegations contained in paragraph 207.

208.    BHCP denies the allegations contained in paragraph 208.

209.    BHCP denies the allegations contained in paragraph 209.

210.    BHCP denies the allegations contained in paragraph 210.

211.    BHCP denies the allegations contained in paragraph 211.

**ANSWER TO**
**COUNT IX**

212.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. BHCP denies that Plaintiff's attempt in paragraph 212 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that

may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

213.  BHCP denies the allegations contained in paragraph 213.

214.  BHCP denies the allegations contained in paragraph 214.

215.  BHCP denies the allegations contained in paragraph 215.

216.  BHCP denies the allegations contained in paragraph 216.

217.  BHCP denies the allegations contained in paragraph 217.

218.  BHCP denies the allegations contained in paragraph 218.

219.  BHCP denies the allegations contained in paragraph 219.

220.  BHCP denies the allegations contained in paragraph 220.

221.  BHCP denies the allegations contained in paragraph 221.

222.  BHCP denies the allegations contained in paragraph 222.

223.  BHCP denies the allegations contained in paragraph 223.

224.  BHCP denies the allegations contained in paragraph 224.

225.  BHCP denies the allegations contained in paragraph 225.

226.  BHCP denies the allegations contained in paragraph 226.

227.  BHCP denies the allegations contained in paragraph 227.

228.  BHCP denies the allegations contained in paragraph 228.

229.  BHCP denies the allegations contained in paragraph 229.

230.    BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals. BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA. BHCP denies that BHCP otherwise marketed or promoted Xarelto®. For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies that BHCP advertised Xarelto® and denies the allegations in paragraph 230 to the extent not specifically admitted.

231.    BHCP denies the allegations contained in paragraph 231.

232.    The allegations in paragraph 232 state conclusions of law to which no response is required. To the extent that a response is required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®. BHCP denies that BHCP marketed Xarelto® directly to consumers and denies the remaining allegations in paragraph 232. For a further response, BHCP states that appropriate information and warnings regarding the risks associated with the use of Xarelto® were provided.

233.    BHCP denies the allegations contained in paragraph 233.

234.    BHCP denies the allegations contained in paragraph 234.

235.    BHCP denies the allegations contained in paragraph 235.

## ANSWER TO
## COUNT X

236.     BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. BHCP denies that Plaintiff's attempt in paragraph 236 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation. BHCP further denies that Plaintiff has properly asserted claims under any "consumer protection laws" or "consumer fraud laws."

237.     BHCP denies the allegations contained in paragraph 237.

238.     BHCP denies the allegations contained in paragraph 238, including all subparts.

239.     BHCP denies the allegations contained in paragraph 239.

240.     BHCP denies the allegations contained in paragraph 240.

241.     BHCP denies the allegations contained in paragraph 241.

242.     BHCP denies the allegations contained in paragraph 242.

243.     BHCP denies the allegations contained in paragraph 243.

**ANSWER TO**
**COUNT XI**

244.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. BHCP denies that Plaintiff's attempt in paragraph 244 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

245.    BHCP denies the allegations contained in paragraph 245.

246.    BHCP denies the allegations contained in paragraph 246.

247.    BHCP denies the allegations contained in paragraph 247.

248.    BHCP denies the allegations contained in paragraph 248.

249.    BHCP denies the allegations contained in paragraph 249.

250.    BHCP denies the allegations contained in paragraph 250.

**ANSWER TO**
**COUNT XII**

251.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. BHCP denies that Plaintiff's attempt in paragraph 251 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that

may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

252.    Paragraph 252 contains no allegations directed to BHCP, and therefore no response is required.  To the extent a response is deemed required, BHCP denies that Plaintiff or Plaintiff's Decedent is entitled to any damages.

253.    BHCP denies the allegations contained in paragraph 253.

254.    BHCP denies the allegations contained in paragraph 254.

### ANSWER TO
### COUNT XIII

255.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. BHCP denies that Plaintiff's attempt in paragraph 255 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

256.    BHCP denies the allegations contained in paragraph 256.

257.    BHCP denies the allegations contained in paragraph 257.

258.    BHCP denies the allegations contained in paragraph 258.

## ANSWER TO
## JURY TRIAL DEMANDED

The paragraph under the heading "Jury Trial Demanded" contains no factual allegations and requires no response.  BHCP hereby demands a trial by jury on all issues so triable.

## ANSWER TO
## PRAYER FOR RELIEF

BHCP denies the allegations contained in the unnumbered paragraph under the heading "Prayer for Relief" and its subparagraphs, and denies any wrongdoing whatsoever. BHCP denies that it is liable to Plaintiff, either for damages, and/or any other relief or costs or attorneys' fees or interest in any amount whatsoever.

