**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | * **MDL NO. 2592** |
| | * |
| | * **SECTION L** |
| **NICOLE NAILS STONE, INDIVIDUALLY, AND** | * |
| **AS THE EXECUTRIX OF THE ESTATE OF** | * **JUDGE ELDON E. FALLON** |
| **RAYMOND FULTON NAILS** | * |
| | * **MAG. JUDGE NORTH** |
| **Plaintiff,** | * |
| | * **NO. 2:17-cv-05372** |
| **v.** | * |
| | * **JURY TRIAL DEMANDED** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC** | * |
| **f/k/a JOHNSON AND JOHNSON** | * |
| **PHARMACEUTICAL RESEARCH AND** | * |
| **DEVELOPMENT LLC, JANSSEN ORTHO LLC,** | * |
| **JANSSEN PHARMACEUTICALS, INC. f/k/a** | * |
| **JANSSEN PHARMACEUTICA INC. f/k/a** | * |
| **ORTHO-MCNEIL-JANSSEN** | * |
| **PHARMACEUTICALS, INC., JOHNSON &** | * |
| **JOHNSON COMPANY, BAYER HEALTHCARE** | * |
| **PHARMACEUTICALS, INC., BAYER PHARMA** | * |
| **AG, BAYER CORPORATION, BAYER** | * |
| **HEALTHCARE LLC, BAYER HEALTHCARE** | * |
| **AG, AND BAYER AG,** | * |
| | * |
| **Defendants.** | * |

**ANSWER AND ADDITIONAL DEFENSES OF DEFENDANT BAYER PHARMA AG
TO PLAINTIFF'S COMPLAINT**

Defendant Bayer Pharma AG incorporates by reference and expressly preserves all

defenses raised within its March 12, 2021 motion for summary judgment. Although the

allegations in Plaintiff's Complaint are directed to Defendants collectively, Bayer Pharma AG is

1

not answering the allegations on behalf of any entity other than Bayer Pharma AG in this Answer. Bayer Pharma AG now serves its Answer and Additional Defenses to Plaintiff's Complaint and states as follows:

## ANSWER TO
## PLAINTIFF SPECIFIC ALLEGATIONS

1.      Bayer Pharma AG denies that any of Plaintiff's Decedent Raymond Fulton Nails' ("Plaintiff's Decedent") alleged injuries were a result of the ingestion of Xarelto®.  Bayer Pharma AG admits that Plaintiff's Decedent died on June 14, 2016 and that he was prescribed Xarelto® at some point prior to this death, but denies that he was using Xarelto® at or near the time of his death.  Bayer Pharma AG denies the remaining allegations contained in paragraph 1 to the extent not specifically admitted.

2.      Bayer Pharma AG denies that Plaintiff Nicole Nails Stone ("Plaintiff") is entitled to any relief, on behalf of the estate of Plaintiff's Decedent or otherwise.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2, and therefore those allegations are denied.

## ANSWER TO
## DEFENDANTS

3.      The allegations in paragraph 3 are not directed to Bayer Pharma AG, and therefore no response is required.

4.      The allegations in paragraph 4 are not directed to Bayer Pharma AG, and therefore no response is required.

2

5.      The allegations in paragraph 5 are not directed to Bayer Pharma AG, and therefore no response is required.

6.      The allegations in paragraph 6 are not directed to Bayer Pharma AG, and therefore no response is required.

7.      The allegations in paragraph 7 are not directed to Bayer Pharma AG, and therefore no response is required.

8.      The allegations in paragraph 8 are not directed to Bayer Pharma AG, and therefore no response is required.

9.      The allegations in paragraph 9 are not directed to Bayer Pharma AG, and therefore no response is required.

10.     The allegations in paragraph 10 are not directed to Bayer Pharma AG, and therefore no response is required.

11.     The allegations in paragraph 11 are not directed to Bayer Pharma AG, and therefore no response is required.

12.     The allegations in paragraph 12 are not directed to Bayer Pharma AG, and therefore no response is required.

13.     The allegations in paragraph 13 are not directed to Bayer Pharma AG, and therefore no response is required.

14.     The allegations in paragraph 14 are not directed to Bayer Pharma AG, and therefore no response is required.

15.     Bayer Pharma AG admits that Bayer HealthCare Pharmaceuticals Inc. is—and at the time the action was filed was—a Delaware corporation with its principal place of business in New Jersey. Bayer Pharma AG denies the allegations contained in paragraph 15 to the extent not specifically admitted.

16.     Bayer Pharma AG admits that Bayer HealthCare Pharmaceuticals Inc. had some involvement in certain aspects of the research and development of Xarelto®. Bayer Pharma AG further admits that Bayer HealthCare Pharmaceuticals Inc. had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals and denies that Bayer HealthCare Pharmaceuticals Inc. otherwise marketed or promoted Xarelto®. Bayer Pharma AG denies that Bayer HealthCare Pharmaceuticals Inc. sold Xarelto®. Bayer Pharma AG denies the allegations contained in paragraph 16 to the extent not specifically admitted.

17.     Bayer Pharma AG admits that Bayer HealthCare Pharmaceuticals Inc. had some involvement in certain aspects of the research and testing of Xarelto®. Bayer Pharma AG further admits that Bayer HealthCare Pharmaceuticals Inc. had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals and denies that Bayer HealthCare Pharmaceuticals Inc. otherwise marketed or promoted Xarelto®. Bayer Pharma AG denies that Bayer HealthCare Pharmaceuticals Inc. designed, manufactured, advertised, sold, or distributed Xarelto®. Bayer Pharma AG admits that Xarelto® is approved to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of deep vein thrombosis ("DVT"); for the treatment of pulmonary embolism

4

("PE"); for the reduction in the risk of recurrence of DVT and/or PE in patients at continued risk for recurrent DVT and/or PE after completion of initial treatment lasting at least 6 months; for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery; for the prophylaxis of venous thromboembolism ("VTE") and VTE related death during hospitalization and post hospital discharge in adult patients admitted for an acute medical illness who are at risk for thromboembolic complications due to moderate or severe restricted mobility and other risk factors for VTE and not at high risk of bleeding; and in combination with aspirin to reduce the risk of major cardiovascular events (cardiovascular ("CV") death, myocardial infarction ('MI') and stroke) in patients with chronic coronary artery disease ("CAD") or peripheral artery disease ("PAD")—as fully set forth in the FDA-approved package insert for Xarelto®. Bayer Pharma AG denies the allegations contained in paragraph 17 to the extent not specifically admitted.

18.     Bayer Pharma AG admits that Bayer Pharma AG is a German stock company with its principal place of business in Germany. Bayer Pharma AG admits that Bayer Pharma AG is a pharmaceutical company. Bayer Pharma AG denies the allegations contained in paragraph 18 to the extent not specifically admitted. For a further response, Bayer Pharma AG states that, prior to December 30, 2008, there was a German company named Bayer HealthCare AG (the "company named Bayer HealthCare AG that existed prior to December 30, 2008"). Bayer Pharma AG further states that, effective December 30, 2008, the company named Bayer HealthCare AG that existed prior to December 30, 2008 was merged into Bayer Schering

5

Pharma AG, now known as Bayer Pharma AG, and ceased to exist. Bayer Pharma AG responds to allegations contained in the Complaint on its own behalf and as a successor by merger to the company named Bayer HealthCare AG that existed prior to December 30, 2008.  Bayer Pharma AG further states that effective January 5, 2009, a separate German company that was created in February 2008 was renamed Bayer HealthCare AG, and later merged into Bayer AG as universal successor effective as of July 1, 2016 (the "company renamed Bayer HealthCare AG"). References in the Complaint to "Bayer HealthCare AG" are understood by Bayer Pharma AG to be referring to the company renamed Bayer HealthCare AG, and Bayer Pharma AG responds accordingly.

19.     Bayer Pharma AG admits that Bayer Pharma AG was formerly known as Bayer Schering Pharma AG, which was formerly known as Schering AG, and that Bayer Pharma AG is the same corporate entity as Bayer Schering Pharma AG and Schering AG. Bayer Pharma AG denies the allegations contained in paragraph 19 to the extent not specifically admitted.

20.     Bayer Pharma AG admits that Schering AG was renamed Bayer Schering Pharma AG effective December 29, 2006. Bayer Pharma AG denies the allegations contained in paragraph 20 to the extent not specifically admitted.

