# EXHIBIT 2

| | |
|---|---|
| **From:** | Miller, Chanda A. |
| **Sent:** | Wednesday, October 28, 2020 7:18 PM |
| **To:** | Damon Baldone; Damon Baldone; thomas@baldonelaw.com; 'Gwen Levron' |
| **Cc:** | Sharko, Susan M; eric.paine@nelsonmullins.com; joan.goddard@arnoldporter.com; Glickstein, Steven |
| **Subject:** | RE:  Xarelto MDL: Nails Stone, No. 17-5372 |
| **Attachments:** | Nails Stone_10.23.2020 Ltr.pdf; 20200713153653747.pdf |

Hi Tom –

Thank you for taking the time to speak with me and Joan this morning regarding the outstanding documents and information Ms. Stone needs to collect and produce.  I understand that you were closing down this afternoon due to impending weather, so I wanted to follow up by e-mail to confirm our discussion and the agreed upon next steps.

1. **Documents identified during Ms. Stone's deposition** – Thank you for confirming that you will discuss with Ms. Stone the full list of items outlined in my October 23rd letter and the deposition testimony cited in the letter, so that Ms. Stone has the complete list of documents and items she needs to collect and send to your office.  For your ease of reference, I am reattaching my October 23rd letter to this e-mail.  As we discussed, collecting all of the outstanding items will require Ms. Stone to go to the storage unit she described in her deposition, and we understand that you will request that she do this promptly.

2. **Documents produced on Monday** – As we discussed, the cell phone pictures of documents that we received on Monday were incomplete, and parts of the documents were obscured.  Defendants are entitled to full and complete copies of the documents in Ms. Stone's possession, and you agreed to have Ms. Stone send all of the documents to your office so that you can photocopy them in their entirety, including the front and back, and send them to us.  In connection with this and the first item listed above, you will also ask Ms. Stone for confirmation that she has collected and sent to you all of the following: (1)  all notes Mr. Nails made during conversations with healthcare providers or reflecting discussions with healthcare providers (as discussed at pages 28:5-29:24 and 32:3-8 of Ms. Stone's deposition transcript); (2) all medical records and bills Mr. Nails had, including all pharmacy records and bills (from pages 28:5-29:24 and 32:3-8 of Ms. Stone's deposition transcript); and (3) pictures of all calendars, journals, or diaries kept by Mr. Nails (from pages 28:5-29:24 and 32:3-8 of Ms. Stone's deposition transcript).

3. **Medication bottles, pill organizers, and their contents** – As we also discussed, the pictures of the medication bottles we received were obscured so we could not review the bottles in their entirety, and due to the way the pills were displayed, Defendants are not able to determine the quantity of each medication that was remaining.  Thank you for agreeing that our co-counsel from New Orleans can come to your office to inspect the bottles, count the pills, and take our own pictures of them.  This will be done in compliance with the COVID-19 protocols.  As we agreed, this will require Ms. Stone to (1) send your office all of the medication bottles and their contents she has at her house in the same Ziploc bags in which they were stored, and (2) collect and send to your office all of the medication bottles and pill organizers she has in storage, along with their contents.  We would like to schedule this within the next two weeks, so thank you for working with Ms. Stone to ensure all of the pill bottles and containers are collected and sent to your office promptly.

4. **Text Messages** – Thank you for agreeing to confirm that (1) all of the text messages produced to us on Monday were sent/received on June 2, 2016; and (2) Ms. Stone has now produced all text messages she exchanged with

Mr. Nails between June 2, 2016 and June 9, 2016.  To the extent there are additional text messages that have not been produced; you agreed to produce them promptly.

5. **Plaintiff's Expert Witness** – We appreciate your confirmation that Plaintiff has withdrawn Dr. Karthik Sabapathi as an expert witness in this case.  We understand that Plaintiff intends to use Mr. Nails's surgeon as an expert witness in this case.  Can you please confirm that surgeon is Dr. Donald Schwab?  You will also need to ensure that you are complying with the Court's Orders regarding record keeping and disclosures of your contacts with Mr. Nails's physicians, including CMO 13, CMO 6, and PTO 28.

6. **Plaintiff Profile and Consent Form** –  As we discussed, Plaintiff still needs to answer all of the questions in the Plaintiff Profile and Consent Form.  For your ease of references, Question 3, Question 4, and Question 7 in Section II all need to be answered.

7. **Records from Dr. Anil Chagarlamudi** –Thank you for agreeing to look into the status of the records your office requested from Dr. Chagarlamudi.  For your east of reference, I am attaching the June 25th letter in which you last provided Defense counsel with an update regarding Dr. Chagarlamudi's records.

8. **Preservation Notice Statement** – We understand that the updated Preservation Notice Statement is forthcoming.

9. **Records from Jacque Gaudet** – Thank you for also agreeing to check on the status of your request for records from Dr. Gaudet.

10. **Affidavit of Compliance** – As we discussed, Plaintiff has not yet provided the affidavit of compliance required by CMO 11.  We understand Plaintiff will provide the affidavit after all of the items referenced above and in my October 23rd letter have been addressed.

Joan and I will give you a call on Monday morning so that we can address the status of the items above and discuss potential dates for Defendants' inspection of the pill bottles, pills, and pill containers.  In the meantime, please advise us by the end of this week if there are any issues with the next steps outlined above.

I hope you're making out okay with the storm.

Thanks again,
Chanda

**From:** Miller, Chanda A.
**Sent:** Friday, October 23, 2020 12:32 PM
**To:** 'Damon Baldone' <dbaldone@hotmail.com>; Damon Baldone <damon@baldonelaw.com>; 'Thomas Dunn' <thomas@baldonelaw.com>; 'Gwen Levron' <gwen@baldonelaw.com>
**Cc:** Sharko, Susan M <susan.sharko@faegredrinker.com>; eric.paine@nelsonmullins.com; Goddard, Joan <Joan.Goddard@arnoldporter.com>; Glickstein, Steven <Steven.Glickstein@arnoldporter.com>
**Subject:** Xarelto MDL: Nails Stone, No. 17-5372

Damon and Tom –

Please see the attached correspondence regarding the *Nails Stone* matter.  Please let us know your availability for a call on Tuesday or Wednesday of next week to discuss the issues raised in the letter.

Regards,

Chanda

**Chanda A. Miller**
Partner
chanda.miller@faegredrinker.com
+1 215 988 1197 direct / +1 215 988 2757 fax

**Faegre Drinker Biddle & Reath** LLP
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103 USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.