UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : | MDL No. 2592 |
| | | SECTION L |
| THIS DOCUMENT RELATES TO: | | |
| | | JUDGE ELDON E. FALLON |
| *Christine Watts, et al.,* **No. 2:21-cv-00940** | | |
| | | MAGISTRATE JUDGE NORTH |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BAYER CORPORATION IN ORDER FOR THE COURT TO RETAIN DIVERSITY OF CITIZENSHIP**

Defendants Janssen Research & Development LLC, Janssen Ortho LLC, Bayer HealthCare Pharmaceuticals Inc. and Bayer Corporation (collectively, "Defendants")[1] respectfully submit this Motion to Dismiss Bayer Corporation in Order for the Court to Retain Diversity of Citizenship.

Plaintiff is and Plaintiff's Decedent was a citizen of Indiana (See Complaint, ¶¶13-14). Defendants move to dismiss Bayer Corporation, an Indiana corporation, to allow the Court to retain diversity jurisdiction pursuant to Fed. R. Civ. P. 21, which permits the Court to "drop a party" to preserve jurisdiction. This procedure is available here because Bayer Corporation is not an essential defendant. The two essential Bayer defendants, Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG,[2] remain in the action.

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

[2] Bayer Pharma AG was named in the Complaint but has not yet been served. Bayer Pharma AG preserves all applicable service defenses.

1

In support of this motion, and as set forth below, Defendants show as follows:

## I.     Introduction

Plaintiff commenced this action on April 13, 2021 by filing a complaint in the United States District Court for the Northern District of Indiana. The case was transferred into the Xarelto MDL 2592 in the United States District Court for the Eastern District of Louisiana on May 20, 2021. Plaintiff brought a litany of claims against Janssen Research & Development LLC, Janssen Ortho LLC, Janssen Pharmaceuticals, Inc., Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Bayer Corporation, Bayer HealthCare LLC, Bayer HealthCare AG, and Bayer AG. Plaintiff served Janssen Ortho LLC on July 27, 2021 and Janssen Research & Development LLC on July 28, 2021. Plaintiff served Bayer HealthCare Pharmaceuticals Inc., Bayer Corporation, and Bayer HealthCare LLC on August 15, 2021.  Plaintiff has not served Defendants Janssen Pharmaceuticals, Inc., Bayer Pharma AG, Bayer HealthCare AG, or Bayer AG.[3]

Plaintiff's complaint alleges the Plaintiff is and Plaintiff's Decedent was a citizen of Indiana (See Complaint, ¶¶13-14), and Bayer Corporation is deemed to be a citizen of Indiana because it was incorporated in the state of Indiana. (See Corporate Disclosure Statement, *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592, Doc. 23 (JPML Oct. 24, 2014)). Consequently, subject matter jurisdiction is lacking due to the claims against Bayer Corporation.

## II.    Defendants' Motion to Dismiss Bayer Corporation in Order for the Court to Retain Subject Matter Jurisdiction

Defendants move to dismiss Plaintiff's claims against Bayer Corporation in order for the Court to retain subject matter jurisdiction over this case.  The lack of subject matter jurisdiction is curable because Defendant Bayer Corporation is not a proper Bayer defendant and can be dismissed. The proper Bayer defendants are Bayer HealthCare Pharmaceuticals Inc. and Bayer

---

[3] Defendants preserve all applicable service defenses.

Pharma AG,[4] which were the only two Bayer defendants in each of the three MDL bellwether trials.

In the past, other plaintiffs have moved to dismiss the non-essential Bayer defendants to maintain diversity of citizenship. *See, e.g., Motion to Voluntarily Dismiss Defendant Bayer Corporation*, R. Doc. 9760 ("Counsel for Plaintiff takes this action for jurisdictional purposes"); *Order Granting Motion to Voluntarily Dismiss Defendant Bayer Corporation*, R. Doc. 9854; *Order Granting Plaintiff's Motion to Voluntarily Dismiss Defendant Bayer Corporation*, R. Doc. 9855; *Order Granting Motion to Voluntarily Dismiss Defendant Bayer Corporation*, R. Doc. 9734. Additionally, this Court has also dismissed non-essential Bayer defendants to maintain diversity of citizenship by Defendants' motion in other cases in this litigation. *See Order Ruling on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Alternative Motion for Order to Show Cause Regarding Plaintiff's Failure to Serve Process on Defendant Bayer HealthCare LLC*, R. Doc. 12020, at 2 ¶3 (dismissing Bayer HealthCare LLC with prejudice and retaining jurisdiction over the case); *Order to Show Cause Regarding Plaintiff's Failure to Serve a Fully Complete and Updated Plaintiff Fact Sheet Pursuant to CMO 6 and for Lack of Capacity to Proceed on behalf of Deceased Plaintiff*, R. Doc. 12845, at 1-2 ("The Court will thus dismiss Bayer Corporation to preserve subject matter jurisdiction").

"[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989). *See also Dayton Indep. School District v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1068 (5th Cir. 1990) (dismissing dispensable non-diverse party, "thereby restoring diversity jurisdiction."); *Aetna Cas. & Cur. Co. v. Hillman*, 796

---

[4] Bayer Pharma AG was named in the Complaint but has not been served.

F.2d 770, 774 (5th Cir. 1986) ("A district court can drop a non-diverse party whose presence is not essential to the suit to preserve and perfect diversity jurisdiction."). The Court can drop Bayer Corporation to preserve subject matter jurisdiction.

### III. Conclusion

For these reasons, Defendants move to dismiss Bayer Corporation in order for the Court to retain subject matter jurisdiction.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**
By: */s/Andrew Solow*
Andrew K. Solow
Steven Glickstein
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
andrew.solow@arnoldporter.com
Steven.glickstein@arnoldporter.com

William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
william.hoffman@arnoldporter.com

**CHAFFE MCCALL L.L.P.**
By: */s/ John F. Olinde*
John F. Olinde
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc. and Bayer Corporation*

**FAEGRE DRINKER BIDDLE & REATH LLP**
By: */s/ Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
=elephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@faegredrinker.com

Chanda A. Miller
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
chanda.miller@faegredrinker.com

**IRWIN FRITCHIE URQUHART & MOORE LLC**
By: */s/ Kim E. Moore*
Kim E. Moore
400 Poydras Street
Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2120
kmoore@irwinllc.com

*Attorneys for Defendants Janssen Research & Development LLC, and Janssen Ortho LLC*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 25, 2021 the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ John F. Olinde*
**John F. Olinde**

The undersigned hereby certifies that on August 25, 2021, the foregoing pleading was sent by U.S. mail, postage prepaid to each Plaintiff at her address of record.

*/s/ Chanda A. Miller*
**Chanda A. Miller**