UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2592

**TRANSFER ORDER**

**Before the Panel:** Plaintiffs in the action listed on Schedule A (*Hu*), proceeding *pro se*, move under Panel Rule 7.1 to vacate the order conditionally transferring the action to MDL No. 2592. Defendants Bayer HealthCare Pharmaceuticals Inc. and Janssen Pharmaceuticals, Inc., oppose the motion and support transfer.

After considering the parties' arguments, we find that this action involves common questions of fact with the actions transferred to MDL No. 2592, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The *Hu* action, like the actions in MDL No. 2592, involves factual questions arising from allegations that Xarelto causes severe bleeding and other injuries and that defendants did not adequately warn prescribing physicians or consumers of the risks associated with Xarelto. *See In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402 (J.P.M.L. 2014).

In support of the motion to vacate, plaintiffs principally argue that (1) the pretrial proceedings in the MDL are complete; (2) the discovery requirements of the MDL are unduly burdensome; (3) plaintiff Zhao's injury involves plaintiff-specific issues; and (4) transfer will be inconvenient and impose hardship on plaintiffs. These arguments are unpersuasive. First, pretrial proceedings in actions not covered by the global settlement in this MDL are ongoing. Additionally, we have reviewed the record and determined that the MDL is not too advanced for the continued transfer of tag-along actions. The transferee judge continues to actively manage the MDL, including overseeing discovery in recently filed and transferred actions.

Plaintiffs' objection to transfer based on concerns about the discovery required in the MDL is without merit. The Panel routinely leaves to the discretion of the transferee court all issues related to the conduct of discovery and other pretrial proceedings when transferring actions to an MDL. *See, e.g., In re Tylenol (Acetaminophen) Mktg., Sales Practices and Prods. Liab. Litig.*, 936 F. Supp. 2d 1379, 1380 n.3 (J.P.M.L. 2013) ("[w]e leave to the discretion of the transferee judge all issues related to the conduct of the pretrial proceedings"). To the extent plaintiffs have concerns about the timetable for complying with discovery obligations, they should bring those issues to the attention of the transferee court for resolution.

-2-

Nor do the allegedly unique circumstances of the injury in *Hu* preclude transfer. Plaintiff Zhao's alleged injury – a cerebral hemorrhage – is not unique. The common injury alleged in the MDL is severe bleeding, and plaintiffs' injuries in the MDL have included cerebral hemorrhage. There undoubtedly will be some individualized factual issues in plaintiffs' action, but these issues do not negate the efficiencies to be gained by transfer. We previously have stated that "[a]lmost all personal injury litigation involves questions of causation that are plaintiff-specific. Those differences are not an impediment to centralization where common questions of fact predominate." *See Xarelto*, 65 F. Supp. 3d at 1403.

Lastly, plaintiffs argue that transfer will be inconvenient and unjust because of the personal difficulties they face from the injury. We are sympathetic to plaintiffs' concerns, but they do not justify denial of transfer. While it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001). We also observe that plaintiffs' concerns are speculative. "Since Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise." *See In re Cygnus Telecommunications Tech., LLC, Patent Litig.*, 177 F. Supp. 2d 1375, 1376 (J.P.M.L. 2001). Depositions in an MDL generally take place where the party or witness resides regardless of transfer.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

IN RE: XARELTO (RIVAROXABAN)  
PRODUCTS LIABILITY LITIGATION  　　　　　　　　　　　　　　MDL No. 2592

## SCHEDULE A

Northern District of California

21-cv-2240 L (5)  HU, ET AL. v. JANSSEN PHARMACEUTICALS, ET AL., C.A. No. 4:21-05990