\

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: XARELTO (RIVAROXABAN)                          MDL NO. 2592
     PRODUCTS LIABILITY LITIGATION

SECTION L

JUDGE FALLON
MAG. JUDGE NORTH

THIS DOCUMENT RELATES TO:        *Christine Watts, et al.*, No. 2:21-cv-00940

## ORDER

Before the Court is "Defendants' Motion to Dismiss Bayer Corporation in Order for the Court to Retain Diversity of Citizenship." R. Doc. 18004. Plaintiffs, the estate of decedent Christine Watts and her survivors, are proceeding *pro se* and have not filed an opposition. The Court has considered the motion and the applicable law and rules as follows.

One of the Plaintiffs in this case, the executor of decedent Christine Watts's estate, allegedly is a citizen of Indiana. R. Doc. 1 at 5. Decedent has other survivors who live in Michigan and Missouri. *Id.* Defendant Bayer Corporation is incorporated in Indiana and therefore is an Indiana citizen.

Federal jurisdiction in this case arises under the diversity jurisdiction statute, 28 U.S.C. § 1332. That statute, among other things, requires that the parties to an action be completely diverse. Because at least one Plaintiff in this case shares the same citizenship as a Defendant, the parties are not completely diverse. As it stands, then, this Court lacks jurisdiction.

However, the Court may ensure federal jurisdiction by invoking Federal Rule of Civil Procedure 21. That Rule authorizes the Court "to drop a party" "at any time. on just terms." "It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse

party to be dropped at any time." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *see also Ralli-Coney, Inc. v. Gates*, 582 F.2d 572, 575 (5th Cir. 1976) (affirming dismissal of nondiverse, nonessential party in order to preserve jurisdiction).

In this case, the Court may properly utilize Rule 21 to dismiss Defendant Bayer Corporation because Bayer Corporation is not an essential defendant. Plaintiffs may be accorded complete relief from the other two Bayer defendants in this matter, Bayer HealthCare Pharmaceuticals, Inc. and Bayer Pharma AG. Both of these latter Defendants are diverse from Plaintiffs and, moreover, were the only two Bayer defendants in each of the three bellwether trials in this MDL. Accordingly, Bayer Corporation is a dispensable party and may be dismissed in order for this Court to retain jurisdiction. In choosing to preserve jurisdiction, the Court observes that Plaintiffs opted for a federal forum by filing their complaint in federal court instead of state court. By exercising its discretion under Rule 21, the Court thus preserves for Plaintiffs the federal forum they chose. Accordingly,

**IT IS ORDERED** that the Defendant Bayer Corporation be and hereby is **DISMISSED** with prejudice from this action.

New Orleans, Louisiana, this 7th day of December, 2021.

UNITED STATES DISTRICT JUDGE