**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | **MDL No. 2592** |
| | : | |
| | : | **SECTION L** |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| *Sophie Hu, et al.* | : | **JUDGE ELDON E. FALLON** |
| Civil Action No. 2:21-cv-02240 | : | **MAGISTRATE JUDGE NORTH** |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS AND MOTION TO STAY**

Defendants Bayer HealthCare Pharmaceuticals Inc. (incorrectly named as "Bayer HealthCare Pharmaceuticals Inc. (Bayer Corporation)") and Janssen Pharmaceuticals, Inc. (incorrectly named as "Janssen Pharmaceuticals, Inc. (Johnson & Johnson)") hereby move to dismiss Plaintiff Hu's claim for parental loss of consortium, and to stay for 90 days the remaining claims, asserted by Ms. Hu purportedly on behalf of Ms. Zhao, to allow for Plaintiff to obtain counsel, as required by 28 U.S.C. § 1654 for any suit brought on behalf of another.

**INTRODUCTION**

This case presents, in addition to a straightforward substantive legal issue, an out-of-the-ordinary procedural question that, for efficiency's sake, the Court should resolve at the outset to be sure that the suit is valid and binding on the parties.

The substantive question is straightforward: the Court should dismiss Ms. Hu's loss-of-consortium claim with prejudice because California law does not recognize such a claim in the parent–child context. *See, e.g.*, *Haws v. Cty. of Monterey*, No. C 07-02599 JF, 2007 WL 2177443, at *5 (N.D. Cal. July 27, 2007) (holding that the California Supreme Court "has proscribed claims

for loss of consortium by children of injured parents as a matter of policy, pointing out that no statutory authority supports such a claim" (citing *Borer v. Am. Airlines*, 563 P.2d 858 (Cal. 1977))).

Now to the procedural question:  Plaintiff Sophie Hu alleges that her mother, Fumian Zhao, is incapacitated after allegedly experiencing injuries arising out of her use of Xarelto®.  In the Amended Complaint, Ms. Hu alleges that Ms. Zhao suffered a "catastrophic brain hemorrhage" and "is still not awake, [is] still nonverbal nor following much commands."  Dkt. 21-2440, Rec. Doc. 8 ¶¶ 10–11.  But only Ms. Hu (*i.e.*, and not Ms. Zhao, the purported individual with the alleged personal-injury claim) signed the operative complaint.  Ms. Hu appears to assert claims not only for herself personally (*i.e.*, for loss of her mother's consortium, which, as already explained, should be dismissed with prejudice under California law) but also *on behalf of* her mother, Ms. Zhao.

Ms. Hu has advised Defendants' counsel that she has been appointed Ms. Zhao's conservator, but thus far, Ms. Hu has not supplied documentation of the appointment.  But even if Ms. Hu has been appointed conservator, Ms. Hu is not a lawyer and she has not retained counsel to prosecute the case.  This is a problem because, by statute, a representative plaintiff cannot prosecute an action *pro se* on another's behalf.  *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." (emphasis added)); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities.").  Accordingly, the Court should stay the case for 90 days to allow Ms. Hu to retain counsel to prosecute Ms. Zhao's claims; if Ms. Hu is unable to retain

counsel in a timely fashion, the Court should dismiss the claims asserted on behalf of Ms. Zhao for lack of capacity to sue.

## ARGUMENT

**I.     The Court should dismiss the claims asserted by Ms. Hu on her own behalf.**

Ms. Hu purports to assert claims on her own behalf for the injuries to Ms. Zhao, but California law does not recognize claims brought by a child for the loss of consortium of a parent. ("[T]he MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed . . . ." *In re Vioxx Prod. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007); *see also, e.g.*, *In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1380 (J.P.M.L. 2020).)

"Under California law, a loss of consortium claim may be brought *only* by the injured party's *spouse*, not by the injured party, or even by the injured party's parent or child." *Bosworth v. United States*, No. CV 14-0498 DMG (SS), 2016 WL 9651128, at *15 (C.D. Cal. Dec. 9, 2016). That is so because the California Supreme Court "has proscribed claims for loss of consortium by children of injured parents as a matter of policy, pointing out that no statutory authority supports such a claim." *Haws*, 2007 WL 2177443, at *5 (citing *Borer*, 563 P.2d 858). Accordingly, Ms. Hu has no personal claim for the alleged injuries to her mother, Ms. Zhao, and the Court should thus dismiss her loss-of-consortium claims with prejudice. *See, e.g.*, *id.*; *Spell v. City of Los Angeles*, No. 2:19-06652 DOC (ADS), 2020 WL 5949238, at *11 (C.D. Cal. May 29, 2020) (holding that the plaintiff did "not state a claim for loss of consortium because California does not recognize such a claim for children related to the loss of consortium with a parent").

