**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | : | **MDL No. 2592** |
| | : | **SECTION L** |
| **THIS DOCUMENT RELATES TO:** | : | |
| ***Christine Watts, et al.*, No. 2:21-cv-00940** | : | **JUDGE ELDON E. FALLON** |
| | : | **MAGISTRATE JUDGE NORTH** |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendants Janssen Research & Development LLC, Janssen Ortho LLC, and Bayer HealthCare Pharmaceuticals Inc. respectfully submit this memorandum in support of their motion to dismiss. This wrongful death and survival action suffers from a number of fatal flaws that compel its dismissal. First, the governing law requires that this case be prosecuted by the decedent's personal representative on behalf of the estate, but there is no such person. Second, Leah Watts, the sole signatory to the Complaint, cannot proceed *pro se* under 28 U.S.C. § 1654 because all of the claims are on behalf of an estate with multiple beneficiaries. Third, even if Plaintiff were appointed the decedent's personal representative or obtained counsel at some point in the future, she did not timely meet the statutory preconditions to filing a wrongful death action and any survival action is time barred; so it would be futile to allow Plaintiff additional time to become the decedent's personal representative or retain counsel. Finally, Plaintiff has not complied with the basic steps necessary to timely prosecute her claims as required by this Court's orders, further demonstrating that it would be futile to give Plaintiff additional time. For these reasons and as discussed in more detail below, the case should be dismissed with prejudice.

## STATEMENT OF FACTS

*Pro se* Plaintiff Leah Watts, the daughter of decedent Christine Watts, filed the Complaint on April 13, 2021. Plaintiff is the sole signatory to the Complaint and purported to sign it on behalf of the estate of Christine Watts, the executor of the estate, and the decedent's five unidentified surviving children. Plaintiff has advised Defendants' counsel that she has not in fact been appointed the executrix of the estate.

Plaintiff alleges that the decedent, a citizen and resident of Indiana, used Xarelto from approximately October 2015 to approximately April 14, 2019. Compl. ¶¶ 13, 15, 16. She further alleges that the decedent experienced a gastrointestinal bleed on April 14, 2019, and passed away on April 19, 2019, leaving five surviving children. *Id.* ¶¶ 14, 17-18.

## ARGUMENT

### I. The Complaint should be dismissed with prejudice because the statutory prerequisites for a wrongful death action cannot be met and any wrongful death claim is time barred.

Indiana law applies to this action. *See In re Vioxx Prod. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (explaining "MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed"). The Complaint alleges that the decedent died as a result of her use of Xarelto, or alternatively, experienced a bleeding event as a result of her Xarelto use but died from other causes. Under Indiana law, these claims are a wrongful death action or a survivor action, both of which are statutory causes of action. *See* Ind. Code § 34-23-1-1 (limiting wrongful death actions to those where decedent's death is "caused by the wrongful act or omission of another" and which "decedent could have maintained action if she lived"); Ind. Code § 34-9-3-4(a) (limiting survival actions for personal injuries to circumstances where decedent "(1) receive[d] personal injuries caused by the wrongful act or omission of another; and (2) subsequently die[d] from causes other than those personal injuries"); *Thompson v. City of*

*Indianapolis*, No. 15-cv-01712, 2017 WL 4365967, at *15 (S.D. Ind. Sept. 29, 2017) (explaining Indiana wrongful death and survival statutes "do not create separate torts independent of the other state law claims").

Indiana law requires that wrongful death actions and survival actions for personal injuries be brought by the decedent's personal representative; these actions cannot be brought by individuals. Ind. Code § 34-23-1-1 (explaining that wrongful death cause of action "shall be commenced by the personal representative of the decedent"); *Hosler ex rel. Hosler v. Caterpillar, Inc.*, 710 N.E.2d 193, 196 (Ind. Ct. App. 1999) ("[I]t is clear under Indiana law that only the decedent's personal representative may prosecute a wrongful death claim."); Ind. Code § 34-9-3-4(b) (explaining survival claims for personal injuries must be filed by "personal representative of the decedent"); *Faris v. AC & S, Inc.*, 842 N.E.2d 870, 874 (Ind. App. 2006) (explaining that "only the personal representative" of the decedent can bring survival action for personal injuries).

