UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : | MDL No. 2592 |
| | | SECTION L |
| THIS DOCUMENT RELATES TO: | | |
| *Christine Watts, et al.*, No. 2:21-cv-00940 | | JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS**

Defendants Janssen Research & Development LLC, Janssen Ortho LLC, and Bayer HealthCare Pharmaceuticals Inc. respectfully submit this reply memorandum in further support of their motion to dismiss (Rec. Doc. 18022). There are five reasons why Plaintiff's Opposition does not resolve the defects in this case, and the case should be dismissed with prejudice.

*First*, Plaintiff does not meet the statutory requirements for the wrongful death claim or the eighteen-month deadline for the survival action under applicable Indiana law. The fact that Plaintiff was appointed executrix of her mother's estate on November 29, 2021 does not change this. Indiana's Survival Statute required Plaintiff to file the survival action *and* be appointed the estate representative within eighteen months of her mother's death—*i.e.*, by **October 19, 2020**. *See* Ind. Code 34-11-7-1. Likewise, under the Indiana Wrongful Death Act, Plaintiff was required to file the wrongful death claim *and* be appointed executrix of the estate within two years of her mother's death—*i.e.*, by **April 19, 2021**. *See* Ind. Code § 34-23-1-1. Plaintiff was not appointed the estate representative until thirty months after her mother's death. She therefore did not meet the condition precedent to the wrongful death claim, and the survival action is facially time barred. The statutory deadlines are not subject to tolling or extension, and Indiana law compels dismissal

of the case. *See, e.g.*, *Goleski v. Fritz*, 768 N.E.2d 889, 890–91 (Ind. 2002) (affirming dismissal of wrongful death action where personal representative was not appointed within two years of decedent's death); *Hosler ex rel. Hosler v. Caterpillar, Inc.*, 710 N.E.2d 193, 197 (Ind. Ct. App. 1999) (affirming dismissal of wrongful death action where complaint was filed within two years of decedent's death but plaintiff was not appointed representative of the estate until after two-year period expired); *Gen. Motor Co. v. Arnett*, 418 N.E.2d 546, 549 (Ind. Ct. App. 1981) (same); *Faris v. AC & S, Inc.*, 842 N.E.2d 870, 876 (Ind. App. 2006) (affirming dismissal of survivor action with prejudice where widow was not appointed personal representative within 18 months of decedent's death, even though she filed case in her individual capacity before expiration of that time period).

***Second***, Plaintiff cannot proceed *pro se* in this case. There is more than one beneficiary of the estate and 28 U.S.C. § 1654 precludes Plaintiffs from representing the interests of others in federal court, which was Plaintiff's chosen forum. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (explaining that under § 1654, *pro se* litigants who are not the sole beneficiaries of the estate cannot represent the estate in federal court); *see also* Rec. Doc. 18021-1, at 4–5, *Hu v. Janssen Pharms. Inc.*, No. 2:21-2240.

***Third***, without regard to whether "Plaintiff tried to comply with CMO 11" (*see* Rec. Doc. 18031, at 2), Plaintiff has still not provided most of the documents required by CMO 11:

1. Plaintiff did not serve a fully complete and verified Plaintiff Profile and Consent Form ("PPCF") and the documents and records required by the PPCF. *See* CMO 11 Section I(B)(i).

2. Plaintiff did not produce all the medical records required by CMO 11, the PPCF, and the Short Form Plaintiff Fact Sheet, including: (1) medical records from the physicians who allegedly prescribed Xarelto to the decedent and that encompass the dates of Xarelto use; (2) medical records from the treatment the decedent received for the alleged bleeding event and from her death; and (3) medical records from all healthcare providers who provided care and treatment to the decedent for medical conditions identified in the Plaintiff Fact Sheet. *See* CMO 11.

3. Plaintiff did not serve a case-specific Rule 26(a)(2) report from a licensed physician qualified to render a specific causation opinion and who offers a specific causation opinion to a reasonable degree of medical probability that the decedent's alleged event was caused by taking Xarelto as directed. *See id.* Section I.

