UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592<br><br>SECTION L<br><br>JUDGE FALLON<br>MAG. JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**   *Christine Watts, et al.*, No. 2:21-cv-00940

## ORDER & REASONS

Before the Court is a motion by Plaintiff the Estate of Christine Watts ("Watts") for entry of default, R. Doc. 18039 (case no. 14-2592).[1] Defendants Janssen Research & Development LLC, Janssen Ortho LLC, and Bayer HealthCare Pharmaceuticals Inc. (collectively, "Defendants") oppose the motion. R. Doc. 18043. Additionally, Defendants Janssen Research & Development LLC, Janssen Ortho LLC, and Bayer HealthCare Pharmaceuticals Inc. move to dismiss this case, R. Doc. 18022. Plaintiff filed an opposition. R.Doc. 18031. Having considered the briefing and the applicable law, the Court now issues this Order and Reasons.

## BACKGROUND

On April 13, 2021, *pro se* Plaintiff Leah Watts ("Watts"), daughter of decedent Christine Watts, filed a complaint in the Northern District of Indiana purportedly on behalf of the Estate of Christine Watts, the Executor of the Estate, and decedent's five children. R. Doc. 1 (case no. 21-940). The complaint alleges that Christine Watts was a citizen of Indiana and that she used Xarelto from October 2014 to April 2019. *Id.* at 5. The complaint further alleges that decedent

---

[1] The pattern for citations to record documents/docket entries is as follows: subsequent citations to record documents/docket entries apply to this case number. Once a different case number is specified in a parenthetical, *i.e.*, case number 21-940, all following citations are with reference to that case number. A subsequent parenthetical to a case number 14-2592 indicates that citations once again are to the docket for that case number.

suffered serious injuries and, ultimately, death, as a result of taking Xarelto. *Id.* Decedent allegedly died on April 18, 2019. *Id.* On May 14, 2021, this case was certified for transfer to this Court as part of the Multi-District Litigation in MDL 2592. R. Doc. 6.

**PENDING MOTIONS**

**A. Plaintiff's Motion for Entry of Default, R. Doc. 18039 (case no. 14-2592)**

Plaintiff moves for entry of default against Defendants for their alleged failure to plead or otherwise defend. R. Doc. 18039. In opposition, Defendants explain that Pretrial Order("PTO") 11 required them to file Omnibus Answers that would apply to all cases comprising this MDL. R.Doc. 893. Defendants filed their Omnibus Answers on June 18, 2015, satisfying their pleading requirement. Moreover, as Defendants note, under the express terms of PTO 11, they are not required to file any other answers or pleadings in this case: "Other than the Omnibus Answer set out above, the Defendants' obligations to file any responsive pleading to a Complaint that is filed in or transferred to thisproceeding is hereby stayed until further Order of the Court." R. Doc. 893.

Under Federal Rule of Civil Procedure 55(a), a default can only be entered against a party who "has failed to plead or otherwise defend." Because Defendants have filed pleadings and litigated this matter, entry of default is not permissible under Rule 55. Accordingly, Plaintiff's motion for entry of default is **DENIED**.

**B. Defendants' Motion to Dismiss, R. Doc. 18022**

Defendants move to dismiss the action, R. Doc. 18022. They argue that it suffers from several fatal flaws: (1) this wrongful death and survival action must be prosecuted by the decedent's personal representative on behalf of the estate, but there is no such person; (2) Leah Watts, the sole signatory to the complaint, cannot proceed *pro se* under 28 U.S.C. § 1654

"because all of the claims are on behalf of an estate with multiple beneficiaries;" (3) Plaintiff did not timely meet the statutory preconditions to filing a wrongful death action and any survival action is time barred; (4) Plaintiff has not complied with this Court's orders for prosecuting her claims. *Id.* at 1.

In opposition, Plaintiff attaches "Letters of Administration or Testamentary" and an "Order Appointing Personal Representative," both dated November 29, 2021, which appoint her as the personal representative of the estate of Christine Watts. R. Docs. 18031-32. Plaintiff also argues that she tried to comply with this Court's case management orders "but could not due to personal reasons given to Defendant." R. Doc. 18031.

