**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : | MDL No. 2592 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |
| THIS DOCUMENT RELATES TO: | | |
| *Sophie Hu, et al.* Civil Action No. 2:21-cv-02240 | | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS TO REMAND TO THE**
**U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

Defendants Janssen Pharmaceuticals, Inc. (incorrectly named as "Janssen Pharmaceuticals, Inc. (Johnson & Johnson)") and Bayer Healthcare Pharmaceuticals Inc. (incorrectly named as "Bayer Healthcare Pharmaceuticals Inc. (Bayer Corporation)") respectfully submit this opposition to Plaintiffs' motions to remand this action to the Northern District of California (Rec. Docs. 18024, 18046). There are two reasons why these motions should be denied. First, remand is not necessary because this case should be dismissed in its entirety as set forth in Defendants' motion to dismiss, *see* Rec. Doc. 18021. Second, the case belongs in the MDL as the JPML clearly stated, and nothing has happened to change that finding, nor have Plaintiffs demonstrated good cause for remand. Contrary to Plaintiffs' brief, the Northern District of California does not provide pro bono counsel to Plaintiffs to prosecute cases like this case. Further, the docket control orders in place in the MDL are regularly used in complex mass tort cases. The basic evidence Plaintiffs are required to produce in support of their claims in the MDL is the same evidence they would have to produce even if the case were remanded to the Northern District of California. For all of these reasons, Plaintiffs' motions should be denied.

**PROCEDURAL BACKGROUND**

On December 12, 2014, the Judicial Panel on Multidistrict Litigation established this multidistrict litigation ("MDL") to consolidate and transfer cases that "shar[ed] common factual questions arising out of allegations that plaintiffs suffered bleeding or other injuries as a result of taking Xarelto (rivaroxaban) and that defendants did not adequately warn prescribing physicians or consumers of the risks." *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402, 1405 (JPML 2014). In May 2019, after years of discovery and six bellwether trials—all of which resulted in judgment in Defendants' favor—the Plaintiffs Steering Committee and Defendants announced a Master Settlement Agreement. *See In re Xarelto (Rivaroxaban) Prods. Liab. Litig.* (*Brown*), MDL 2592, Civ. No. 19-14669, 2020 WL 4542988, at *1 (E.D. La. Aug. 5, 2020). More than 99% of plaintiffs opted to participate in the settlement program. *Id.*

On August 3, 2021, *pro se* Plaintiff Sophie Hu filed this case on her own behalf and on behalf of her mother, Fumian Zhao, in the Northern District of California. *See* Dkt. No. 2:21-cv-02240 ("Dkt. No. 2240"), Rec. Doc. 1. Ms. Hu has been appointed her mother's conservator, and both are residents of California. Ms. Hu alleges that Ms. Zhao used Xarelto and experienced a cerebral hemorrhage that left her incapacitated. Ms. Hu asserts a parental loss-of-consortium claim on her own behalf and additional claims on Ms. Zhao's behalf. *Id.*

On December 7, 2021, the JPML transferred this case to this MDL for pretrial proceedings over the objection of Ms. Hu. The JPML concluded this case "involves common questions of fact with the actions transferred to MDL No. 2592, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." Dkt. No. 2240, Rec. Doc. 39, at 1. The JPML rejected Ms. Hu's arguments that the case should not be transferred because this MDL is mature, the discovery requirements in the MDL

are unduly burdensome, and transfer would impose hardship on her. *Id.* at 1 ("These arguments are unpersuasive."); *id.* ("[P]retrial proceedings in actions not covered by the global settlement in th[e *Xarelto*] MDL are ongoing."); *id.* ("Plaintiffs' objection to transfer based on concerns about the discovery required in the MDL is without merit."); *id.* at 2 ("Lastly, plaintiffs argue that transfer will be inconvenient and unjust because of the personal difficulties they face from the injury. We are sympathetic to plaintiffs' concerns, but they do not justify denial of transfer.").

On December 9, 2021, Defendants' counsel sent Ms. Hu a copy of Case Management Order 11 ("CMO 11") and a list of deadlines by which Plaintiffs had to comply with CMO 11's requirements. On December 16, 2021, Ms. Hu filed her first motion to remand this case to the Northern District of California, arguing that the requirements of CMO 11 were too burdensome and she was not able to find an attorney to handle the case due to the presence of the MDL. Rec. Doc. 18024.