BHCP requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of BHCP and against Plaintiff, and that BHCP be awarded the costs of this action, together with such other and further relief as may be appropriate.

All allegations of the Complaint not expressly admitted are denied.

## ADDITIONAL DEFENSES

By setting forth these additional defenses, BHCP does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. BHCP further reserves the right to amend its Answer and Additional Defenses, and to assert additional defenses and other claims, as this matter proceeds.

Further answering, and by way of additional defenses, BHCP states as follows:

1.      Plaintiff's Complaint, and each and every count contained therein, fail to state a cause of action or claim upon which relief can be granted.

2.      Plaintiff's claims are barred because the Plaintiff's Decedent ceased taking Xarelto before his death and therefore Xarelto® could not be the medical cause or proximate cause of his death.

3.      Plaintiff's claims are barred by the learned intermediary doctrine.

4.      Plaintiff's claims are barred because the Xarelto®'s label adequately warned and instructed physicians of the use of Xarelto.

5.      Plaintiff's claims are barred because the Plaintiff's Decedent's physicians were independently aware of the risks associated with Xarelto®.

6.      Plaintiff's claims are barred because of the absence of warnings causation or proximate causation in that a different warning or instruction would not have avoided or mitigated the alleged injury.

7.      Plaintiff's claims are barred because the benefits of Xarelto® outweigh the risks, if any, that might be associated with the product.

8.      Plaintiff's claims are barred under the Restatement (Second) of Torts: Product Liability §402A and/or Restatement (Third) of Torts: Product Liability §6.

9.      Plaintiff's claims are barred because the formulation of Xarelto® did not deviate from manufacturing specifications.

45

10.     Plaintiff's claims for strict liability, negligence, misrepresentation, implied warranty, fraud, and violation of consumer protection statutes are barred by the exclusivity provisions of the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51 *et seq.* (the "LPLA").

11.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's and/or Plaintiff's Decedent's failure to mitigate Plaintiff's alleged damages.

12.     The acts and omissions of Plaintiff and/or Plaintiff's Decedent caused and/or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrines of contributory negligence and/or comparative negligence. Plaintiff's recovery, if any, therefore is barred or should be apportioned in accordance with applicable law.

13.     The alleged injuries sustained by Plaintiff's Decedent, if any, were caused, in whole or in part, by pre-existing physical, medical, and/or physiological conditions, for which BHCP has no legal responsibility.

14.     If Plaintiff's Decedent suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by Plaintiff's Decedent. Plaintiff's recovery accordingly is barred or should be reduced by Plaintiff's Decedent's assumption of the risk.

15.     If the injuries claimed by Plaintiff were related to the use of Xarelto®, which is expressly denied, any such injuries were the result of an idiosyncratic reaction to Xarelto®.

46

16.     The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of BHCP was not the proximate and/or competent producing cause of such alleged injuries and damages.

17.     The injuries and damages claimed by Plaintiff, if any, are barred or must be reduced, because those damages arose from the acts or omissions of persons or entities other than BHCP, for whom BHCP has no legal responsibility.

18.     If Plaintiff and/or Plaintiff's Decedent sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse, or use inconsistent with the labeling of the prescription drug Xarelto®. Plaintiff's recovery is accordingly barred.

19.     The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including BHCP.

14.     Plaintiff's Complaint fails to state a claim to the extent BHCP did not manufacture or distribute the product allegedly used by Plaintiff's Decedent.

15.     BHCP owed no legal duty to Plaintiff and/or Plaintiff's Decedent because BHCP did not manufacture or distribute Xarelto®.

16.     Plaintiff's Complaint fails to state a claim upon which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing, promotion, and sale of Xarelto®, including, but not limited to, adequate warnings and instructions with respect to the product's use included in the product's package insert and

47

other literature, conformed to the applicable state of the art. Xarelto®, including its labeling approved by the FDA, complied with the state of scientific and medical knowledge available at the time. Plaintiff's recovery accordingly is barred.

17.     Plaintiff's claims are barred, because Xarelto® was neither defective nor unreasonably dangerous in its design, manufacture, marketing, or promotion and was reasonably safe and reasonably fit for its intended uses, thereby barring Plaintiff's recovery.

18.     The warnings and instructions accompanying Xarelto® at the time of the occurrence or injuries alleged by Plaintiff were legally adequate warnings and instructions.

19.     The prescription drug Xarelto® complied with the applicable product safety regulations promulgated by the FDA. Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing, promotion, and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous. Plaintiff's recovery is accordingly barred.

20.     Any claims by Plaintiff relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

21.     Plaintiff's claims are barred, in whole or in part, because the commercial speech relating to Xarelto® is protected under the First Amendment of the United States Constitution and the applicable state constitution.