21.     Bayer Pharma AG admits that Bayer Schering Pharma AG was renamed Bayer Pharma AG effective July 1, 2011. Bayer Pharma AG denies the allegations contained in paragraph 21 to the extent not specifically admitted.

22. Bayer Pharma AG admits that Bayer Pharma AG participated in the research and development of Xarelto®. Bayer Pharma AG denies that Bayer Pharma AG sold or marketed Xarelto® in the United States. Bayer Pharma AG denies the allegations contained in paragraph 22 to the extent not specifically admitted.

23. Bayer Pharma AG admits that Bayer Pharma AG participated in the design, research, and testing of Xarelto®. Bayer Pharma AG admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto® but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States. Bayer Pharma AG denies that Bayer Pharma AG advertised, promoted, marketed, sold, or distributed Xarelto® in the United States. Bayer Pharma AG admits that Xarelto® is approved to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of deep vein thrombosis ("DVT"); for the treatment of pulmonary embolism ("PE"); for the reduction in the risk of recurrence of DVT and/or PE in patients at continued risk for recurrent DVT and/or PE after completion of initial treatment lasting at least 6 months; for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery; for the prophylaxis of venous thromboembolism ("VTE") and VTE related death during hospitalization and post hospital discharge in adult patients admitted for an acute medical illness who are at risk for thromboembolic complications due to moderate or severe restricted mobility and other risk factors for VTE and not at high risk of bleeding; and in combination with aspirin to reduce the risk of major cardiovascular events (cardiovascular ("CV") death, myocardial

infarction ('MI') and stroke) in patients with chronic coronary artery disease ("CAD") or peripheral artery disease ("PAD")—as fully set forth in the FDA-approved package insert for Xarelto®. Bayer Pharma AG denies the allegations contained in paragraph 23 to the extent not specifically admitted.

24.     Bayer Pharma AG admits that Bayer Corporation is—and at the time this action was filed was—an Indiana corporation.  Bayer Pharma AG denies the allegations contained in paragraph 24 to the extent not specifically admitted.

25.     Bayer Pharma AG admits that Bayer HealthCare Pharmaceuticals Inc. is indirectly wholly owned by Bayer Corporation.  Bayer Pharma AG denies the allegations in paragraph 25 to the extent not specifically admitted.

26.     Bayer Pharma AG states that since January 1, 2003, Bayer Corporation has been a holding company that does not conduct operations. Bayer Pharma AG further states that before January 1, 2003, Bayer Corporation conducted operations through divisions. Bayer Pharma AG denies that Bayer Corporation researched, developed, designed, licensed, manufactured, distributed, sold, or marketed Xarelto®, except that Bayer Pharma AG admits that a former division of Bayer Corporation, as it was configured before January 1, 2003, participated in the early development of Xarelto®. For a further response, Bayer Pharma AG states that relevant documentation regarding work relating to Xarelto® of such former division is now held by Bayer HealthCare Pharmaceuticals Inc. Bayer Pharma AG denies the allegations in paragraph 26 to the extent not specifically admitted.

27.     Bayer Pharma AG admits that Bayer HealthCare LLC is a limited liability company formed in Delaware and that Bayer HealthCare LLC's principal place of business is in the State of New Jersey.  Bayer Pharma AG admits that from October 16, 2002 through December 31, 2014, the sole member of Bayer HealthCare LLC was Bayer Corporation and Bayer HealthCare LLC was wholly-owned by Bayer Corporation. Bayer Pharma AG admits that Bayer Corporation is—and at the time the action was filed was—an Indiana corporation. Bayer Pharma AG denies the allegations contained in paragraph 27 to the extent not specifically admitted.

28.     Bayer Pharma AG denies the allegations contained in paragraph 28.

29.     Bayer Pharma AG denies the allegations contained in paragraph 29. As a further response, Bayer Pharma AG states that Bayer HealthCare AG was merged into Bayer AG as universal successor effective as of July 1, 2016.

30.     Bayer Pharma AG denies the allegations contained in paragraph 30.

31.     Bayer Pharma AG admits that Bayer AG is a German stock company with its headquarters in Leverkusen, North Rhine Westphalia, Germany, which focuses on the Life Sciences in the areas of agriculture and health care, including pharmaceuticals. Bayer Pharma AG denies the allegations contained in paragraph 31 to the extent not specifically admitted.

32.     Bayer Pharma AG denies the allegations contained in paragraph 32.

33.     Bayer Pharma AG denies that Bayer AG designed, researched, manufactured, tested, advertised, promoted, marketed, sold, or distributed Xarelto®, except that Bayer Pharma

AG states that before January 1, 2003, Bayer AG conducted its pharmaceutical operations through a division, and Bayer Pharma AG admits that a former division of Bayer AG, as it was configured before January 1, 2003, participated in the early development of Xarelto® (relevant documentation regarding work relating to Xarelto® of such former division is now held by Bayer Pharma AG). Bayer Pharma AG further states that Bayer HealthCare AG, which merged into Bayer AG as universal successor effective as of July 1, 2016, had some involvement in certain aspects of the research and testing of Xarelto®, but denies that Bayer HealthCare AG designed or manufactured Xarelto®, or advertised, promoted, marketed, sold, or distributed Xarelto® in the United States. Bayer Pharma AG denies the allegations contained in paragraph 33 to the extent not specifically admitted.

34.     Bayer Pharma AG admits that the Complaint contains allegations referring to Bayer Pharma AG and other entities collectively as "Defendants" or otherwise, but Bayer Pharma AG is not answering the Complaint on behalf of any entity other than Bayer Pharma AG and is not answering allegations that are directed to any entity other than Bayer Pharma AG. Bayer Pharma AG accordingly denies the allegations contained in paragraph 34.

35.     Because of the vagueness and ambiguity of the allegations in paragraph 35, Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

36.     Bayer Pharma AG denies the allegations contained in paragraph 36.

37.     Bayer Pharma AG admits that Bayer Pharma AG participated in the development and design of Xarelto®, and that Bayer Pharma AG licensed Xarelto®.  Bayer Pharma AG admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States. Bayer Pharma AG denies that Bayer Pharma AG distributed, sold, or marketed Xarelto® in the United States. Bayer Pharma AG denies the allegations in paragraph 37 to the extent not specifically admitted.

<u>**ANSWER TO**</u>
<u>**JURISDICTION AND VENUE**</u>

38.     To the extent that paragraph 38 states a legal conclusion, no response is required. To the extent a response is deemed required, Bayer Pharma AG admits that this Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332, that there is complete diversity of citizenship, and that Plaintiff claims more than $75,000.00 in damages. Bayer Pharma AG denies any liability.

39.     To the extent that paragraph 39 states a legal conclusion, no response is required. To the extent a response is deemed required, without admitting the factual allegations in paragraph 39, Bayer Pharma AG will not assert the defense of lack of personal jurisdiction in this action, without waiving such defense in any other case.

40.     To the extent that paragraph 40 states a legal conclusion, no response is required. To the extent a response is deemed required, without admitting the factual allegations in

11

paragraph 40, Bayer Pharma AG will not assert the defense of improper venue in this action, without waiving such defense in any other case.

41.    To the extent that paragraph 41 states a legal conclusion, no response is required. To the extent a response is deemed required, without admitting the factual allegations in paragraph 41, Bayer Pharma AG will not assert the defense of improper venue in this action, without waiving such defense in any other case.

### ANSWER TO
### FACTUAL ALLEGATIONS

42.    Bayer Pharma AG admits that Bayer Pharma AG participated in the design of Xarelto®. Bayer Pharma AG admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto® but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States. Bayer Pharma AG denies that Bayer Pharma AG marketed, sold, or distributed Xarelto® in the United States. Bayer Pharma AG denies that any of Plaintiff's and/or Plaintiff's Decedent's alleged injuries or losses were a result of the use of Xarelto®. Bayer Pharma AG denies the allegations contained in paragraph 42 to the extent not specifically admitted.

43.    Bayer Pharma AG admits that Bayer Pharma AG participated in the design, research, and testing of Xarelto®. Bayer Pharma AG admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto® but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States.