II.     **After dismissing the claims asserted by Ms. Hu on her own behalf, the Court should stay the case for 90 days because Ms. Hu lacks standing to bring claims *pro se* on Ms. Zhao's behalf.**

The Court should stay for 90 days the remaining claims that Ms. Hu purports to bring on Ms. Zhao's behalf, because Ms. Hu is not represented by counsel and does not have standing to litigate *pro se* the claims of another.

28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."   (Emphasis added).   But "[i]t is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities."   *Simon*, 546 F.3d at 664 (citing section 1654); *accord C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear *in propria persona* in [her] own behalf, that privilege is personal to [her]."). So "a non-lawyer has no authority to appear as an attorney for others than himself." *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (quoting *C.E. Pope*, 818 F.2d at 697).

Because the right to bring a case *pro se* is personal to the litigant, "courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity."   *Simon*, 546 F.3d at 664.   For example, the Ninth Circuit has held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns*, 114 F.3d at 877.

Even if Ms. Hu is Ms. Zhao's conservator, she would lack standing as a *pro se* litigant to prosecute those claims for Ms. Zhao.   As the Second Circuit has explained, "[t]he fact that a[n] … incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary does not alter the principle embodied in § 1654 that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel.  If the representative

4

of the … incompetent person is not [herself] an attorney, [s]he must be represented by an attorney in order to conduct the litigation." *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009).

This is no procedural technicality. The rule against *pro se* representative representation protects the incapacitated person's rights. *See, e.g.*, *Johns*, 114 F.3d at 876-77 ("It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys." (quoting *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991))). And the prohibition is not waivable by either side. *See Osei-Afriyie*, 937 F.2d at 883.

Defendants are bringing this issue to the Court's attention for efficiency's sake, so that the Court and the parties do not waste their resources litigating a case that is invalid because Ms. Hu lacks standing and cannot adequately protect Ms. Zhao's interests by litigating *pro se*. Accordingly, the Court should dismiss Ms. Hu's loss-of-consortium claims with prejudice and then stay for 90 days the remaining claims that Ms. Hu has purported to bring on behalf of Ms. Zhao so that Ms. Hu can retain counsel. Defendants understand that Ms. Hu has been attempting to retain counsel, and 90 days for that purpose seems reasonable. *See Johns*, 114 F.3d at 887; *see also Van Kim Lai v. Vanhart*, No. C 09-05364 JW, 2010 WL 11586756, at *3 (N.D. Cal. May 7, 2010) (holding that guardian ad litem who had "not retained counsel" could "not bring suit on behalf of Plaintiff" and, accordingly, dismissing claims without prejudice).

## CONCLUSION

For the foregoing reasons, the Court should dismiss Ms. Hu's loss-of-consortium claims with prejudice. The Court should otherwise stay for 90 days the claims purportedly brought on behalf of Ms. Zhao, to allow Ms. Hu additional time to try to obtain counsel.

Respectfully submitted:

FAEGRE DRINKER BIDDLE & REATH LLP

By: /s/Susan M. Sharko
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@faegredrinker.com

Chanda A. Miller
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
chanda.miller@faegredrinker.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/Kim E. Moore
Kim E. Moore
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
kmoore@irwinllc.com

*Attorneys Janssen Pharmaceuticals, Inc.*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/Andrew K. Solow
Andrew K. Solow
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8485
andrew.solow@arnoldporter.com

William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@arnoldporter.com

CHAFFE MCCALL L.L.P.

By: /s/John F. Olinde
John F. Olinde
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer Healthcare Pharmaceuticals, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 13, 2021 the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/Kim E. Moore

The undersigned hereby certifies that on December 13, 2021 the foregoing pleading was sent by U.S. mail, postage prepaid, to the pro se plaintiffs at their address of record.

/s/Chanda A. Miller