These basic statutory requirements doom this case. Leah Watts conceded to Defendants' counsel that she is "not yet" the decedent's personal representative. To the extent Ms. Watts or any of the decedent's other unidentified surviving children are attempting to bring claims individually, they cannot do so under the statutes, and they must be terminated. *Cf. Hosler*, 710 N.E.2d at 196; *Faris*, 842 N.E.2d at 874.

In addition, even if Leah Watts were the representative of the estate, she could not pursue this case *pro se*. This is because 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." (Emphasis added); *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (explaining that under § 1654, *pro se* litigants may represent their own interests but no the interests of others); *Simon v. Hartford Life, Inc.*, 546

F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities."). Where, as here, there is more than one beneficiary of the estate, administrators "do not act on behalf of themselves, but on behalf of all of the beneficiaries of an estate" and cannot proceed *pro se*. *Malone*, 474 F.3d at 937.

The inquiry does not end there, however. Under Indiana law and the alleged facts of this case, there are no longer any circumstances under which wrongful death or survival actions can be brought related to the decedent's alleged use of Xarelto. It would therefore be futile to provide Ms. Watts additional time to become the decedent's personal representative or to retain counsel.

The Indiana Wrongful Death Act requires not only that the action be filed by the "personal representative of the decedent," it also requires that the action "be commenced . . . within two (2) years" of the decedent's death. Ind. Code § 34-23-1-1. The two-year period to bring a wrongful death action is a "condition precedent" and not a statute of limitations. *Hosler*, 710 N.E.2d at 195. Indeed, "[c]ase law has consistently interpreted the statute to mean that only a personal representative appointed within two years of the decedent's death may file the action." *Goleski*, 768 N.E.2d at 890. Courts therefore routinely dismiss wrongful death actions under Indiana law where the estate representative was not appointed within two years of the decedent's death, even if the individual filed the complaint before that time period expired. *See, e.g.*, *Goleski*, 768 N.E.2d at 890–91 (affirming dismissal of wrongful death action where no one was appointed personal representative of estate within two years of decedent's death); *Hosler*, 710 N.E.2d at 197 (affirming dismissal of wrongful death action where complaint was filed within two years of decedent's death but plaintiff was not appointed representative of the estate until after two-year period expired); *see also Gen. Motor Co. v. Arnett*, 418 N.E.2d 546, 549 (Ind. Ct. App. 1981)

(concluding widow could not maintain wrongful death action where she filed the action within two year period but was not appointed estate representative until after the two year period expired).

Indiana's Survival Statute similarly requires that unexpired survival claims be brought by the decedent's personal representative within eighteen months of the decedent's death. *See* Ind. Code 34-11-7-1. As the Indiana Court of Appeals has explained, this means the personal representative must be appointed the representative of the estate *and* must file the survival action in that capacity within eighteen months. *Faris*, 842 N.E.2d at 784. This is because the statute "do[es] not revive the common law right of action for personal injury, but create[s] a new right in favor of the legal representative of the injured decedent." *Id.* Survival actions under Indiana law are therefore dismissed as time barred where a legally appointed personal representative did not pursue the action within eighteen months of the decedent's death. *See Faris*, 842 N.E. 2d at 786 (affirming dismissal of survivor action with prejudice where widow was not appointed personal representative within 18 months of decedent's death, even though she filed case in her individual capacity before expiration of that time period).

At this point, more than thirty months have passed since the decedent died, but a personal representative still has not been appointed. Because there was no legally appointed personal representative available to prosecute the wrongful death claim within two years, the conditions precedent have not been met and the claim fails. *See Goleski*, 768 N.E.2d at 890–91; *Hosler*, 710 N.E.2d at 197; *Arnett*, 418 N.E.2d at 549. The survival action also fails because it was not initiated by a legally appointed personal representative within 18 months of the decedent's death. *Faris*, 842 N.E. 2d at 786. Given the statutory requirements and the amount of time that has passed, there are no circumstances under which these claims could be brought, and the case should be dismissed with prejudice.