4. Plaintiff did not provide the executed medical authorizations required by CMO 11, CMO 8, and CMO 8a to enable Defendants to collect additional medical records.

What has been produced (a Plaintiff Fact Sheet and *some* of the required preservation notices) is insufficient under CMO 11, as Defendants' counsel informed Plaintiff on October 25, 2021. Further, as outlined in Defendants' opening brief, Plaintiff received three extensions to provide her PPCF and the necessary medical records, and four extensions to provide her expert report but has failed to produce them.

*Fourth*, Plaintiff is incorrect in her assertion (*see* Rec. Doc. 18031, at 2–3) that CMO 11 required Defendants to produce a fact sheet and that Defendants' failure to do so precludes dismissal of the case. CMO 11 expressly states that Defendants are not required to produce a fact sheet: "Notwithstanding the foregoing deadlines, Defendants' obligation to produce Defense Fact Sheets is hereby stayed pending further order of the Court." *See* CMO 11 § III.D.

*Fifth*, granting Plaintiff's request to stay the case to allow her more time to produce documents is futile.[1] There are no circumstances under which Plaintiff can cure the fatal defects in the wrongful death claim and survivor action, and the case cannot proceed. Plaintiff also had ample opportunity to comply with CMO 11 and ample notice that Defendants would seek dismissal of her case with prejudice if she did not comply.

---

[1] Plaintiff also asserts that she should have more time because she cannot access PACER. However, Defendants' counsel served Plaintiff with copies of CMO 11 and all of Defendants' filings by U.S. mail, postage prepaid, *and* by email. Defendants' counsel also provided Plaintiff with the information necessary to access the website where all of the Xarelto MDL CMOs and Pretrial Orders can be viewed and downloaded, even if she does not have access to PACER: www.laed.uscourts.gov/xarelto.

3

For all of these reasons and as set forth in Defendants' Memorandum of Law in Support of the Motion to Dismiss (Rec. Doc. 18022), Defendants respectfully request that the Court dismiss this case with prejudice.

Respectfully submitted:

| | |
|---|---|
| FAEGRE DRINKER BIDDLE & REATH LLP | ARNOLD & PORTER KAYE SCHOLER LLP |
| By: */s/Susan M. Sharko* <br> Susan M. Sharko <br> 600 Campus Drive <br> Florham Park, NJ 07932-1047 <br> Telephone: (973) 549-7000 <br> susan.sharko@faegredrinker.com | By: */s/Andrew K. Solow* <br> Andrew K. Solow <br> 250 West 55th Street <br> New York, NY 10019-9710 <br> Telephone: (212) 836-8485 <br> andrew.solow@arnoldporter.com |
| Chanda A. Miller <br> One Logan Square, Suite 2000 <br> Philadelphia, PA 19103-6996 <br> Telephone: (215) 988-2700 <br> chanda.miller@faegredrinker.com | William Hoffman <br> 601 Massachusetts Ave., NW <br> Washington, D.C. 20001 <br> Telephone: (202) 942-5000 <br> william.hoffman@arnoldporter.com |
| IRWIN FRITCHIE URQUHART & MOORE LLC | CHAFFE MCCALL L.L.P. |
| By: */s/Kim E. Moore* <br> Kim E. Moore <br> 400 Poydras Street, Suite 2700 <br> New Orleans, LA 70130 <br> Telephone: (504) 310-2100 <br> kmoore@irwinllc.com | By: */s/John F. Olinde* <br> John F. Olinde <br> 1100 Poydras Street, Suite 2300 <br> New Orleans, LA 70163 <br> Telephone: (504) 585-7241 <br> olinde@chaffe.com |
| *Attorneys for Janssen Research & Development LLC and Janssen Ortho LLC* | *Attorneys for Bayer Healthcare Pharmaceuticals, Inc.* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 4, 2022, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Kim E. Moore*
Kim E. Moore

The undersigned hereby certifies that on February 4, 2022, the foregoing pleading was sent by U.S. mail, postage prepaid and by electronic mail to Plaintiff at her address of record.

*/s/ Chanda A. Miller*
Chanda A. Miller