As the MDL court, this "[C]ourt must apply the law in the transferor forum, that is, the law of the state in which the action was filed." *In re Vioxx Prod. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007). Because this action was filed in federal court in Indiana, that state's law applies. *See id.* Under Indiana law, Plaintiff's claims that Xarelto caused serious injuries and/or death to her mother constitute either wrongful death or survivor actions. *See* Ind. Code § 34-23-1-1 (explaining that wrongful death actions lie where "the death of one is caused by the wrongful act or omission of another" and if the decedent "might have maintained an action had he or she . . . lived"); *id.* at § 34-9-3-4(a) (stating that the "personal representative of the decedent" may maintain an action for "personal injuries not causing [the] death" of the decedent). Plaintiff fails to satisfy the statutory requirements of either cause of action.

Under the express terms of Indiana's survival statute, claims under the statute can only be brought by the representative of a decedent "within eighteen (18) months after the death of the" decedent. *Id.* at § 34-11-7-1. Here, decedent died on April 18, 2019. Thus, any action had to be initiated by decedent's representative by April 18, 2020. But this action was not filed until April

13, 2021. Accordingly, Plaintiff cannot maintain a survival action.

Likewise, Plaintiff does not have a viable wrongful death action. Indiana's wrongful death statute requires that "the action shall be commenced by the personal representative of the decedent within two (2) years" of decedent's death. "The Supreme Court of Indiana has held that '[c]ase law has consistently interpreted the statute to mean that only a personal representative appointed within two years of the decedent's death may file the action.'" *Sowell v. Dominguez*, No. 2:09 CV 47, 2011 WL 294758, at *4 (N.D. Ind. Jan. 26, 2011) (quoting *Goleski v. Fritz,* 768 N.E.2d 889, 890–91 (Ind. 2002)). Based on the date of decedent's death, Plaintiff would have had to be appointed as the estate's representative by April 18, 2021. However, according to the documents Plaintiff furnished, she was not appointed as the representative until November 29, 2021. She therefore does not have a cause of action under Indiana's wrongful death statute. *See id.* ("'Indiana courts have long held that this requirement is 'not a statute of limitations but a condition precedent to the existence of the claim.'" (quoting *Hosler v. Caterpillar, Inc.,* 710 N.E.2d 193, 197 (Ind. Ct. App. 1999)).

Furthermore, a long line of persuasive authority holds that, under 28 U.S.C. § 1654, *pro se* litigants cannot represent an estate where the beneficiaries of the estate include persons other than the estate's representative. *Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998) (prohibiting *pro se* representation of an estate because the personal representative was litigating claims not personal to him); *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) ("Consequently, if the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court."); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2nd Cir. 1997) ("We now hold that an administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant."); *Shepherd v. Wellman*, 313 F.3d 963, 970

(6th Cir. 2002) (same); *Witherspoon v. Jeffords Agency, Inc.*, 2003 WL 24029475 (D.S.C. 2003) (dismissing action where *pro se* representative of an estate failed to obtain counsel); *Beyer v. N.C. Div. of Mental Health*, 2001 WL 1319506 (W.D.N.C. 2001) ("The legal interests of an 'estate,' as a matter of both federal and state law, cannot be pursued by an administrator proceeding *pro se.*"). Accordingly, Plaintiff cannot proceed *pro se* in federal court as the representative of decedent's estate because the action is brought not only on Plaintiff's behalf but on behalf of all five of decedent's survivors.

## **CONCLUSION**

For these reasons,

Plaintiff's motion for entry of default, R. Doc. 18039 (case no. 14-2592), is **DENIED**.

Defendants' motion to dismiss, R. Doc. 18022. is **GRANTED**. The matter is dismissed with prejudice.

New Orleans, Louisiana, this 15th day of March, 2022.

*[signature]*
**UNITED STATES DISTRICT JUDGE**

**The Clerk to notify:**

Estate of Christine Watts
Leah Watts
P.O. Box 3633
South Bend, IN 46619