Ms. Hu's first motion to remand crossed in the mail with Defendants' motion to dismiss Ms. Zhao's claims on the basis that 28 U.S.C. § 1654 does not allow Ms. Hu to represent her mother *pro se*, or in the alternative, to stay this case for 90 days to allow Ms. Hu time to find counsel. Rec. Doc. 18021. Defendants also sought dismissal of Ms. Hu's parental loss-of-consortium claim because it is not recognized under California law. *Id.*

This Court held a status conference on December 21, 2021 and stayed all pending motions and the case for 90 days—*i.e.*, until March 21, 2021—to allow Ms. Hu additional time to find counsel. Rec. Doc. 18023.

On March 9, 2021, while the stay was still in place, Ms. Hu filed her second motion to remand, reasserting the same arguments set forth in the initial motion to remand. Rec. Doc. 18046.

3

She also advised that her efforts to find counsel have not been successful. *Id.* To date, Ms. Hu has not provided any of the documents or information required by CMO 11.

The case is now ripe for dismissal, not remand.

## ARGUMENT

The guiding principle for a court considering a motion to remand is "'whether the case will benefit from further coordinated proceedings as part of the MDL.'" *Chau v. Aviva Life & Annuity Co.*, No. 3:09-CV-2305-B, 2011 WL 1990446, at *2 (N.D. Tex. May 20, 2011) (citations omitted). An action may be remanded only upon a showing of good cause why coordination is no longer necessary or warranted. *Chau*, at *2. The general rule is that "[a] case should remain as part of the MDL when the case will continue to benefit from 'consolidated proceedings,' and where 'continued consolidation will eliminate duplicative discovery, prevent inconsistent rulings, and conserve the resources of the parties, their counsel, and the judiciary.'" *Cleary v. DePuy Orthopaedics, Inc.*, No. 1:11-dp-20820, Order (N.D. Ohio Sept. 12, 2019) (Helmick, J.) (citing *In re Amazon.com, Inc.*, No. 1:13-CV-153-DJH, 2015 WL 4624162, at *2 (W.D. Ky. Aug. 3, 2015)).[1]

Ms. Hu's arguments in favor of remand—the mistaken belief that pro bono counsel is available in the Northern District of California and her complaints about CMO 11—do not demonstrate the necessary good cause to support remand.

---

[1] As a matter of procedure, 28 U.S.C. § 1407(a) provides that actions transferred to an MDL court "shall be remanded *by the panel*." *Id.* (emphasis added). MDL courts do not have independent authority to remand actions; rather, they make recommendations of remand to the Judicial Panel on Multidistrict Litigation. *See* JPML Rule 10.1(b) and 10.3(a); *see also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998); *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*, 892 F.3d 624, 648 (4th Cir. 2018) ("'the power to remand a transferred case rests with the [JPML] and not with the transferee district judge"). Ms. Hu's motions to remand are therefore incorrectly framed.

### I. Remand Would Not Guarantee Pro Bono Representation.

Ms. Hu's main argument for remand seems to be predicated on her mistaken belief that the Northern District of California will provide her with pro bono counsel to prosecute her claims. This is not a valid basis for remand, but more importantly, it is not accurate. As the Northern District of California's Legal Help Center explains:

> The Legal Help Center's attorney will provide information about legal rights and responsibilities, court procedures, limited-scope legal advice, help preparing simple pleadings, and referrals to legal, social, and government services. **If a litigant seeks help from the Legal Help Center, he/she will still represent him/herself. The attorney at the Legal Help Center can provide information, advice, and basic legal help but cannot represent litigants as their lawyer.**

*See* Legal Help Desks, United States District Court, N.D. Cal., *available at* https://www.cand.uscourts.gov/about/court-programs/legal-help-desks (last visited Mar. 24, 2022) (emphasis added).