22.     Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

23.     Plaintiff's claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal regulation of prescription drug manufacturing, testing, marketing, promotion, and labeling.

24.     To the extent that Plaintiff's claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001).

25.     Plaintiff cannot state a claim upon which relief may be granted with regard to warnings and labeling for prescription drugs, because the remedy sought by Plaintiff is subject to the exclusive regulation of the FDA.

26.     This Court should abstain from adjudicating Plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

27.     Plaintiff's Decedent did not detrimentally rely on any labeling, warnings or information concerning Xarelto®.

28.     BHCP did not misrepresent or conceal any fact material to Plaintiff's Decedent's treatment with Xarelto®.

29.    Plaintiff's Decedent's prescribing physicians did not rely on any alleged misrepresentations or concealment by BHCP in treating Plaintiff's Decedent.

30.    Each item of economic loss alleged in the Complaint may have been or may be replaced or indemnified in whole or in part by collateral sources, and therefore is not recoverable in this action.

31.    To the extent that Plaintiff's Complaint seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

32.    To the extent that Plaintiff's and/or Plaintiff Decedent's claims have been settled or Plaintiff will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of BHCP, if any, should be reduced accordingly.

33.    Plaintiff's Complaint fails to state a claim upon which relief can be granted as to costs, attorneys' fees, pre-judgment interest, and post-judgment interest.

34.    Plaintiff's claims for breach of warranty are barred because Plaintiff failed to give timely notice of any alleged breach of warranty.

35.    BHCP did not sell or distribute Xarelto® to Plaintiff's Decedent, and Plaintiff's Decedent did not receive or rely upon any representations or warranties as alleged in the Complaint. Plaintiff's claims for breach of warranty, express or implied, are barred by lack of privity between Plaintiff's Decedent and BHCP.

36.     Plaintiff's claims for breach of warranty, express or implied, are barred by the applicable state's Uniform Commercial Code or other applicable law.

37.     Plaintiff's Complaint fails to state a claim for fraud and fails to allege the circumstances constituting fraud with the particularity required by the Federal Rules of Civil Procedure or the Louisiana Code of Civil Procedure.

38.     Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages as punitive damages are not available under Louisiana law.

39.     No act or omission of BHCP caused or contributed to Plaintiff's Decedent's alleged injuries or death or Plaintiff's alleged damages.  Further, the Complaint fails to allege conduct by BHCP upon which an award of punitive or exemplary damages can be based.

40.     BHCP denies any conduct for which punitive or exemplary damages could or should be awarded and denies that sufficient evidence has been or can be produced to support or sustain the imposition of punitive damages pursuant to the applicable standard(s) of proof.

41.     Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate BHCP's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution, would violate its rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, and would contravene other provisions of the United States Constitution and any applicable state constitution.

42.     Plaintiff cannot recover punitive or exemplary damages against BHCP, because such an award, which is penal in nature, would violate BHCP's constitutional rights under the United States Constitution and any applicable state constitution, unless BHCP is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

43.     Any imposition of punitive or exemplary damages in this case would contravene the Commerce Clause of the United States Constitution, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

44.     Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

45.     With respect to Plaintiff's demand for punitive or exemplary damages, BHCP specifically reserves the right to assert any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under any state law that may be applicable to Plaintiff's claims, including, but not limited to, New Jersey law, including the provisions of the Punitive Damages Act, N.J.S.A. 2A:15-5.9 et seq., and/or any other applicable state law. BHCP reserves the right to seek bifurcation of Plaintiff's punitive

damages claims pursuant to any applicable law, including, but not limited to, <u>N.J.S.A.</u> 2A:15-5.13.

46.     Plaintiff's right to recover damages in this action, if any, is statutorily limited by the applicable state's wrongful death statute.

47.     Plaintiff's claims for equitable relief are barred because there is an adequate remedy at law.

48.     Plaintiff's claims asserted under statutes and regulations relating to prescription drugs fail, in whole or in part, because those statutes and regulations do not contain or create any private cause of action.

49.     Count X of the complaint does not specify which state's consumer protection or consumer fraud laws Plaintiff is asserting a claim under. BHCP assumes Plaintiff is asserting a claim under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*. To the extent Plaintiff seeks to assert a claim under another state's law, the claim is barred because (a) the complaint does not provide fair notice of the claim, and (b) such other state's law does not apply to this case under Louisiana choice of law principles. Alternatively, BHCP asserts all available defenses under such other state's statutes.

50.     Plaintiff's Complaint fails to state a claim for unlawful conduct under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*., because BHCP completely complied with the applicable law in connection with the promotion of Xarelto®.