Bayer Pharma AG denies that Bayer Pharma AG advertised, promoted, marketed, sold, or distributed Xarelto® in the United States. Bayer Pharma AG admits that Xarelto® is approved to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of deep vein thrombosis ("DVT"); for the treatment of pulmonary embolism ("PE"); for the reduction in the risk of recurrence of DVT and/or PE in patients at continued risk for recurrent DVT and/or PE after completion of initial treatment lasting at least 6 months; for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery; for the prophylaxis of venous thromboembolism ("VTE") and VTE related death during hospitalization and post hospital discharge in adult patients admitted for an acute medical illness who are at risk for thromboembolic complications due to moderate or severe restricted mobility and other risk factors for VTE and not at high risk of bleeding; and in combination with aspirin to reduce the risk of major cardiovascular events (cardiovascular ("CV") death, myocardial infarction ('MI') and stroke) in patients with chronic coronary artery disease ("CAD") or peripheral artery disease ("PAD")—as fully set forth in the FDA-approved package insert for Xarelto®. Bayer Pharma AG denies the allegations contained in paragraph 43 to the extent not specifically admitted.

44.     Bayer Pharma AG admits that on July 1, 2011, Xarelto® was approved by the United States Food and Drug Administration (the "FDA") for the prophylaxis of DVT which may lead to PE in patients undergoing knee or hip replacement surgery. Bayer Pharma AG admits that Xarelto® belongs to a class of medications sometimes referred to as new oral

anticoagulants (NOACs). Bayer Pharma AG denies the allegations contained in paragraph 44 to the extent not specifically admitted.

45.     Bayer Pharma AG denies that Bayer Pharma AG marketed Xarelto® in the United States. Because Plaintiff's allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied. Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 regarding products other than Xarelto®, and therefore those allegations are denied. Bayer Pharma AG denies the allegations contained in paragraph 45 to the extent not specifically admitted.

46.     Bayer Pharma AG admits that Xarelto® is an oral anticoagulant and a factor Xa inhibitor available by prescription. Bayer Pharma AG further admits that Xarelto® is available in the following dosage: 20 mg tablets, 15 mg tablets, 10 mg tablets, and 2.5 mg tablets. Bayer Pharma AG denies the allegations contained in paragraph 46 to the extent not specifically admitted.

47.     Bayer Pharma AG admits that on July 1, 2011, Xarelto® was approved by the FDA for the prophylaxis of DVT which may lead to PE in patients undergoing knee or hip replacement surgery. Bayer Pharma AG denies the allegations contained in paragraph 47 to the extent not specifically admitted.

48.     Bayer Pharma AG admits that the Regulation of Coagulation in Orthopedic Surgery to Prevent Deep Venous Thrombosis and Pulmonary Embolism clinical trials (the "RECORD" clinical trials) were conducted and involved evaluating the use of Xarelto® for the prevention of venous thromboembolism in patients undergoing total knee replacement or total hip replacement. The results of the RECORD clinical trials, in their entirety, speak for themselves. The New England Journal of Medicine and Lancet articles referenced in paragraph 48, in their entirety, speak for themselves. Bayer Pharma AG denies the allegations contained in paragraph 48 to the extent not specifically admitted.

49.     Bayer Pharma AG denies the allegations contained in paragraph 49.

50.     Bayer Pharma AG admits that on November 4, 2011, Xarelto® was approved by the FDA to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation. Bayer Pharma AG admits that the Rivaroxaban Once Daily Oral Direct Factor Xa Inhibition Compared with Vitamin K Antagonism for Prevention of Stroke and Embolism Trial in Atrial Fibrillation clinical trial (the "ROCKET AF" clinical trial) was conducted and involved evaluating the use of Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation. The results of the ROCKET AF clinical trial, in their entirety, speak for themselves. Bayer Pharma AG denies the allegations contained in paragraph 50 to the extent not specifically admitted.

51.     Bayer Pharma AG admits that the ROCKET AF clinical trial involved evaluating the use of Xarelto® to reduce the risk of stroke and systemic embolism in patients with

15

nonvalvular atrial fibrillation. The results of the ROCKET AF clinical trial, in their entirety, speak for themselves. The New England Journal of Medicine article referenced in paragraph 51, in its entirety, speaks for itself. Bayer Pharma AG denies the allegations in paragraph 51 to the extent not specifically admitted.

52.     Bayer Pharma AG admits that the ROCKET AF clinical trial compared the safety and efficacy of once-daily oral Xarelto® with adjusted-dose oral warfarin for the prevention of stroke and systemic embolism in patients with nonvalvular atrial fibrillation. Bayer Pharma AG denies Plaintiff's characterization of the ROCKET AF clinical trial. Bayer Pharma AG denies the allegations contained in paragraph 52 to the extent not specifically admitted.

53.     Bayer Pharma AG denies the allegations contained in paragraph 53.

54.     Bayer Pharma AG denies the allegations contained in paragraph 54. Bayer Pharma AG affirmatively states that Plaintiff has excerpted and referenced a selected portion of an FDA Draft Briefing Document for the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee. The FDA Draft Briefing Document, in its entirety, speaks for itself.

55.     Plaintiff attempts to excerpt a letter from Public Citizen, which is in writing and in its entirety speaks for itself. Bayer Pharma AG denies Plaintiff's characterization of the document and otherwise denies the allegations in paragraph 55.

56.     Bayer Pharma AG denies the allegations in paragraph 56. Bayer Pharma AG affirmatively states that Plaintiff has excerpted and referenced a selected portion of an FDA

Draft Briefing Document for the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee. The FDA Draft Briefing Document, in its entirety, speaks for itself.

57.     Plaintiff has excerpted and referenced a selected portion of the transcript of the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee. The transcript of the September 8, 2011 Meeting, in its entirety, speaks for itself. Bayer Pharma AG denies the remaining allegations contained in paragraph 57.

58.     Bayer Pharma AG denies the allegations contained in paragraph 58. Bayer Pharma AG denies Plaintiff's characterization of the FDA's Summary Review, which in its entirety speaks for itself.

59.     Bayer Pharma AG admits that on November 2, 2012, Xarelto® was approved by the FDA for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE, and that the Xarelto® labeling as of November 2012 reflected information regarding the indication for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and PE. Bayer Pharma AG denies the allegations contained in paragraph 59 to the extent not specifically admitted.

60.     Bayer Pharma AG admits that the clinical trial EINSTEIN-DVT was a comparative study conducted and that involved evaluating the use of Xarelto® for the prevention of deep vein thrombosis in patients with confirmed acute symptomatic deep vein thrombosis without symptomatic pulmonary embolism. Bayer Pharma AG admits that the

17

clinical trial EINSTEIN-PE was a comparative study conducted and that involved evaluating the use of Xarelto® for the prevention of pulmonary embolism in patients with confirmed acute symptomatic pulmonary embolism with or without symptomatic deep vein thrombosis. Bayer Pharma AG admits that the clinical trial EINSTEIN-Extension was a comparative study conducted and that involved evaluating the use of Xarelto® for the long term prevention of recurrent symptomatic venous thromboembolism in patients with confirmed symptomatic deep vein thrombosis or pulmonary embolism and who had received prior treatment with Xarelto® or a vitamin K antagonist before clinical trial enrollment. The results of the EINSTEIN-DVT, EINSTEIN-PE, and EINSTEIN-Extension clinical trials, in their entirety, speak for themselves. The New England Journal of Medicine articles referenced in paragraph 60, in their entirety, speak for themselves. Plaintiff has cited an article entitled *Oral rivaroxaban after symptomatic venous thromboembolism: the continued treatment study*, from the Expert Review of Cardiovascular Therapy. Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the accuracy of Plaintiff's characterization of that article, and therefore Plaintiff's characterization is denied. Bayer Pharma AG denies the allegations contained in paragraph 60 to the extent not specifically admitted.

61.    Bayer Pharma AG denies that Bayer Pharma AG promoted Xarelto® in the United States. Bayer Pharma AG denies Plaintiff's characterization of the promotional materials for Xarelto®. Bayer Pharma AG denies the remaining allegations contained in paragraph 61. For

a further response, Bayer Pharma AG states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

62.     Bayer Pharma AG denies that Bayer Pharma AG marketed Xarelto® in the United States. Because Plaintiff's allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied. Bayer Pharma AG denies the allegations contained in paragraph 62.