## II. Plaintiff has not complied with CMO 11, further demonstrating a failure to timely prosecute and that additional time would be futile.

Plaintiff has also repeatedly failed to comply with Case Management Order 11 ("CMO 11"), which outlines the basic steps she must take in order to prosecute this case. Plaintiff's failure to comply further demonstrates that additional time would be futile.

CMO 11 applies to this case because it was filed on April 13, 2021 and Plaintiff was therefore not eligible to participate in the Xarelto settlement program. *See* Rec. Doc. 12902. Plaintiff has failed to do the following, as required by CMO 11:

1. Has not served a fully complete and verified Plaintiff Profile and Consent Form ("PPCF") and the documents and records required by the PPCF. *See* CMO 11 Section I(B)(i).

2. Has not produced all medical records required by CMO 11, the PPCF, and the Short Form Plaintiff Fact Sheet, including: (1) medical records from the physicians who allegedly prescribed Xarelto to the decedent and that encompass the dates of Xarelto use; (2) medical records from the treatment the decedent received for the alleged bleeding event and from her death; and (3) medical records from all healthcare providers who provided care and treatment to the decedent for medical conditions identified in the Plaintiff Fact Sheet. *See* CMO 11.

3. Has not served a case-specific Rule 26(a)(2) report from a licensed physician qualified to render a specific causation opinion and who offers a specific causation opinion to a reasonable degree of medical probability that the decedent's alleged event was caused by taking Xarelto as directed. *See id.* Section I.

4. Has not provided the executed medical authorizations required by CMO 11, CMO 8, and CMO 8a to enable Defendants to collect additional medical records.

CMO 11 put Plaintiff on notice that failure to comply with its terms could subject her case to dismissal with prejudice. *See id.* Section II, C.

Plaintiff received three extensions over the course of eight months to provide the PPCF and medical records. CMO 11 required Plaintiff to produce these documents no later than June 21, 2021. On August 19, 2021, Defendants agreed to extend Plaintiff's deadline to September 20, 2021. Defendants' counsel later advised Plaintiff that due to the impact of Hurricane Ida, a general

order issued by the Eastern District of Louisiana further extended that deadline to October 20, 2021. On October 25, 2021 and November 24, 2021, Defendants' counsel advised Plaintiff in writing that if she did not provide the documents by November 29, 2021, Defendants would seek dismissal of her case with prejudice.

Plaintiff likewise received multiple extensions to produce an expert report. CMO 11 required Plaintiff to produce the report by September 17, 2021. In August, Defendants agreed to extend that deadline to September 20, 2021. The same general order referenced above subsequently extended the deadline to October 20, 2021. On October 4, 2021, Defendants agreed to a final extension to November 22, 2021.

Despite all of these extensions, Plaintiff still has not provided the PPCF, prescriber and treatment records, or expert report. This additional failure to timely prosecute the claims demonstrates that dismissal of the case with prejudice is appropriate. Indeed, dismissal with prejudice for failure to comply with MDL case management orders like CMO 11 has long been held to be appropriate. *See, e.g.*, *In re Vioxx Prods. Liab. Litig.*, 557 F. Supp. 2d 741, 743-44 (E.D. La. 2008), *aff'd*, 388 F. App'x 391, 397 (5th Cir. 2010). The Fifth Circuit has "explained that the complexity of managing an MDL necessitates a standard that gives district courts greater flexibility to dismiss a Plaintiff for a discovery violation." *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 358 (5th Cir. 2020) (*citing In re Deepwater Horizon (Berrera)*, 907 F.3d 232, 235 (5th Cir. 2018) (per curiam) ("There is a special deference required in the context of an MDL")).

In affirming the dismissals of plaintiffs who failed to comply with MDL orders in *In re Taxotere*, the Fifth Circuit applied "the *Deepwater Horizon* two-factor test [that] helps animate the goals of strict enforcement and efficient management by making it easier for district courts to dismiss non-complying Plaintiffs in MDLs." *Id.* at 359. The two factors identified in *Deepwater*

*Horizon* are (1) whether there is "a clear record of delay or contumacious conduct by the plaintiff" and (2) whether "lesser sanctions" would serve "the best interests of justice." *Id.* at 358. Here, both factors warrant dismissal of Plaintiff's claims with prejudice.