In other words, Ms. Hu would still have to proceed *pro se* if this case were remanded. She would therefore still be precluded from prosecuting claims on her mother's behalf under 28 U.S.C. § 1654, and the case would still be dismissed. And even if Ms. Hu's claims were not dismissed, the Legal Help Center's explanation of services demonstrates that it would not assist her with collecting and producing the discovery she complains of and that is required wherever she pursues this case: for example, collecting and producing records of product use and injury and identifying an expert to opine on case-specific causation. Although the Help Center might provide assistance with simple pleadings, Ms. Hu has already demonstrated her adeptness in navigating the legal system, as she has successfully filed numerous papers before the JPML and in this Court.

### II. CMO 11 Is Not Overly Burdensome and Is Consistent with the Basic Evidence Plaintiffs Have to Produce in Order to Prosecute Their Claims.

Ms. Hu also argues the case should be remanded because CMO 11 is too onerous. CMO 11 requires her to provide the basic evidence necessary to proceed with the case, including records

demonstrating Ms. Zhao's Xarelto use and alleged bleeding event; a Plaintiff Fact Sheet and Plaintiff Profile and Consent Form with basic information about the alleged facts and claims; and a case-specific Rule 26(a)(2) report from a licensed physician who is qualified to render a specific causation opinion to a reasonable degree of medical probability that Xarelto caused Ms. Zhao's alleged bleeding event. *See* Dkt. 14-2592, Rec. Doc. 12902. This evidence of product use and an expert opinion on specific causation of Ms. Zhao's alleged injury is also required by California law. *See, e.g.*, *Bockrath v. Aldrich Chem. Co., Inc.*, 980 P.2d 398, 403 (Cal. 1999) ("in [product liability] cases . . . presenting complicated and possibly esoteric medical causation issues, the standard of proof ordinarily required is a reasonable medical probability based on competent expert testimony that the defendant's conduct contributed to [the] plaintiff's injury" (citations and internal quotation marks omitted)); *see also Sanchez v. Stryker Corp.*, No. 2-10-cv-08832-ODW (JCGx), 2012 WL 1570569, at *7 (C.D. Cal. May 2, 2012) (under California law "a plaintiff cannot withstand summary judgment when she has no expert witness to support medical causation"). Ms. Hu would therefore have to produce this evidence even if the case were remanded.

Further, as this Court has recognized repeatedly, courts routinely use orders like CMO 11 to manage complex mass tort cases. *See, e.g.*, *In re Xarelto* (*Brown*), 2020 WL 4542988, at *3; *In re Vioxx Prods. Liab. Litig.*, 557 F. Supp. 2d 741, 743 (E.D. La. 2008). This type of order is well within a district court's "inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (internal quotations omitted); *see also* Fed. R. Civ. P. 16(c)(2). The Fifth Circuit and other Circuits have consistently upheld similar management orders, including those requiring plaintiffs to provide a medical causation expert report as a threshold requirement for proceeding further. *See In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 360 (5th Cir.

6

2020) (upholding dismissal of cases for failure to comply with MDL discovery orders); *Iwobi v. Merck & Co.*, 509 F. App'x 383 (5th Cir. 2013) (affirming dismissal for failure to comply with the *Lone Pine* requirement in *Vioxx* PTO 28); *Schneller v. Merck & Co.*, 452 F. App'x 500 (5th Cir. 2011) (same); *Dier v. Merck & Co.*, 388 F. App'x 391 (5th Cir. 2010) (same); *see also Chauvin v. Bayer Healthcare Pharms., Inc.*, 860 F. App'x 95 (8th Cir. 2021) (per curium) (same); *Blansette v. Bayer Corp.*, 830 F. App'x 490 (8th Cir. 2020) (per curiam) (affirming MDL Court's dismissal of claims for failure to comply with similar case management orders requiring timely disclosure of key discovery and expert reports in Fluoroquinolone MDL); *Dzik v. Bayer Corp.*, 846 F.3d 211, 216 (7th Cir. 2017) (affirming MDL court's dismissal for failure to comply with discovery order in YAZ/Yasmin MDL); *Freeman v. Wyeth*, 764 F.3d 806, 809–10 (8th Cir. 2014) (affirming MDL court's dismissal of claims for failure to provide medical authorizations in hormone therapy MDL); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866–68 (8th Cir. 2007) (affirming MDL court's dismissal of claims for failure to comply with discovery orders in implantable defibrillators MDL).