51.     Plaintiff's Complaint fails to state a claim for misleading or unfair advertising or for deceptive business practices under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq.,* because BHCP's promotion of Xarelto® was not misleading, unfair or deceptive.

52.     Plaintiff's claims are barred in whole or in part because the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*., is insufficiently definite to provide adequate or fair notice of the conduct proscribed, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the due process protections of the applicable state constitution.

53.     Plaintiff's claims are barred in whole or in part because the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq.,* unconstitutionally burdens interstate business practices relating to prescription drugs, which are heavily regulated by the FDA.

54.     Plaintiff's action should be stayed or dismissed because Plaintiff has not exhausted the administrative remedies as required under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*.

55.     Plaintiff's claims under the Louisiana Unfair Trade Practices and Consumer Protection Law are barred by the exclusivity provisions of the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51 *et seq*.

56.   BHCP asserts all defenses and limitations under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*.

57.   Plaintiff's claims under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*., are barred to the extent that Plaintiff's claims were brought more than one year after the alleged transaction or act which Plaintiff alleges gives rise to Plaintiff's claim.

58.   Any claims for detrimental reliance are barred under Louisiana law.

59.   BHCP pleads the provisions and limitations of the LPLA and all the limitations and defenses set forth therein, including but not limited to, industry custom, technological feasibility, and compliance with standards and regulations.

60.   BHCP specifically pleads the applicability and exclusivity of the LPLA, and specifically avers that Plaintiff and Plaintiff's Decedent is not entitled to recovery under any of the exclusive theories of liability set forth in the LPLA.

61.   Plaintiff's claims are limited to those allowed under the LPLA, and Plaintiff's relief, if any, is limited to relief allowed under the LPLA.  Plaintiff's claims are barred by applicable provisions of the LPLA.

62.   Xarelto® possesses no characteristic that renders it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA.

63.   La. Rev. Stat. 9:2800.59 applies, and Xarelto® was designed, manufactured, packaged, labeled, sold and distributed in conformity with the then-existing reasonably available

scientific and technological knowledge, and, therefore BHCP can have no liability in the premises.

64.     Plaintiff's compensatory damages, if any, are limited to those permitted under Louisiana Civil Code Article 2315.

65.     Under Louisiana Civil Code Articles 2323 and 2324, BHCP is not liable for more than its own degree of fault, if any, and is not solidarily liable with other persons or entities for damages attributable to the fault of such persons or entities.

66.     Under Louisiana Civil Code Article 2323, Plaintiff's claims are barred or limited by Plaintiff and/or Plaintiff's Decedent's own negligence, carelessness, and/or comparative fault, which was a direct and proximate cause of Plaintiff's Decedent's injuries or damages, if any.

67.     With respect to each and every cause of action, Plaintiff is not entitled to relief to the extent that Plaintiff is unable to prove the identity of the manufacturer and/or supplier of the precise products used by Plaintiff's Decedent.

68.     Plaintiff's demand for punitive damages is barred by the LPLA.

69.     BHCP adopts and incorporates by reference all defenses pled by other defendants except to the extent that they are inconsistent with BHCP's defenses pled in this Answer.

70.     BHCP asserts all defenses available under the state law applicable to any and all of the claims asserted in this action.

71.     Plaintiff's claims for wrongful death, survival action, and loss of consortium are derivative of the Plaintiff 's Decedent's claim and therefore are barred by all of the defenses available against the Plaintiff's Decedent.

72.     BHCP expressly reserves the right to amend this Answer to assert additional defenses or to make additional claims for relief that become available or apparent during the course of investigation, preparation, or discovery.

**WHEREFORE**, BHCP requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of BHCP and against Plaintiff, and that BHCP be awarded the costs of this action, together with such other and further relief as may be appropriate.

## JURY DEMAND

BHCP hereby demands a trial by jury on all issues so triable.

June 17, 2021

Respectfully Submitted,

*/s/ John F. Olinde*
John F. Olinde, #1515
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Email: olinde@chaffe.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8485
andrew.solow@arnoldporter.com
steven.glickstein@arnoldporter.com


William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@arnoldporter.com

Lindsey C. Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8914
lboney@bradley.com

*Attorneys for Bayer HealthCare*
*Pharmaceuticals Inc. and Bayer Pharma AG*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 17, 2021, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on al other Plaintiff's counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17. A copy of this filing will also be sent by electronic mail to Plaintiff's counsel at the following address:

Damon J. Baldone
Thomas E. Dunn
Damon J. Baldone & Associates
162 New Orleans Blvd.
Houma, LA 70364
Email: damon@baldonelaw.com
Email: thomas@baldonelaw.com

*/s/ John F. Olinde*
**John F. Olinde**