63.     Bayer Pharma AG denies that Bayer Pharma AG marketed or promoted Xarelto® in the United States and denies the remaining allegations contained in paragraph 63.

64.     Bayer Pharma AG denies the allegations contained in paragraph 64.

65.     Bayer Pharma AG admits that Plaintiff has quoted selected excerpts from the October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, regarding statements purportedly made by FDA reviewers regarding Xarelto®. The October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, in its entirety, speaks for itself, and Bayer Pharma AG is not admitting the accuracy of any information or assertions in the QuarterWatch publication. For a further response, the statements made by FDA reviewers regarding Xarelto®, in their entirety, speak for themselves. Bayer Pharma AG denies the allegations in paragraph 65 to the extent not specifically admitted.

66.     Bayer Pharma AG denies the allegations contained in paragraph 66.

67.     Bayer Pharma AG admits that a specific reversal agent for Xarelto® is not available. Bayer Pharma AG admits that the original Xarelto® label provided in the Overdosage section states that a specific reversal agent for Xarelto® is not available. Bayer Pharma AG further states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®. Bayer Pharma AG denies the allegations contained in paragraph 67 to the extent not specifically admitted.

68.     Bayer Pharma AG denies the allegations contained in paragraph 68.

69.     Bayer Pharma AG admits that there were MedWatch adverse event reports that were submitted to FDA that reference Xarelto®, which reports speak for themselves. Bayer Pharma AG denies Plaintiff's attempted characterization of those reports and therefore denies the remaining allegations in paragraph 69. For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form. Bayer Pharma AG further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

70.     Bayer Pharma AG denies the allegations contained in paragraph 70. For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form. Bayer Pharma AG further responds that all anticoagulants approved for use in

the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

71.    Plaintiff fails to identify the specific publication that he purportedly quotes from in paragraph 71. Bayer Pharma AG denies the allegations contained in paragraph 71.

72.    Bayer Pharma AG admits that there were MedWatch adverse event reports that were submitted to FDA that reference Xarelto® and Pradaxa®, which reports speak for themselves.  Bayer Pharma AG denies Plaintiff's attempted characterization of those reports and therefore deny the remaining allegations. For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form. Bayer Pharma AG further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

73.    Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and therefore those allegations are denied.

74.    Bayer Pharma AG denies the allegations contained in paragraph 74.

75.    Bayer Pharma AG denies that Bayer Pharma AG labeled Xarelto® in the United States and denies the remaining allegations in paragraph 75, including all subparts. For a further response, Bayer Pharma AG states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

21

76.     Bayer Pharma AG denies that Bayer Pharma AG marketed or labeled Xarelto® in the United States, and denies the remaining allegations contained in paragraph 76.

77.     Bayer Pharma AG denies the allegations contained in paragraph 77.

78.     Bayer Pharma AG admits that because of its safety and efficacy, Xarelto® was prescribed by many physicians for the benefit of their patients. Bayer Pharma AG denies the remaining allegations contained in paragraph 78 to the extent not specifically admitted. Bayer Pharma AG affirmatively states that Xarelto® sales data for 2013 is publicly available.

79.     Bayer Pharma AG denies that Bayer Pharma AG promoted or advertised Xarelto® in the United States, and denies the remaining allegations in the first sentence in paragraph 79. Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 79, and therefore the allegations in the second sentence in paragraph 79 are denied.

80.     Bayer Pharma AG denies the allegations contained in paragraph 80.

81.     Bayer Pharma AG denies that Bayer Pharma AG marketed Xarelto® in the United States, and denies the remaining allegations contained in paragraph 81.

82.     Bayer Pharma AG admits that because of its safety and efficacy, Xarelto® was prescribed by many physicians for the benefit of their patients. Bayer Pharma AG denies the remaining allegations contained in paragraph 82 to the extent not specifically admitted.

83.     Bayer Pharma AG admits that because of its safety and efficacy, Xarelto® was prescribed by many physicians for the benefit of their patients. Bayer Pharma AG denies the

remaining allegations contained in paragraph 83 to the extent not specifically admitted. Bayer Pharma AG affirmatively states that Xarelto® sales data for the years 2012 and 2013 is publicly available.

84.    Bayer Pharma AG denies that it marketed or advertised Xarelto® in the United States, and denies the remaining allegations contained in paragraph 84.

85.    Bayer Pharma AG denies the allegations contained in paragraph 85.

86.    Bayer Pharma AG denies that the FDA Office of Prescription Drug Promotion ("OPDP") sent an untitled letter to Bayer Pharma AG regarding a print advertisement for Xarelto®. For a further response, Bayer Pharma AG states, on information and belief, that the OPDP sent an untitled letter to Johnson & Johnson International, Inc. on or about June 6, 2013. Bayer Pharma AG denies the allegations in paragraph 86 regarding the contents of the letter from the OPDP regarding a print advertisement for Xarelto® to the extent that they are inconsistent with the language of the letter or omit portions of the letter. The referenced OPDP letter, in its entirety, speaks for itself. Bayer Pharma AG denies the remaining allegations contained in paragraph 86.

87.    Bayer Pharma AG denies the allegations contained in paragraph 87.

88.    Bayer Pharma AG denies that Bayer Pharma AG promoted Xarelto® in the United States, and denies the remaining allegations contained in paragraph 88.

89.    Bayer Pharma AG denies that Bayer Pharma AG marketed or promoted Xarelto® in the United States, and denies the remaining allegations contained in paragraph 89.

90.     Bayer Pharma AG denies the allegations in paragraph 90. For a further response, Bayer Pharma AG states that the Medication Guide for Xarelto®, in its entirety, speaks for itself. Bayer Pharma AG further states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

91.     Bayer Pharma AG denies the allegations contained in paragraph 91.

92.     Bayer Pharma AG denies that Bayer Pharma AG marketed or promoted Xarelto® in the United States. Bayer Pharma AG denies the remaining allegations in paragraph 92.

93.     Bayer Pharma AG denies the allegations contained in paragraph 93.

94.     Bayer Pharma AG denies the allegations contained in paragraph 94.

95.     Bayer Pharma AG denies the allegations contained in paragraph 95.

96.     Bayer Pharma AG denies the allegations contained in paragraph 96.

97.     Bayer Pharma AG denies the allegations contained in paragraph 97.

98.     Bayer Pharma AG denies the allegations contained in paragraph 98.

99.     Bayer Pharma AG denies the allegations contained in paragraph 99.

100.     Bayer Pharma AG denies the allegations contained in paragraph 100.

101.     Bayer Pharma AG denies the allegations contained in paragraph 101.

102.     Bayer Pharma AG denies the allegations contained in paragraph 102.

## ANSWER TO
## COUNT I

103.    Bayer Pharma AG incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. Bayer Pharma AG denies that Plaintiff's attempt in paragraph 103 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. Bayer Pharma AG denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

104.    Bayer Pharma AG denies the allegations contained in paragraph 104.

105.    Bayer Pharma AG admits that Bayer Pharma AG participated in the design, research and testing of Xarelto®. Bayer Pharma AG admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States. Bayer Pharma AG denies that Bayer Pharma AG advertised, promoted, marketed, sold, or distributed Xarelto® in the United States. Bayer Pharma AG denies that Bayer Pharma AG has recently acquired any Defendant that designed, researched, manufactured, tested, advertised, promoted, marketed, sold or distributed Xarelto®. Bayer Pharma AG denies the allegations contained in paragraph 105 to the extent not specifically admitted.

106.    Bayer Pharma AG admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was sold or distributed. Bayer Pharma AG denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States, and denies that Bayer Pharma AG sold, distributed, or marketed Xarelto® in the United States. Bayer Pharma AG denies the allegations contained in paragraph 106 to the extent not specifically admitted.

107.    Bayer Pharma AG denies the allegations contained in paragraph 107.

108.    Bayer Pharma AG denies the allegations contained in paragraph 108.

109.    Bayer Pharma AG denies the allegations contained in paragraph 109.

110.    Bayer Pharma AG denies the allegations contained in paragraph 110.

111.    Bayer Pharma AG denies the allegations contained in paragraph 111.

112.    Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, and therefore those allegations are denied.