The first factor weighs in favor of dismissal because there is a well-developed record of delay. Plaintiff received at least three extensions over the course of eight months and still has not come into compliance with CMO 11, and most notably, has not produced the basic medical records needed for the prosecution and defense of a case like this: records from the prescribing physician and from the alleged bleeding event and death. Dismissals by MDL courts on similar delays have been upheld, including by the Fifth Circuit. *See Taxotere*, 966 F.3d at 360 (upholding dismissal of cases after a delay in five months of complying with MDL orders); *Barrera*, 907 F.3d at 234 (finding delay where Plaintiffs failed to submit wet-ink signatures for several months after deadline); *In re Deepwater Horizon (Park Nat'l Corp.)*, 805 F. App'x 262, 265 (5th Cir. 2020) (per curiam) (finding clear record of delay where plaintiffs were non-compliant for two months); *see also, e.g.*, *Blansette v. Bayer Corp.*, 830 F. App'x 490 (8th Cir. 2020) (per curiam) (affirming MDL court's dismissal of claims for failure to comply with similar case management orders requiring timely disclosure of key information in Fluoroquinolone MDL); *Chauvin v. Bayer Healthcare Pharms., Inc.*, 860 F. App'x 95 (8th Cir. 2021) (per curium) (same); *Dzik v. Bayer Corp.*, 846 F.3d 211, 216 (7th Cir. 2017) (affirming MDL court's dismissal for failure to comply with discovery order in YAZ/Yasmin MDL); *In re Avandia Marketing, Sales Practices & Prods. Liab. Litig.*, 687 F. App'x 210 (3d Cir. 2017) (affirming MDL court's dismissal for failure to comply with an order in Avandia MDL requiring future plaintiffs to provide an expert report); *Freeman v. Wyeth*, 764 F.3d 806, 809–10 (8th Cir. 2014) (affirming MDL court's dismissal of claims for failure to provide medical authorizations in hormone therapy MDL); *In re Guidant*

*Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866–68 (8th Cir. 2007) (affirming MDL court's dismissal of claims for failure to comply with discovery orders in implantable defibrillators MDL).

The second factor also is satisfied because no lesser sanction would achieve the ends of justice. *See Berrera*, 907 F.3d at 236. Plaintiff has received at three extensions over the course of eight months but still has not produced records from the prescribing physician or alleged bleeding event. "Providing Plaintiff with a second or third chance" is itself "a lenient sanction, which when met with further default, may justify the ultimate sanction of dismissal with prejudice." *Taxotere*, 966 F.3d at 260. That ultimate sanction is warranted here because Plaintiff has already had ample opportunity to comply and has failed to do so.

In addition, Plaintiff cannot prove her claims without these records. Plaintiff's failure to provide these records also has deprived Defendants of their ability to defend the case, and in particular, to prepare a learned intermediary defense. Plaintiff has had ample opportunity to timely prosecute her claims but failed to do so on multiple levels, and any further time would be futile.

**CONCLUSION**

For all of the reasons explained above, Defendants respectfully request that the Court dismiss this case with prejudice.

Respectfully submitted:

FAEGRE DRINKER BIDDLE & REATH LLP

By: */s/Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@faegredrinker.com

Chanda A. Miller
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
chanda.miller@faegredrinker.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: */s/Kim E. Moore*
Kim E. Moore
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
kmoore@irwinllc.com

*Attorneys for Janssen Research & Development LLC and Janssen Ortho LLC*

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/Andrew K. Solow*
Andrew K. Solow
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8485
andrew.solow@arnoldporter.com

William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@arnoldporter.com

CHAFFE MCCALL L.L.P.

By: */s/John F. Olinde*
John F. Olinde
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer Healthcare Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 17, 2021 the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/John F. Olinde

The undersigned hereby certifies that on December 17, 2021 the foregoing pleading was sent by U.S. mail, postage prepaid, to the pro se plaintiffs at their address of record.

/s/Chanda A. Miller