This Court also has previously rejected the arguments of *pro se* plaintiffs that CMO 11 imposes too high of a burden on them and that it justifies remand to the transferor court before pretrial proceedings are complete, explaining:

> The Court finds that at this stage of litigation, Plaintiffs have not demonstrated good cause to support remand of their case to the Northern District of California. Pretrial proceedings are far from complete, and it is not overly burdensome to request that Plaintiffs comply with CMO 11 and in doing so provide some evidence to support their claims. Rather than tasking the transferee court with the same basic evidence issues, Plaintiffs' case will benefit from further proceedings in this MDL.

*In re Xarelto* (*Brown*), 2020 WL 4542988, at *4. Consistent with that case, pretrial proceedings in this case should take place in the MDL, which has the experience and structure to timely address basic evidentiary issues.

7

Finally, the fact that this is a mature MDL does not change the conclusion that this Court is in the best position to preside over pretrial proceedings, as it has with other cases in this litigation. For example, in the last two years, this Court has addressed discovery issues, motions to dismiss, and summary judgment motions in at least five other cases involving non-settling plaintiffs, including two cases filed by *pro se* plaintiffs. *See, e.g.*, *In re Xarelto* (*Brown*), 2021 WL 493069 (Feb. 10, 2021); *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.* (*Murriel*), No. 19-13139, 2021 WL 66453 (Jan. 7, 2021). This is similar to what this Court did with non-settling plaintiffs in the *Vioxx* MDL, and is what regularly occurs in other MDLs. *See, e.g.*, *ASR Hip Implants* (MDL No. 2197); *In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.* (MDL No. 2385); *Testosterone Replacement Therapy* (MDL No. 2545); *Benicar* (MDL No. 2606); *Fluoroquinolone* (MDL No. 2642); *Abilify* (MDL No. 2734).

In conclusion, CMO 11 does not justify remand. Its core evidentiary requirements are the same requirements Ms. Hu would have to address even if the case were remanded, and it is the type of order regularly used to manage complex mass torts.

## CONCLUSION

For the foregoing reasons, the Court should deny the motions to remand. For the reasons set forth in Defendants' motion to dismiss, the Court should dismiss Plaintiffs' case in its entirety.

Respectfully submitted:

| | |
|---|---|
| FAEGRE DRINKER BIDDLE & REATH LLP | ARNOLD & PORTER KAYE SCHOLER LLP |
| By: */s/Susan M. Sharko* <br> Susan M. Sharko <br> 600 Campus Drive <br> Florham Park, NJ 07932-1047 <br> Telephone: (973) 549-7000 <br> susan.sharko@faegredrinker.com | By: */s/Andrew K. Solow* <br> Andrew K. Solow <br> 250 West 55th Street <br> New York, NY 10019-9710 <br> Telephone: (212) 836-8485 <br> andrew.solow@arnoldporter.com |
| Chanda A. Miller <br> One Logan Square, Suite 2000 <br> Philadelphia, PA 19103-6996 <br> Telephone: (215) 988-2700 <br> chanda.miller@faegredrinker.com | CHAFFE MCCALL L.L.P. <br><br> By: */s/John F. Olinde* <br> John F. Olinde <br> 1100 Poydras Street, Suite 2300 <br> New Orleans, LA 70163 <br> Telephone: (504) 585-7241 <br> olinde@chaffe.com |
| IRWIN FRITCHIE URQUHART & MOORE LLC <br><br> By: */s/Kim E. Moore* <br> Kim E. Moore <br> 400 Poydras Street, Suite 2700 <br> New Orleans, LA 70130 <br> Telephone: (504) 310-2100 <br> kmoore@irwinllc.com <br><br> *Attorneys for Janssen Pharmaceuticals, Inc.* | *Attorneys for Bayer Healthcare Pharmaceuticals Inc.* |

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on March 24, 2022, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                       */s/ Kim E. Moore*
                                       Kim E. Moore

       The undersigned hereby certifies that Plaintiff has requested that copies of all filings be sent to her by electronic mail and not by U.S. mail and on March 24, 2022, the foregoing pleading was by electronic mail to Plaintiff at her email address of record.

                                       */s/ Chanda A. Miller*
                                     Chanda A. Miller