113.    Bayer Pharma AG denies the allegations contained in paragraph 113.

114.    The allegations in paragraph 114 state conclusions of law to which no response is required. To the extent that a response is required, Bayer Pharma AG denies that Bayer Pharma AG violated any applicable duty relating to Xarelto®, and denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States. Bayer

Pharma AG denies that Xarelto® was dangerous, and denies the remaining allegations contained in paragraph 114.

115.    Bayer Pharma AG denies the allegations contained in paragraph 115.

116.    Bayer Pharma AG denies the allegations contained in paragraph 116.

117.    Bayer Pharma AG denies the allegations contained in paragraph 117.

118.    Bayer Pharma AG denies the allegations contained in paragraph 118.

119.    Bayer Pharma AG denies that Xarelto® is defective or dangerous and denies the remaining allegations contained in paragraph 119.

120.    Bayer Pharma AG denies the allegations contained in paragraph 120.

121.    Bayer Pharma AG denies the allegations contained in paragraph 121.

122.    Bayer Pharma AG denies the allegations contained in paragraph 122.

123.    Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of any Xarelto® that was allegedly ingested by Plaintiff and/or Plaintiff's Decedent, and therefore those allegations are denied. Bayer Pharma AG denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States, and denies that Bayer Pharma AG distributed or sold Xarelto® in the United States. Bayer Pharma AG denies the remaining allegations contained in paragraph 123.

124.    Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124, and therefore those allegations are denied.

125.   Bayer Pharma AG denies the allegations contained in paragraph 125, including all subparts.

126.   Bayer Pharma AG denies the allegations contained in paragraph 126.

127.   Bayer Pharma AG denies the allegations contained in paragraph 127.

128.   Bayer Pharma AG denies the allegations contained in paragraph 128.

129.   Bayer Pharma AG denies the allegations contained in paragraph 129.

130.   Bayer Pharma AG denies the allegations contained in paragraph 130.

**ANSWER TO**
**COUNT II**

131.   Bayer Pharma AG incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. Bayer Pharma AG denies that Plaintiff's attempt in paragraph 131 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. Bayer Pharma AG denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

132.   Bayer Pharma AG admits that Bayer Pharma AG participated in the design of Xarelto®. Bayer Pharma AG admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished

product of Xarelto®, which was distributed in the United States. Bayer Pharma AG denies that Bayer Pharma AG marketed, promoted, or sold Xarelto® in the United States. Bayer Pharma AG denies the allegations contained in paragraph 132 to the extent not specifically admitted.

133.    Bayer Pharma AG admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was distributed or sold. Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of any Xarelto® that allegedly reached Plaintiff and/or Plaintiff's Decedent, and therefore those allegations are denied. Bayer Pharma AG denies that Bayer Pharma AG manufactured finished product Xarelto®, which was distributed in the United States, and denies that Bayer Pharma AG distributed or sold Xarelto® in the United States. Bayer Pharma AG denies the allegations contained in paragraph 133 to the extent not specifically admitted.

134.    Bayer Pharma AG denies the allegations contained in paragraph 134.

135.    Bayer Pharma AG denies the allegations contained in paragraph 135.

136.    Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of any Xarelto® that was allegedly used by Plaintiff and/or Plaintiff's Decedent, and therefore those allegations are denied. Bayer Pharma AG denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States, and denies that Bayer Pharma AG distributed or sold Xarelto®

in the United States. Bayer Pharma AG denies the remaining allegations contained in paragraph 136.

137.    Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137, and therefore those allegations are denied.

138.    Bayer Pharma AG denies the allegations contained in paragraph 138.

<u>**ANSWER TO**</u>
<u>**COUNT III**</u>

139.    Bayer Pharma AG incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. Bayer Pharma AG denies that Plaintiff's attempt in paragraph 139 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. Bayer Pharma AG denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

140.    Bayer Pharma AG denies the allegations contained in paragraph 140.

141.    Bayer Pharma AG denies the allegations contained in paragraph 141.

142.    Bayer Pharma AG denies the allegations contained in paragraph 142.

143.    Bayer Pharma AG denies the allegations contained in paragraph 143.

144.    Bayer Pharma AG denies the allegations contained in paragraph 144.

145.    Bayer Pharma AG denies the allegations contained in paragraph 145.

146.    Bayer Pharma AG denies the allegations contained in paragraph 146.

147.    Bayer Pharma AG denies the allegations contained in paragraph 147.

148.    Bayer Pharma AG denies the allegations contained in paragraph 148.

149.    Bayer Pharma AG denies the allegations contained in paragraph 149.

150.    Bayer Pharma AG denies the allegations contained in paragraph 150.

151.    Bayer Pharma AG denies the allegations contained in paragraph 151.

152.    Bayer Pharma AG denies the allegations contained in paragraph 152.

153.    Bayer Pharma AG denies the allegations contained in paragraph 153.

154.    Bayer Pharma AG denies the allegations contained in paragraph 154.

155.    Bayer Pharma AG denies the allegations contained in paragraph 155.

156.    Bayer Pharma AG denies that Plaintiff's attempt in paragraph 156 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. Bayer Pharma AG denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

## ANSWER TO
## COUNT IV

157.     Bayer Pharma AG incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. Bayer Pharma AG denies that Plaintiff's attempt in paragraph 157 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. Bayer Pharma AG denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

158.     The allegations in paragraph 158 state conclusions of law to which no response is required. To the extent a response is required, Bayer Pharma AG denies that Bayer Pharma AG violated any applicable duty relating to Xarelto®. Bayer Pharma AG denies the remaining allegations contained in paragraph 158. For a further response, Bayer Pharma AG states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.

159.     Bayer Pharma AG denies the allegations contained in paragraph 159. For a further response, Bayer Pharma AG states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

160.     Bayer Pharma AG denies the allegations contained in paragraph 160.

161.     Bayer Pharma AG denies the allegations contained in paragraph 161.

162.     Bayer Pharma AG denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States, denies that Bayer Pharma AG labeled Xarelto® in the United States, and denies the remaining allegations contained in paragraph 162. and denies the remaining allegations in paragraph 162. Bayer Pharma AG further states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

163.     Bayer Pharma AG denies the allegations contained in paragraph 163.

164.     Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164, and therefore those allegations are denied.

165.     Bayer Pharma AG denies that Xarelto® is defective or dangerous and denies the remaining allegations in paragraph 165. For a further response, Bayer Pharma AG states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

166.     The allegations in paragraph 166 state conclusions of law to which no response is required. To the extent that a response is required, Bayer Pharma AG denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States, and denies that Bayer Pharma AG distributed Xarelto® in the United States. Because of the vagueness and ambiguity of the remaining allegations in paragraph 166, Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

167.     Bayer Pharma AG denies the allegations contained in paragraph 167.

168.    Bayer Pharma AG denies the allegations in the first sentence in paragraph 168. Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 168, and therefore the allegations in the second sentence in paragraph 168 are denied.

169.    Bayer Pharma AG denies the allegations contained in paragraph 169.

170.    Bayer Pharma AG denies the allegations contained in paragraph 170.

171.    Bayer Pharma AG denies the allegations contained in paragraph 171.

172.    Bayer Pharma AG denies the allegations contained in paragraph 172.

## ANSWER TO
## COUNT V

173.    Bayer Pharma AG incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. Bayer Pharma AG denies that Plaintiff's attempt in paragraph 173 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. Bayer Pharma AG denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

174.    The allegations in paragraph 174 state conclusions of law to which no response is required. To the extent that a response is required, Bayer Pharma AG denies that Bayer Pharma

AG violated any applicable duty relating to Xarelto®, including any duty with respect to the design, manufacture, sale, labeling, marketing, promotion, sale or distribution of Xarelto®. Bayer Pharma AG denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States, denies that Bayer Pharma AG sold, labeled, marketed, promoted, or distributed Xarelto® in the United States, and denies the remaining allegations contained in paragraph 174.

175.    Bayer Pharma AG denies the allegations contained in paragraph 175.

176.    Bayer Pharma AG denies the allegations contained in paragraph 176, including all subparts.

177.    Bayer Pharma AG denies the allegations contained in paragraph 177.

178.    Bayer Pharma AG denies the allegations contained in paragraph 178.

179.    Bayer Pharma AG denies the allegations contained in paragraph 179, including all subparts.

180.    Bayer Pharma AG denies the allegations contained in paragraph 180.

181.    Bayer Pharma AG denies the allegations contained in paragraph 181.

182.    Bayer Pharma AG denies the allegations contained in paragraph 182.

183.    Bayer Pharma AG denies the allegations contained in paragraph 183.

184.    Bayer Pharma AG denies the allegations contained in paragraph 184.

## ANSWER TO
## COUNT VI

185.    Bayer Pharma AG incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. Bayer Pharma AG denies that Plaintiff's attempt in paragraph 185 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. Bayer Pharma AG denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

186.    The allegations in paragraph 186 state conclusions of law to which no response is required. To the extent that a response is required, Bayer Pharma AG denies the allegations contained in paragraph 186 as they pertain to Bayer Pharma AG. For a further response, Bayer Pharma AG states that Xarelto® was approved by the FDA for sale in the United States for the indications in its FDA-approved labeling, which labeling provided appropriate warnings regarding the risks associated with the use of Xarelto®. Bayer Pharma AG denies any remaining allegations contained in paragraph 186.

187.    Bayer Pharma AG denies the allegations contained in paragraph 187.

188.    The allegations in paragraph 188 state conclusions of law to which no response is required. To the extent that a response is required, Bayer Pharma AG denies the allegations

contained in paragraph 188 as they pertain to Bayer Pharma AG. For a further response, Bayer Pharma AG states that Xarelto® was approved by the FDA for sale in the United States for the indications in its FDA-approved labeling, which labeling provided appropriate warnings regarding the risks associated with the use of Xarelto®. Bayer Pharma AG denies any remaining allegations contained in paragraph 188.

189.    Bayer Pharma AG denies the allegations contained in paragraph 189 as they pertain to Bayer Pharma AG. For a further response, Bayer Pharma AG states that Xarelto® was approved by the FDA for sale in the United States for the indications in its FDA-approved labeling, which labeling provided appropriate warnings regarding the risks associated with the use of Xarelto®. Bayer Pharma AG denies any remaining allegations contained in paragraph 189.

190.    Bayer Pharma AG denies the allegations contained in paragraph 190.

191.    Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff and/or Plaintiff's Decedent and her healthcare providers relied upon and whether that alleged reliance was reasonable, and therefore those allegations are denied. Bayer Pharma AG denies the remaining allegations contained in paragraph 191. For a further response, Bayer Pharma AG states that the FDA-approved labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

192.    Bayer Pharma AG denies the allegations contained in paragraph 192.

37

193.     Bayer Pharma AG denies the allegations contained in paragraph 193, including all subparts.

194.     Bayer Pharma AG denies the allegations contained in paragraph 194. For a further response, Bayer Pharma AG states that the FDA-approved labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

195.     Bayer Pharma AG denies the allegations contained in paragraph 195.

196.     Bayer Pharma AG denies the allegations contained in paragraph 196.

197.     Bayer Pharma AG denies the allegations contained in paragraph 197.

## ANSWER TO
## COUNT VII

198.     Bayer Pharma AG incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. Bayer Pharma AG denies that Plaintiff's attempt in paragraph 198 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. Bayer Pharma AG denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

199.     The allegations in paragraph 199 state conclusions of law to which no response is required. To the extent that a response is required, Bayer Pharma AG denies the allegations

contained in paragraph 199 as they pertain to Bayer Pharma AG. For a further response, Bayer Pharma AG states that Xarelto® was approved for sale in United States for the indications in its FDA-approved labeling, which labeling provided appropriate warnings regarding the risks associated with the use of Xarelto®. Bayer Pharma AG denies any remaining allegations contained in paragraph 199.

200.    The allegations in paragraph 200 state conclusions of law to which no response is required. To the extent that a response is required, because of the vagueness and ambiguity of the allegations in paragraph 200, Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

201.    Bayer Pharma AG denies the allegations contained in paragraph 201.

202.    Bayer Pharma AG denies the allegations contained in paragraph 202. For a further response, Bayer Pharma AG states that the FDA-approved labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

203.    Bayer Pharma AG denies the allegations contained in paragraph 203.

204.    Bayer Pharma AG denies the allegations contained in paragraph 204.

## ANSWER TO
## COUNT VIII

205.    Bayer Pharma AG incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. Bayer Pharma AG denies that Plaintiff's attempt in paragraph 205 to plead all Counts of the Complaint pursuant to unidentified states' substantive

laws is legally sufficient. Bayer Pharma AG denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

206.   Bayer Pharma AG denies the allegations contained in paragraph 206.

207.   Bayer Pharma AG denies the allegations contained in paragraph 207.

208.   Bayer Pharma AG denies the allegations contained in paragraph 208.

209.   Bayer Pharma AG denies the allegations contained in paragraph 209.

210.   Bayer Pharma AG denies the allegations contained in paragraph 210.

211.   Bayer Pharma AG denies the allegations contained in paragraph 211.

## ANSWER TO
## COUNT IX

212.   Bayer Pharma AG incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. Bayer Pharma AG denies that Plaintiff's attempt in paragraph 212 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. Bayer Pharma AG denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under

the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

213.   Bayer Pharma AG denies the allegations contained in paragraph 213.

214.   Bayer Pharma AG denies the allegations contained in paragraph 214.

215.   Bayer Pharma AG denies the allegations contained in paragraph 215.

216.   Bayer Pharma AG denies the allegations contained in paragraph 216.

217.   Bayer Pharma AG denies the allegations contained in paragraph 217.

218.   Bayer Pharma AG denies the allegations contained in paragraph 218.

219.   Bayer Pharma AG denies the allegations contained in paragraph 219.

220.   Bayer Pharma AG denies the allegations contained in paragraph 220.

221.   Bayer Pharma AG denies the allegations contained in paragraph 221.

222.   Bayer Pharma AG denies the allegations contained in paragraph 222.

223.   Bayer Pharma AG denies the allegations contained in paragraph 223.

224.   Bayer Pharma AG denies the allegations contained in paragraph 224.

225.   Bayer Pharma AG denies the allegations contained in paragraph 225.

226.   Bayer Pharma AG denies the allegations contained in paragraph 226.

227.   Bayer Pharma AG denies the allegations contained in paragraph 227.

228.   Bayer Pharma AG denies the allegations contained in paragraph 228.

229.   Bayer Pharma AG denies the allegations contained in paragraph 229.

230.    Bayer Pharma AG denies that Bayer Pharma AG advertised or promoted Xarelto® in the United States, and denies the remaining allegations contained in paragraph 230. For a further response, Bayer Pharma AG states that the FDA-approved labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

231.    Bayer Pharma AG denies the allegations contained in paragraph 231.

232.    The allegations in paragraph 232 state conclusions of law to which no response is required. To the extent that a response is required, Bayer Pharma AG denies that Bayer Pharma AG violated any applicable duty relating to Xarelto®. Bayer Pharma AG denies that Bayer Pharma AG marketed Xarelto® in the United States, and denies the remaining allegations contained in paragraph 232. For a further response, Bayer Pharma AG states that the FDA-approved labeling for Xarelto® provided appropriate information and warnings regarding the risks associated with the use of Xarelto®.

233.    Bayer Pharma AG denies the allegations contained in paragraph 233.

234.    Bayer Pharma AG denies the allegations contained in paragraph 234.

235.    Bayer Pharma AG denies the allegations contained in paragraph 235.

**ANSWER TO
COUNT X**

236.    Bayer Pharma AG incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. Bayer Pharma AG denies that Plaintiff's attempt in paragraph 236 to plead all Counts of the Complaint pursuant to unidentified states' substantive

laws is legally sufficient. Bayer Pharma AG denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation. Bayer Pharma AG further denies that Plaintiff has properly asserted claims under any "consumer protection laws" or "consumer fraud laws."

237.    Bayer Pharma AG denies the allegations contained in paragraph 237.

238.    Bayer Pharma AG denies the allegations contained in paragraph 238, including all subparts.

239.    Bayer Pharma AG denies the allegations contained in paragraph 239.

240.    Bayer Pharma AG denies the allegations contained in paragraph 240.

241.    Bayer Pharma AG denies the allegations contained in paragraph 241.

242.    Bayer Pharma AG denies the allegations contained in paragraph 242.

243.    Bayer Pharma AG denies the allegations contained in paragraph 243.

## ANSWER TO
## COUNT XI

244.    Bayer Pharma AG incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. Bayer Pharma AG denies that Plaintiff's attempt in paragraph 244 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. Bayer Pharma AG denies any and all claims that Plaintiff may make

and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

245.    Bayer Pharma AG denies the allegations contained in paragraph 245.

246.    Bayer Pharma AG denies the allegations contained in paragraph 246.

247.    Bayer Pharma AG denies the allegations contained in paragraph 247.

248.    Bayer Pharma AG denies the allegations contained in paragraph 248.

249.    Bayer Pharma AG denies the allegations contained in paragraph 249.

250.    Bayer Pharma AG denies the allegations contained in paragraph 250.

## ANSWER TO
## COUNT XII

251.    Bayer Pharma AG incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. Bayer Pharma AG denies that Plaintiff's attempt in paragraph 251 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. Bayer Pharma AG denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

252.    Paragraph 252 contains no allegations directed to Bayer Pharma AG, and therefore no response is required.  To the extent a response is deemed required, Bayer Pharma AG denies that Plaintiff or Plaintiff's Decedent is entitled to any damages.

253.    Bayer Pharma AG denies the allegations contained in paragraph 253.

254.    Bayer Pharma AG denies the allegations contained in paragraph 254.

<u>**ANSWER TO**</u>
<u>**COUNT XIII**</u>

255.    Bayer Pharma AG incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. Bayer Pharma AG denies that Plaintiff's attempt in paragraph 255 to plead all Counts of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. Bayer Pharma AG denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

256.    Bayer Pharma AG denies the allegations contained in paragraph 256.

257.    Bayer Pharma AG denies the allegations contained in paragraph 257.

258.    Bayer Pharma AG denies the allegations contained in paragraph 258.

## ANSWER TO
## JURY TRIAL DEMANDED

The paragraph under the heading "Jury Trial Demanded" contains no factual allegations and requires no response.  Bayer Pharma AG hereby demands a trial by jury on all issues so triable.

## ANSWER TO
## PRAYER FOR RELIEF

Bayer Pharma AG denies the allegations contained in the unnumbered paragraph under the heading "Prayer for Relief" and its subparagraphs, and denies any wrongdoing whatsoever. Bayer Pharma AG denies that it is liable to Plaintiff, either for damages, and/or any other relief or costs or attorneys' fees or interest in any amount whatsoever.

Bayer Pharma AG requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of Bayer Pharma AG and against Plaintiff, and that Bayer Pharma AG be awarded the costs of this action, together with such other and further relief as may be appropriate.

All allegations of the Complaint not expressly admitted are denied.

## ADDITIONAL DEFENSES

 By setting forth these additional defenses, Bayer Pharma AG does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly

belongs to Plaintiff. Bayer Pharma AG further reserves the right to amend its Answer and Additional Defenses, and to assert additional defenses and other claims, as this matter proceeds.

Further answering, and by way of additional defenses, Bayer Pharma AG states as follows:

1.      Plaintiff's Complaint, and each and every count contained therein, fail to state a cause of action or claim upon which relief can be granted.

2.      Plaintiff's claims are barred because the Plaintiff's Decedent ceased taking Xarelto before his death and therefore Xarelto® could not be the medical cause or proximate cause of his death.

3.      Plaintiff's claims are barred by the learned intermediary doctrine.

4.      Plaintiff's claims are barred because the Xarelto®'s label adequately warned and instructed physicians of the use of Xarelto.

5.      Plaintiff's claims are barred because the Plaintiff's Decedent's physicians were independently aware of the risks associated with Xarelto®.

6.      Plaintiff's claims are barred because of the absence of warnings causation or proximate causation in that a different warning or instruction would not have avoided or mitigated the alleged injury.

7.      Plaintiff's claims are barred because the benefits of Xarelto® outweigh the risks, if any, that might be associated with the product.

8.      Plaintiff's claims are barred under the Restatement (Second) of Torts: Product Liability §402A and/or Restatement (Third) of Torts: Product Liability §6.

9.      Plaintiff's claims are barred because the formulation of Xarelto® did not deviate from manufacturing specifications.

10.     Plaintiff's claims for strict liability, negligence, misrepresentation, implied warranty, fraud, and violation of consumer protection statutes are barred by the exclusivity provisions of the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51 *et seq.* (the "LPLA").

11.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's and/or Plaintiff's Decedent's failure to mitigate Plaintiff's alleged damages.

12.     The acts and omissions of Plaintiff and/or Plaintiff's Decedent caused and/or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrines of contributory negligence and/or comparative negligence. Plaintiff's recovery, if any, therefore is barred or should be apportioned in accordance with applicable law.

13.     The alleged injuries sustained by Plaintiff's Decedent, if any, were caused, in whole or in part, by pre-existing physical, medical, and/or physiological conditions, for which Bayer Pharma AG has no legal responsibility.

14.     If Plaintiff's Decedent suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by Plaintiff's Decedent. Plaintiff's recovery accordingly is barred or should be reduced by Plaintiff's Decedent's assumption of the risk.

15.     If the injuries claimed by Plaintiff were related to the use of Xarelto®, which is expressly denied, any such injuries were the result of an idiosyncratic reaction to Xarelto®.

16.     The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of Bayer Pharma AG was not the proximate and/or competent producing cause of such alleged injuries and damages.

17.     The injuries and damages claimed by Plaintiff, if any, are barred or must be reduced, because those damages arose from the acts or omissions of persons or entities other than Bayer Pharma AG, for whom Bayer Pharma AG has no legal responsibility.

18.     If Plaintiff and/or Plaintiff's Decedent sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse, or use inconsistent with the labeling of the prescription drug Xarelto®. Plaintiff's recovery is accordingly barred.

19.     The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including Bayer Pharma AG.

14.     Plaintiff's Complaint fails to state a claim to the extent Bayer Pharma AG did not manufacture or distribute the product allegedly used by Plaintiff's Decedent.

15.     Bayer Pharma AG owed no legal duty to Plaintiff and/or Plaintiff's Decedent because Bayer Pharma AG did not manufacture finished product of Xarelto®, which was distributed in the United States, and did not market or distribute Xarelto® in the United States.

16.     Plaintiff's Complaint fails to state a claim upon which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing, promotion, and sale of Xarelto®, including, but not limited to, adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art. Xarelto®, including its labeling approved by the FDA, complied with the state of scientific and medical knowledge available at the time. Plaintiff's recovery accordingly is barred.

17.     Plaintiff's claims are barred, because Xarelto® was neither defective nor unreasonably dangerous in its design, manufacture, marketing, or promotion and was reasonably safe and reasonably fit for its intended uses, thereby barring Plaintiff's recovery.

18.     The warnings and instructions accompanying Xarelto® at the time of the occurrence or injuries alleged by Plaintiff were legally adequate warnings and instructions.

19.     The prescription drug Xarelto® complied with the applicable product safety regulations promulgated by the FDA. Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing, promotion, and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous. Plaintiff's recovery is accordingly barred.

20.     Any claims by Plaintiff relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

21.     Plaintiff's claims are barred, in whole or in part, because the commercial speech relating to Xarelto® is protected under the First Amendment of the United States Constitution and the applicable state constitution.

22.     Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

23.     Plaintiff's claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal regulation of prescription drug manufacturing, testing, marketing, promotion, and labeling.

24.     To the extent that Plaintiff's claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001).

25.     Plaintiff cannot state a claim upon which relief may be granted with regard to warnings and labeling for prescription drugs, because the remedy sought by Plaintiff is subject to the exclusive regulation of the FDA.

26.     This Court should abstain from adjudicating Plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

27.     Plaintiff's Decedent did not detrimentally rely on any labeling, warnings or information concerning Xarelto®.

28.     Bayer Pharma AG did not make any representations of fact or warranties material to Plaintiff's Decedent's treatment with Xarelto®.

29.     Plaintiff's Decedent's prescribing physicians did not rely on any representations by Bayer Pharma AG in treating Plaintiff's Decedent.

30.     Each item of economic loss alleged in the Complaint may have been or may be replaced or indemnified in whole or in part by collateral sources, and therefore is not recoverable in this action.

31.     To the extent that Plaintiff's Complaint seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

32.     To the extent that Plaintiff's and/or Plaintiff Decedent's claims have been settled or Plaintiff will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of Bayer Pharma AG, if any, should be reduced accordingly.

33.     Plaintiff's Complaint fails to state a claim upon which relief can be granted as to costs, attorneys' fees, pre-judgment interest, and post-judgment interest.

34.     Plaintiff's claims for breach of warranty are barred because Plaintiff failed to give timely notice of any alleged breach of warranty.

35.     Bayer Pharma AG did not sell or distribute Xarelto® to Plaintiff's Decedent, and Plaintiff's Decedent did not receive or rely upon any representations or warranties as alleged in

the Complaint. Plaintiff's claims for breach of warranty, express or implied, are barred by lack of privity between Plaintiff's Decedent and Bayer Pharma AG.

36.     Plaintiff's claims for breach of warranty, express or implied, are barred by the applicable state's Uniform Commercial Code or other applicable law.

37.     Plaintiff's Complaint fails to state a claim for fraud and fails to allege the circumstances constituting fraud with the particularity required by the Federal Rules of Civil Procedure or the Louisiana Code of Civil Procedure.

38.     Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages as punitive damages are not available under Louisiana law.

39.     No act or omission of Bayer Pharma AG caused or contributed to Plaintiff's Decedent's alleged injuries or death or Plaintiff's alleged damages.  Further, the Complaint fails to allege conduct by Bayer Pharma AG upon which an award of punitive or exemplary damages can be based.

40.     Bayer Pharma AG denies any conduct for which punitive or exemplary damages could or should be awarded and denies that sufficient evidence has been or can be produced to support or sustain the imposition of punitive damages pursuant to the applicable standard(s) of proof.

41.     Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate Bayer Pharma AG's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution, would

violate its rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, and would contravene other provisions of the United States Constitution and any applicable state constitution.

42.     Plaintiff cannot recover punitive or exemplary damages against Bayer Pharma AG, because such an award, which is penal in nature, would violate Bayer Pharma AG's constitutional rights under the United States Constitution and any applicable state constitution, unless Bayer Pharma AG is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

43.     Any imposition of punitive or exemplary damages in this case would contravene the Commerce Clause of the United States Constitution, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

44.     Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

45.     With respect to Plaintiff's demand for punitive or exemplary damages, Bayer Pharma AG specifically reserves the right to assert any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under any state law that may be applicable to Plaintiff's claims, including, but not limited to, New Jersey law, including the provisions of the Punitive Damages Act, <u>N.J.S.A.</u> 2A:15-5.9 et seq., and/or any other applicable state law. Bayer Pharma AG reserves the right to seek bifurcation of Plaintiff's punitive damages claims pursuant to any applicable law, including, but not limited to, <u>N.J.S.A.</u> 2A:15-5.13.

46.     Plaintiff's right to recover damages in this action, if any, is statutorily limited by the applicable state's wrongful death statute.

47.     Plaintiff's claims for equitable relief are barred because there is an adequate remedy at law.

48.     Plaintiff's claims asserted under statutes and regulations relating to prescription drugs fail, in whole or in part, because those statutes and regulations do not contain or create any private cause of action.

49.     Count X of the complaint does not specify which state's consumer protection or consumer fraud laws Plaintiff is asserting a claim under. Bayer Pharma AG assumes Plaintiff is asserting a claim under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*. To the extent Plaintiff seeks to assert a claim under another state's law, the claim is barred because (a) the complaint does not provide fair notice of the claim, and

(b) such other state's law does not apply to this case under Louisiana choice of law principles. Alternatively, Bayer Pharma AG asserts all available defenses under such other state's statutes.

50.     Plaintiff's Complaint fails to state a claim for unlawful conduct under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*., because Bayer Pharma AG completely complied with the applicable law in connection with the promotion of Xarelto®.

51.     Plaintiff's Complaint fails to state a claim for misleading or unfair advertising or for deceptive business practices under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq.,* because Bayer Pharma AG's promotion of Xarelto® was not misleading, unfair or deceptive.

52.     Plaintiff's claims are barred in whole or in part because the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*., is insufficiently definite to provide adequate or fair notice of the conduct proscribed, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the due process protections of the applicable state constitution.

53.     Plaintiff's claims are barred in whole or in part because the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq.,* unconstitutionally burdens interstate business practices relating to prescription drugs, which are heavily regulated by the FDA.

54. Plaintiff's action should be stayed or dismissed because Plaintiff has not exhausted the administrative remedies as required under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*.

55. Plaintiff's claims under the Louisiana Unfair Trade Practices and Consumer Protection Law are barred by the exclusivity provisions of the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51 *et seq*.

56. Bayer Pharma AG asserts all defenses and limitations under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*.

57. Plaintiff's claims under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*., are barred to the extent that Plaintiff's claims were brought more than one year after the alleged transaction or act which Plaintiff alleges gives rise to Plaintiff's claim.

58. Any claims for detrimental reliance are barred under Louisiana law.

59. Bayer Pharma AG pleads the provisions and limitations of the LPLA and all the limitations and defenses set forth therein, including but not limited to, industry custom, technological feasibility, and compliance with standards and regulations.

60. Bayer Pharma AG specifically pleads the applicability and exclusivity of the LPLA, and specifically avers that Plaintiff and Plaintiff's Decedent is not entitled to recovery under any of the exclusive theories of liability set forth in the LPLA.

61.     Plaintiff's claims are limited to those allowed under the LPLA, and Plaintiff's relief, if any, is limited to relief allowed under the LPLA.  Plaintiff's claims are barred by applicable provisions of the LPLA.

62.     Xarelto® possesses no characteristic that renders it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA.

63.     La. Rev. Stat. 9:2800.59 applies, and Xarelto® was designed, manufactured, packaged, labeled, sold and distributed in conformity with the then-existing reasonably available scientific and technological knowledge, and, therefore Bayer Pharma AG can have no liability in the premises.

64.     Plaintiff's compensatory damages, if any, are limited to those permitted under Louisiana Civil Code Article 2315.

65.     Under Louisiana Civil Code Articles 2323 and 2324, Bayer Pharma AG is not liable for more than its own degree of fault, if any, and is not solidarily liable with other persons or entities for damages attributable to the fault of such persons or entities.

66.     Under Louisiana Civil Code Article 2323, Plaintiff's claims are barred or limited by Plaintiff and/or Plaintiff's Decedent's own negligence, carelessness, and/or comparative fault, which was a direct and proximate cause of Plaintiff's Decedent's injuries or damages, if any.

67.     With respect to each and every cause of action, Plaintiff is not entitled to relief to the extent that Plaintiff is unable to prove the identity of the manufacturer and/or supplier of the precise products used by Plaintiff's Decedent.

58

68.     Plaintiff's demand for punitive damages is barred by the LPLA.

69.     Bayer Pharma AG adopts and incorporates by reference all defenses pled by other defendants except to the extent that they are inconsistent with Bayer Pharma AG's defenses pled in this Answer.

70.     Bayer Pharma AG asserts all defenses available under the state law applicable to any and all of the claims asserted in this action.

71.     Plaintiff's claims for wrongful death, survival action, and loss of consortium are derivative of the Plaintiff 's Decedent's claim and therefore are barred by all of the defenses available against the Plaintiff's Decedent.

72.     Bayer Pharma AG expressly reserves the right to amend this Answer to assert additional defenses or to make additional claims for relief that become available or apparent during the course of investigation, preparation, or discovery.

**WHEREFORE**, Bayer Pharma AG requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of Bayer Pharma AG and against Plaintiff, and that Bayer Pharma AG be awarded the costs of this action, together with such other and further relief as may be appropriate.

## JURY DEMAND

Bayer Pharma AG hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

*/s/ John F. Olinde*
John F. Olinde, #1515
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Email: olinde@chaffe.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8485
andrew.solow@arnoldporter.com
steven.glickstein@arnoldporter.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@arnoldporter.com

Lindsey C. Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8914
lboney@bradley.com
*Attorneys for Bayer HealthCare*
*Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 17, 2021, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on al other Plaintiff's counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17. A copy of this filing will also be sent by electronic mail to Plaintiff's counsel at the following address:

Damon J. Baldone
Thomas E. Dunn
Damon J. Baldone & Associates
162 New Orleans Blvd.
Houma, LA 70364
Email: damon@baldonelaw.com
Email: thomas@baldonelaw.com

*/s/ John F. Olinde*
**John F. Olinde**